# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - -x
MICHAEL EDGE, Individually and on    :
Behalf of                            :
All Others Similarly Situated,       :        6:22-cv-01518-RBD-LHP
                                     :
         Plaintiff,                  :
                                     :
v.                                   :
                                     :
TUPPERWARE            BRANDS:
CORPORATION,           MIGUEL:
FERNANDEZ,   and   CASSANDRA:
HARRIS.                              :
                                     :
         Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## JOINT MOTION TO STAY CASE MANAGEMENT ORDER
## AND FOR ENTRY OF ORDER ON FILING OF AMENDED COMPLAINT
## AND BRIEFING SCHEDULE

Pursuant to the Court's September 1, 2022 Order (ECF 25) and Local Rule 3.02, Court-appointed Lead Plaintiffs Michael J. Dennehy and Ralph Estep ("Lead Plaintiffs") and Defendants Tupperware Brands Corporation, Miguel Fernandez and Cassandra Harris (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), by and through their respective counsel, hereby move the Court for an Order: (1) staying the filing of a case management schedule and relieving the parties from the requirements of Local Rule 3.02; and (2) establishing a schedule for the filing of Plaintiffs' amended complaint and Defendants' response thereto.

## I.    PROCEDURAL HISTORY

On June 14, 2022, Michael Edge filed a putative class action complaint in the United States District Court for the Southern District of New York alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). ECF 1. On August 15, 2022, Lead Plaintiffs each, separately filed a motion seeking appointment as Lead Plaintiff pursuant to the PSLRA. ECF Nos.10-17. The next day, on August 16, 2022, Defendants filed an unopposed motion to transfer the case from the U.S. District Court for the Southern District of New York to this Court, which this Court granted on August 17, 2022. ECF Nos. 18-21. The case was transferred from the U.S. District Court for the

1

Southern District of U.S. District Court for the Middle District of Florida on August 25, 2022. ECF 23. On September 1, 2022, the Court issued an Initial Order setting forth Case Management and Deadlines. ECF 25.

On September 16, 2022, the Court entered an Order appointing Michael J. Dennehy and Ralph Estep as Lead Plaintiffs and appointing Levi & Korsinsky, LLP and Pomerantz LLP as Lead Counsel for the proposed class. ECF No. 29. Lead Plaintiffs intend to file an amended complaint to which Defendants will respond.

## ARGUMENT

The PSLRA has established several procedures regulating the early stages of securities fraud class action lawsuits such as this. 15 U.S.C. §78u-4(a)(3)(A)-(B). "[C]ourts generally regard the appointment of lead plaintiff as a threshold determination." *Winn v. Symons Int'l Grp.*, No. IP00-0310-CB/S, 2001 WL 278113, at *1 (S.D. Ind. Mar. 21, 2001). After appointment of a lead plaintiff, it is then the lead plaintiff's responsibility to file a consolidated complaint (as the lead plaintiff has a right to do under Fed. R. Civ. P. 15(a)). Once filed, the lead plaintiff's complaint: (1) supersedes the initial complaint; (2) becomes the operative complaint in the action; and (3) sets forth the theories and additional facts that the lead plaintiff, after its ongoing or own investigation, determines are appropriate. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (recognizing that, "[a]s a matter of law," the filing of an amended complaint supersedes the original complaint); *In*

*re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 374 (M.D.N.C. 2003) (appointing lead plaintiff and ordering lead plaintiff to file a consolidated amended complaint, which "shall be the operative complaint and shall supersede" all other complaints previously filed).

The PSLRA also imposes a stay of discovery pending resolution of any motion to dismiss brought pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(b)(3)(B) ("all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."). Because all discovery is stayed pending the filing of Lead Plaintiffs' amended complaint and the resolution of any motion to dismiss directed thereto, the parties are not permitted to conduct discovery, including making the disclosures required under the Local Rules and Fed. R. Civ. P. 26.2. As such, Lead Plaintiffs request that the Court relieve the parties from the requirements of Local Rule 3.02.

In addition, the parties request entry of an Order establishing a schedule for the filing of Lead Plaintiffs' amended complaint and response thereto as follows:

| EVENT | DATE |
|---|---|
| Lead Plaintiffs shall file an Amended Complaint | On or before 60 days from the date of an order on this Motion |
| Defendants' time to either answer, move, or otherwise respond to the Amended Complaint | 60 days from the filing of the Amended Complaint |

3

| | |
|---|---|
| Lead Plaintiffs shall respond to any motion to dismiss | 60 days from the filing of any motion to dismiss |
| Defendants shall file any reply brief respond to any reply in further support of a motion to dismiss | 45 days from the filing of Lead Plaintiffs' opposition |

**CONCLUSION**

For all the foregoing reasons, Lead Plaintiffs respectfully requests that the Court enter an order: (1) staying the filing of a case management schedule and relieving the parties from the requirements of Local Rule 3.02; and (2) establishing a schedule for the filing of Plaintiffs' amended complaint and Defendants' response thereto.

Dated:          September 28, 2022

By: /s/ Cullin A. O'Brien_____                __/s/ Ian M. Ross_____

    Cullin Avram O'Brien

    **CULLIN O'BRIEN LAW, P.A.**

    6541 NE 21st Way

    Ft. Lauderdale, FL 33308

    Tel: 561/676-6370

    Email: cullin@cullinobrienlaw.com

Shannon L. Hopkins (*Pro Hac Vice* forthcoming)

**LEVI & KORSINSKY, LLP**

1111 Summer Street, Suite 403

Stamford, CT 06905

New York, New York 10006

Tel: (212) 992-4523

Fax: (212) 363-7171

Email: shopkins@zlk.com

    Ian M. Ross

    **SIDLEY AUSTIN LLP**

    801 Brickell Avenue

    Suite 800

    Miami, FL 33131

    Tel: 305-391-5218

    Email: iross@sidley.com

    James Wallace Ducayet

    **SIDLEY AUSTIN, LLP**

    (Chicago)

    One South Dearborn

    Chicago, IL 60603

    (312)-853-7621

    Fax: (312)-853-7036

    *Attorneys for Defendants*

4

Michael Wernke (*Pro Hac Vice* forthcoming)
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, NY 10016
(212)-661-1100
Fax: (212)-661-8665
Email: mjwernke@pomlaw.com

*Attorneys for Lead Plaintiffs*

5

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Lead Plaintiffs conferred with Defendants' counsel before filing this motion and Defendants join in the requested relief.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

_s/ Cullin A. O'Brien_____
CULLIN A. O'BRIEN
Florida Bar No. 33308