# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MICHAEL EDGE, MICHAEL J.
DENNEHY and RALPH ESTEP,

        Plaintiffs,

v.                                                    Case No:   6:22-cv-1518-RBD-LHP

TUPPERWARE BRANDS
CORPORATION, MIGUEL
FERNANDEZ and CASSANDRA
HARRIS,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** JOINT MOTION TO STAY CASE MANAGEMENT ORDER AND FOR ENTRY OF ORDER ON FILING OF AMENDED COMPLAINT AND BRIEFING SCHEDULE (Doc. No. 33)
>
> **FILED:** September 28, 2022
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On June 14, 2022, Plaintiffs filed this putative class action complaint against Defendants alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  Doc. No. 1.  The case was originally filed in the Southern District of New York, and was transferred to this Court on August 25, 2022.  Doc. Nos. 18-23.

On September 16, 2022, the Presiding District Judge appointed Michael J. Dennehy and Ralph Estep as joint co-lead plaintiffs to represent the interests of the putative class in this action, and appointed the law firms of Pomerantz LLP and Levi & Korsinksy, LLP as co-lead counsel for the class.  Doc. No. 29.  On September 28, 2022, the parties jointly filed the present motion requesting that the Court stay the filing of a case management report and relieve the parties from the requirements of Local Rule 3.02, establish a schedule for the filing of an amended complaint and response, and stay discovery pending resolution of any anticipated motions to dismiss.  Doc. No. 33.  The motion has been referred to the undersigned for disposition.

Upon review, the undersigned finds the motion well taken.  Pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that

particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *see also Behlen v. Merrill Lynch*, 311 F.3d 1087, 1091 (11th Cir. 2002) ("The PSLRA also required a mandatory stay of discovery until the district court could determine the legal sufficiency of the class action claims.") (citing 15 U.S.C. § 78u-4(b)(3)(B)). Therefore, all discovery is stayed in this matter until the resolutions of any motions to dismiss. And because all discovery will be stayed, the undersigned finds that the parties should be relieved from the requirements of Local Rule 3.02 at this time, and in particular are relieved from the requirement of conducting a case management conference and filing a case management report. *See, e.g., Maz Partners LP v. First Choice Healthcare Solutions, Inc.*, No. 6:19-cv-619-Orl-40LRH, Doc. No. 33 (M.D. Fla. May 29, 2019) (relieving parties of deadlines related to Case Management Conference). However, because at present there are no pending motions to dismiss, the undersigned will also establish a schedule for the filing of an amended complaint and responses thereto, in an effort to ensure that resolution of this case is not unduly delayed.

Accordingly, the Joint Motion to Stay Case Management Order and for Entry of Order on Filing of Amended Complaint and Briefing Schedule (Doc. No. 33) is **GRANTED**. The parties are relieved from the obligations found in Local Rule 3.02 (in particular the conducting of a case management conference and the filing of a

case management report), and all discovery in stayed in this case until further notice.

In addition, the following schedule is hereby established:

1. Lead Plaintiffs shall file an amended complaint within **45 days** from the date of this Order;[1]

2. Defendants shall file an answer or otherwise respond to the amended complaint within **45 days** of the filing of the amended complaint;

3. If Defendants move to dismiss, Lead Plaintiffs shall file their responses in opposition to any such motions within **45 days** of the filing of the motions; and

4. Defendants may file a reply to any responses in opposition to any motions to dismiss within **30 days** of the filing of the responses.

5. The Court will enter a separate order directing the parties to comply with Local Rule 3.02, if necessary and appropriate, upon resolution of any and all filed motions to dismiss and/or if no such motions are filed upon the filing of Defendants' answers.

---

[1] The undersigned is aware that the parties requested longer time periods for this briefing schedule. However, the parties did not provide good cause – indeed they provided no explanation whatsoever – as to the necessity of their requested lengthy time periods.

**DONE** and **ORDERED** in Orlando, Florida on October 11, 2022.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties