# EXHIBIT A

| | |
|---|---|
| **Fill in this information to identify the case:** | |

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known):* _____     Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**06/24**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Tupperware Brands Corporation** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **36-4062333** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**14901 S Orange Blossom Trail**
Number          Street

**Orlando**               **FL**      **32837**
City                        State      Zip Code

**Orange County**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                        State      Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                        State      Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.tupperware.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | **Tupperware Brands Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3261**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | MM/DD/YYYY | Case number | |

---

Official Form 201       Voluntary Petition for Non-Individuals Filing for Bankruptcy       page 2

| Debtor | **Tupperware Brands Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **District of Delaware** | When | **09/17/2024** |
| Case number, if known | _____ | | MM / DD / YYYY |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number    Street

_____
    City    State    Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

| Debtor | **Tupperware Brands Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**15. Estimated assets (on a consolidated basis)**

☐ $0-$50,000     ☐ $1,000,001-$10 million     ☒ $500,000,001-$1 billion
☐ $50,001-$100,000     ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000     ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

☐ $0-$50,000     ☐ $1,000,001-$10 million     ☐ $500,000,001-$1 billion
☐ $50,001-$100,000     ☐ $10,000,001-$50 million     ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000     ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **09/17/2024**
              MM/ DD / YYYY

✘   **/s/ *Steven Marcus Ramos***        **Steven Marcus Ramos**
     Signature of authorized representative of debtor     Printed name

Title   **Treasurer**

**18. Signature of attorney**

✘   **/s/ *Patrick J. Reilley***        Date   **09/17/2024**
     Signature of attorney for debtor          MM/DD/YYYY

**Patrick J. Reilley**
Printed name

**COLE SCHOTZ P.C.**
Firm name

**500 Delaware Avenue, Suite 1410**
Number           Street

**Wilmington**          **Delaware**    **19801**
City                   State        ZIP Code

**(302) 652-3131**          **preilley@coleschotz.com**
Contact phone             Email address

**4451**                  **Delaware**
Bar number            State

Official Form 201A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TUPPERWARE BRANDS CORPORATION, | ) Case No. 24-[_____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **1-11657**

2. The following financial data is the latest available information and refers to the debtor's condition on **September 30, 2023**

| | | | |
|---|---|---|---|
| (a) | Total assets | $ | **679,500,000** |
| (b) | Total debts (including debts listed in 2.c., below) | $ | **1,203,900,000** |
| (c) | Debt securities held by more than 500 holders | | **N/A** |

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

| | | |
|---|---|---|
| (d) | Number of shares of preferred stock | **0** |
| (e) | Number of shares of common stock | **46,530,613** |

Comments, if any:

3. Brief description of debtor's business:   **Tupperware Brands Corporation is a global consumer products provider of food storage solutions.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Charles Schwab; Barclays PLC.**

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known):* _____    Chapter ___**11**___

☐ Check if this is an
amended filing

**<u>Rider 1</u>**
**<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>**

Each of the entities listed below (collectively, the "<u>Debtors</u>") filed, or will file, a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors are requesting joint administration of these cases under the case number assigned to the chapter 11 case of Tupperware Brands Corporation.

- Tupperware Brands Corporation
- Dart Industries Inc.
- Deerfield Land Corporation
- Premiere Products, Inc.
- Tupperware Brands Latin America Holdings, L.L.C.
- Tupperware Home Parties LLC
- Tupperware International Holdings Corporation
- Tupperware Products AG
- Tupperware Products, Inc.
- Tupperware U.S., Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TUPPERWARE BRANDS CORPORATION, | ) | Case No. 24-[____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Charles Schwab | 3000 Schwab Way<br>Westlake, Texas 76262 | 11.2% |
| Barclays PLC | 1 Churchill Place<br>London, England E14 5HP | 7.8% |

---

[1] This list reflects holders of five percent or more of Tupperware Brands Corporation's common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Redact Certain Confidential Information of Customers, and (B) Redact Certain Personally Identifiable Information of Individuals; (II) Approving the Form and Manner of Service of the Notice of Commencement; (III) Waiving the Requirement to File a List of Equity Security Holders; and (IV) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity holders.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | )  |   |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TUPPERWARE BRANDS CORPORATION, | ) | Case No. 24-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Charles Schwab | 11.2% |

<table>
<tr><td colspan="2"><strong>Fill in this information to Identify the case:</strong></td></tr>
</table>

Debtor Name:   TUPPERWARE BRANDS CORPORATION

United States Bankruptcy Court for the:       District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  CHANG TSI AND PARTNERS LIMITED<br>6-8TH FL TOWER A, HUNDRED ISLAND PARK<br>BEI ZHAN BEI JIE STREET<br>XICHENG DISTRICT<br>BEIJING  100044  CHINA | CONTACT: SIMON TSI, MANAGING PARTNER<br>PHONE: +86 1088369999<br>EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $1,213,191.20 |
| 2  BDO USA, LLP (FORMERLY KNOWN AS BDO SEIDMAN, LLP)<br>339 SIXTH AVENUE<br>8TH FLOOR<br>PITTSBURGH, PA  15222 | CONTACT: WAYNE BERSON, CEO<br>PHONE: 301-354-2500<br>FAX: 301-354-2501<br>EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $1,067,204.15 |
| 3  FTI CONSULTING TECHNOLOGY LLC<br>50 CALIFORNIA STREET<br>SUITE 1900<br>SAN FRANCISCO, CA  94111 | CONTACT: SOPHIE ROSS, GLOBAL CHIEF EXECUTIVE OFFICER - TECHNOLOGY<br>PHONE: 847-533-2609<br>FTITECHSALES@FTICONSULTING.COM | TRADE PAYABLES (US) | | | | $659,467.50 |
| 4  SADA SYSTEMS INC<br>5250 LANKERSHIM BLVD, STE 720<br>LOS ANGELES, CA  91601 | CONTACT: LUSINE YEGHIAZARYAN, CFO<br>PHONE: 818-766-2400<br>SUPPORT@SADA.COM | TRADE PAYABLES (US) | | | | $593,548.88 |
| 5  FM POLSKA SP ZOO<br>UI. TARCZYNSKA 11A<br>MSZCZONOW<br>MAZOWIECKIE<br>POLAND | CONTACT: SEBASTIEN MAQUET, CFO<br>PHONE: +48 468570001<br>FMLOGISTIC@FMLOGISTIC.PL | TRADE PAYABLES (TPAG) | | | | $570,438.12 |
| 6  ORACLE AMERICA INC<br>500 ORACLE PKWY<br>REDWOOD CITY, CA  94065 | CONTACT: SHAWN M CHRISTIANSON<br>PHONE: 415-227-0900<br>EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $550,000.00 |

Debtor:  TUPPERWARE BRANDS CORPORATION

Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  MARSH & MCLENNAM COMPANIES, INC DBA MARSH USA 1166 AVE OF THE AMERICAS NEW YORK, NY  10036 | CONTACT: MARK MCGIVNEY, CHIEF FINANCIAL OFFICER PHONE: 212-345-5000 CONTACT@MMC.COM; EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $540,459.11 |
| 8  MILLENARIE INTERNATIONAL NO 9, GUANGZHAN HWY, NAHUO INDUSTRIAL ZONE YANGDONG DISTRICT YANGJIANG, GUANGDONG  529931 CHINA | CONTACT: ZHENLIANG ZHANG, DIRECTOR PHONE: +86 662 3219788 FAX: +86-662-3226688 EMAIL ADDRESS ON FILE | TRADE PAYABLES (TPAG) | | | | $523,763.56 |
| 9  ALL BLUE SOLUTIONS INC 26B2 WILSON ST GUELPH, ON  N1H 4G5 CANADA | CONTACT: SANDRA CAYOUETTE, COO PHONE: 647-478-7292 EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $487,895.95 |
| 10  ZHEJIANG LATIM ELECTRIC APPLIANCE CO., LTD NO. 168, YONGXUE ST WUCHENG DISTRICT JINHUA ZHEJIANG  CHINA | CONTACT: JETTY CHOU, SALES CLERK PHONE: +86 0579-83739805 FAX: +86 0579-83739800 | TRADE PAYABLES (TPAG) | | | | $485,753.00 |
| 11  REALTY INCOME CORP DBA SPIRIT REALTY, LP 11995 EL CAMINO REAL SAN DIEGO, CA  92130 | CONTACT: SUMIT ROY, PRESIDENT & CEO PHONE: 877-924-6266 IR@REALTYINCOME.COM | TRADE PAYABLES (US) | | | | $438,737.17 |
| 12  ERNST & YOUNG LLP 55 IVAN ALLEN JR. BLVD, SUITE 1000 ATLANTA, GA  30308 | CONTACT: GLENN MITCHELL, MANAGING PARTNER PHONE: 404-874-8300 EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $397,907.14 |
| 13  ALORICA INC 5161 CALIFORNIA AVE IRVINE, CA  92617 | CONTACT: ANDY LEE, CEO PHONE: 866-256-7422 EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $367,757.45 |
| 14  PHOENIX FUND SIX LLC DBA PHOENIX HEMINGWAY INDUSTRAIL INVESTORS LLC 401 E KILBURN AVE, STE 201 MILWAUKEE, WI  53202 | CONTACT: FRANK P CRIVELLO, CHAIRMAN & FOUNDER PHONE: 414-283-2600 INFO@PHOENIXINVESTORS.COM | TRADE PAYABLES (US) | | | | $340,879.44 |
| 15  DONGGUAN JINYI IMP & EXP CO LTD NO. 801, NO. E AREA, HUIFENG CENTER NO. 1, HUIFENG RD, GUANCHENG DISTRICT DONGGUAN GUANGDONG  523011  CHINA | CONTACT: YANHUAI HE, EXEC DIR PHONE: +86-755-89517585 | TRADE PAYABLES (TPAG) | | | | $322,344.42 |
| 16  KONSTAR INDUSTRIES LTD. UNIT 403-404, 4/F, BLOCK A PO LUNG CENTRE 11 WANG CHIU RD, KOWLOON BAY KOWLOON  HONG KONG | CONTACT: YUK LIN TSUI, DIRECTOR PHONE: +852 27988988 MARKETING@KONSTAR.COM.HK | TRADE PAYABLES (TPAG) | | | | $303,794.11 |

Debtor: TUPPERWARE BRANDS CORPORATION          Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  JENKON (JIA INC) 201 NE PARK PLZ DR, STE 220 VANCOUVER, WA  98684 | CONTACT: ROBERT CAVITT, CEO PHONE: 360-256-4400 EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $284,100.00 |
| 18  MICROSOFT LICENSING GP 6100 NEIL RD, STE 100 RENO, NV  89511 | CONTACT: SATYA NADELLA, CEO PHONE: 775-823-5600 FAX: 775-337-3038 EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $252,380.92 |
| 19  DNS GLOBAL CO.,LTD ROAD 3, GIANG DIEN INDUSTRIAL ZONE GIANG DIEN COMMUNE TRANG BOM DISTRICT DONG NAI  VIETNAM | CONTACT: KIM BYUNG IL PHONE: +84 2518 966 355 FAX: +84 2518 966 366 | TRADE PAYABLES (TPAG) | | | | $218,397.61 |
| 20  LINKFAIR HOUSEHOLD (HK) LIMITED RM 501 5/F SHATIN INDL CTR BLK B 5-7 YUEN SHUN CIRCUT SHA TIN HONG KONG | CONTACT: KEVIN NG, VICE GENENERAL MGR PHONE: +86 7662957896 SALES@LINKFAIR.COM.CN | TRADE PAYABLES (TPAG) | | | | $211,699.17 |
| 21  DXC TECHNOLOGY SERVICES LLC 20408 BASHAN DR, STE 231 ASHBURN, VA  20147 | CONTACT: ROB DEL BENE, CHIEF FINANCIAL OFFICER PHONE: 800-401-1957 EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $201,631.94 |
| 22  LINK ENTERPRISE LTD FLAT A, 17/F., WARDLEY CENTRE, 9-11 PRAT AVENUE, TSIM SHA TSUI KOWLOON HONG KONG  CHINA | CONTACT: CHAN SENG KELVIN TIN PHONE: 717-740-5496 INFOPAE@LINKBUSINESS.COM | TRADE PAYABLES (TPAG) | | | | $193,928.55 |
| 23  TK GROUP INTERNATIONAL HONG KONG LIMITED RM 19, 9TH FL, BLOCK B, CASTLE PEAK RD TSUEN WAN HONG KONG | CONTACT: LEUNG YIU LEE, DIRECTOR PHONE: +852 24113628 SALES@TKMOLD.COM | TRADE PAYABLES (US) | | | | $190,250.00 |
| 24  PRINT LSC COMMUNICATIONS S DE R L DE C V CERRADA DE GALEANA NO 26 FRACC IND LA LOMA TLALNEPANTLA DE BAZ, ESTADO DE MEXICO  54070 MEXICO | CONTACT: CONSTANCE BENEDICTE CLEMENCE FOLCH DASSONVILLE PHONE: +52 55 5091 6300 EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $189,169.08 |
| 25  GHIDINI CIPRIANO S.R.L. VIA PONTE GANDOVERE 51 GUSSAGO, BRESCIA  25064 ITALY | CONTACT: DIEGO ANDINA, PRESIDENT PHONE: +39 0303737012 INFO@GHIDINICIPRIANO.IT | TRADE PAYABLES (TPAG) | | | | $184,665.18 |
| 26  COMPUTER PACKAGES, INC. 11 N WASHINGTON ST, STE 300 ROCKVILLE, MD  20850 | CONTACT: JIM RUSSELL, OWNER PHONE: 301-424-8890 EMAIL ADDRESS ON FILE | TRADE PAYABLES (US) | | | | $167,606.00 |

Debtor: TUPPERWARE BRANDS CORPORATION                     Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 GREEN ORCHID LANDSCAPE SERVICES 8815 CONROY WINDERMERE RD 360 ORLANDO, FL 32835 | CONTACT: BRANDON BRYSON, OWNER PHONE: 321-765-7676 | TRADE PAYABLES (US) | | | | $152,102.40 |
| 28 MANUTHIERS 12 RUE D LINNOVATION ZONE DE HAUTES TECHNOLOGIES BP 2 PESCHADOIRES 63920 FRANCE | CONTACT: JEAN-MARCEL PIRONIN, PRESIDENT PHONE: +33 0473514481 CONTACT@MANUTHIERS.FR | TRADE PAYABLES (TPAG) | | | | $147,728.83 |
| 29 PENSION BENEFIT GUARANTY CORPORATION OFFICE OF THE GENERAL COUNSEL 445 12TH ST SW WASHINGTON, DC 20024 | CONTACT: STEPHANIE THOMAS, ASST GENERAL COUNSEL PHONE: 202-391-4590 EMAIL ADDRESS ON FILE | PENSION | U | | | Undetermined |
| 30 NEW IMAGE INTERNATIONAL LTD. 19 MAHUNGA DR MANGERE BRIDGE AUCKLAND 2022 NEW ZEALAND | CONTACT: GRAEME CLEGG, FOUNDER AND CHAIRMAN PHONE: +64 9 622 2388 NZSUPPORT@NEWIMAGE.AS IA | LITIGATION | C,U | | | Undetermined |

Official Form 204      **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims**      Page 4

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Tupperware Brands Corporation** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **09/17/2024** | ☒ */s/ Steven Marcus Ramos* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Steven Marcus Ramos** |
| | | Printed name |
| | | **Treasurer** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**CERTIFICATE OF SECRETARY**
**OF**
**TUPPERWARE BRANDS CORPORATION**

I, Karen M. Sheehan, the duly elected Executive Vice President, Chief Legal Officer & Secretary of Tupperware Brands Corporation (the "Corporation"), a Delaware corporation, do hereby certify that the resolutions attached hereto as Exhibit A were unanimously adopted and approved by the Board of Directors of the Corporation at a meeting held by videoconference on September 16, 2024, beginning at 4pm Eastern Time.

IN WITNESS WHEREOF, I hereunto set my hand on this 17th day of September, 2024.

_____
Karen M. Sheehan
Executive Vice President, Chief
Legal Officer & Secretary

**Exhibit A**

<u>Resolutions</u>

RESOLUTIONS OF THE BOARDS OF DIRECTORS<br>OF TUPPERWARE BRANDS CORPORATION

September 16, 2024

The members of the board of directors (the "<u>Board</u>") of Tupperware Brands Corporation, a Delaware corporation (the "<u>Company</u>"), hereby adopt the following resolutions in accordance with the bylaws of the Company and applicable laws of the State of Delaware:

**CHAPTER 11 FILING**

**WHEREAS**, the Board has considered presentations by the Company's management ("<u>Management</u>") and financial and legal advisors (collectively, the "<u>Advisors</u>") regarding the assets, liabilities, and liquidity of the Company, the strategic and financial alternatives available to it, and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Board has had the opportunity to consult with Management and the Advisors and has fully considered each of the strategic and financial alternatives available to the Company.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition for relief commencing a case (a "<u>Chapter 11 Case</u>") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") or other court of competent jurisdiction; and

**RESOLVED**, that any of the Principal Executive Officer, President, Chief Legal Officer, Chief Restructuring Officer, Secretary or any other duly-appointed officer of the Company (collectively, the "<u>Authorized Signatories</u>"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they

2

deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

## USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

**RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interest of the Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of: (a) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Company's prepetition secured lenders under certain credit facilities by and among the Company, the guarantors party thereto, the administrative and other agents party thereto, and the lenders party thereto;

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Parties (such obligations, "Adequate Protection Obligations"), as documented in proposed interim and final orders (the "Cash Collateral Orders") to be submitted for approval of the Bankruptcy Court, with the Board having been apprised of the material terms and provisions of the Cash Collateral Orders;

**RESOLVED**, that the form, terms, and provisions of the Cash Collateral Orders, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved in all respects, and each of the Authorized Signatories of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to perform, and cause the performance of, the Cash Collateral Orders;

**RESOLVED**, each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Company to seek authorization and approval to use Cash Collateral pursuant to the Cash Collateral Orders, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, relating to the use of Cash Collateral in connection with the Chapter 11 Cases, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be

3

conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

RESOLVED, that the Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure such obligations;

## RETENTION OF PROFESSIONALS

FURTHER RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to employ on behalf of the Company: (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (b) the law firm of Cole Schotz P.C. as co-bankruptcy counsel; (c) Moelis and Company LLC as investment banker; (d) Alvarez & Marsal North America, LLC as financial advisor; (e) Epiq Corporate Restructuring, LLC as noticing and claims agent; and (f) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable, each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, each of the Authorized Persons, with the power of delegation, is, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

FURTHER RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, proper, appropriate, or desirable in connection with the Company's Chapter 11 Case and in accordance with the foregoing resolutions;

## GENERAL

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates), either individually or as otherwise required by the

4

Company's governing documents and the applicable laws of the State of Delaware, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company relating to the foregoing;

**FURTHER RESOLVED,** that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED,** that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Company's governing documents, or hereby waives any right to have received such notice;

**FURTHER RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Company; and

**FURTHER RESOLVED,** that any Authorized Person (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as the Company itself may lawfully do, in accordance with the Company's governing documents, as applicable, of the Company and the applicable laws of the State of Delaware, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other

5

documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

*     *     *     *     *

6