# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MICHAEL EDGE, MICHAEL J.
DENNEHY and RALPH ESTEP,

    Plaintiffs,

v.             Case No:   6:22-cv-1518-RBD-LHP

TUPPERWARE BRANDS
CORPORATION, MIGUEL
FERNANDEZ and CASSANDRA
HARRIS,

    Defendants

_____

## ORDER

This putative securities fraud class action is now before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Doc. No. 153.   Plaintiffs and Defendants Miguel Fernandez and Cassandra Harris consented to the undersigned's jurisdiction to resolve this motion and all forthcoming motions for final settlement approval.[1]   Doc. Nos. 155-56.   Although

_____

[1] Tupperware Brands Corporation ("Tupperware") is in Bankruptcy.  Doc. No. 130.  This action was therefore stayed as to Tupperware.  Doc. No. 132.  However, the Bankruptcy Court has authorized Defendants Miguel Fernandez and Cassandra Harris to proceed with settlement.  *In re: TUPPERWARE BRANDS CORPORATION, et al.*, No. 24-12156-BLS (Bankr. D. Del. Apr. 7, 2024) (Doc. No. 617) (order modifying automatic stay

the motion is unopposed, there are several issues therewith and its attachments that prevent the Court from granting it at this time.   Accordingly, for the reasons set forth herein, the motion (Doc. No. 153) will be **DENIED without prejudice**.

First, prior to addressing the merits of class certification, the Court must find that the named plaintiffs have standing.   *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("[P]rior to the certification of a class . . . the district court must determine that at least one named class representative has Article III standing to raise each class subclaim."); *see also DiPierro v. Fla. Health Scis. Ctr., Inc.*, 737 F. Supp. 3d 1314 (M.D. Fla. 2024) (denying motion for preliminary class action certification for settlement purposes due to failure to establish Article III standing). The motion nowhere discusses the standing of any of the named plaintiffs, thereby precluding further review.

Second, Plaintiffs appear to rely upon their prior motion for class certification (Doc. No. 103) and the Presiding District Judge's Order on same (Doc. No. 131) to establish the majority of the legal issues regarding preliminary approval of their proposed class.   *See* Doc. No. 153, at 7, 10, 11-12.[2]   This violates Local Rule 3.01(f), which prohibits incorporation by reference of all or part of any other motion, legal

_____

and authorizing payment of settlement fees).

[2] Pinpoint citations to the record reflects the pagination provided by CM/ECF, rather than the internal pagination on the documents.

memorandum, or brief.   In addition, the Presiding District Judge's Order (Doc. No. 131) was vacated and removed from the Court's docket on September 23, 2024 upon notification of Tupperware Brands Corporation's bankruptcy proceedings.   Doc. No. 132; *see also* 11 U.S.C. § 362.   Plaintiffs provide no legal authority establishing or suggesting that the Court may now rely upon a vacated and removed order to support the present request for preliminary class certification approval, particularly when the Defendants involved in any potential class differ from those in the prior certification proceedings.   In a renewed motion, Plaintiffs must either establish the propriety of class certification at this stage through evidence and citation to legal authority, or must provide legal authority supporting their apparent request that the Court rely upon a vacated and removed order.

Third, there are several discrepancies within the Stipulation of Settlement ("Stipulation") and Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing ("Notice") as to the usage of the terms "Settling Defendants" and "Defendants."   Specifically, at various points, these documents refer to "Defendants" as Defendants Miguel Fernandez and Cassandra Harris only, whereas in other places, "Defendants" also includes Tupperware.   *See, e.g.,* Doc. No. 153-2, at 7; Doc. No. 153-2, at 19 ¶ 2.2; & Doc. No. 153-2, at 8 ¶ 1.6.   This is problematic both in terms of ensuring that any potential class members are clearly on notice as to the parties involved in any

settlement, and in light of the ongoing bankruptcy proceedings and stay as to Tupperware. Any renewed motion should clarify these discrepancies, and in particular make clear – both in the motion, Stipulation, and Notice – which parties the terms "Settling Defendants" and "Defendants" refer to.

Fourth, Plaintiffs appear to argue that the factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) do not apply at the preliminary approval stage. But other than listing the *Bennett* factors in a footnote, *see* Doc. No. 153, at 19 n.3, Plaintiffs do not expand on this argument, and the Court has located numerous decisions within this District and Circuit applying the *Bennett* factors – albeit at times as a guideline – at the preliminary approval stage. *See*, *e.g.*, *Cook v. Palmer, Reifler & Assocs.*, No. 3:16-cv-673-J-39JRK, 2019 WL 3383634, at *4-5 (M.D. Fla. May 17, 2019), *report and recommendation adopted*, 2019 WL 12522285 (M.D. Fla. July 24, 2019); *Woznicki v. Raydon Corp.*, No. 6:18-cv-2090-WWB-GJK, 2021 WL 7502541, at *5 (M.D. Fla. Aug. 25, 2021), *report and recommendation adopted*, 2021 WL 7502549 (M.D. Fla. Oct. 26, 2021); *Council v. Lynch*, No. 3:24-cv-534-WWB-LLL, 2025 WL 642473, at 7 (M.D. Fla. Feb. 7, 2025), *report and recommendation adopted*, 2025 WL 638604 (M.D. Fla. Feb. 27, 2025); *Morris v. US Foods, Inc.*, No. 8:20-cv-105-SDM-CPT, 2021 WL 2954741, at *8 (M.D. Fla. May 17, 2021), *report and recommendation adopted*, 2021 WL 6125575 (M.D. Fla. July 14, 2021). The Court finds this authority persuasive, thus in a renewed motion, Plaintiffs shall either follow this authority

and apply the *Bennett* factors, or provide argument and legal authority establishing that the Court should not address *Bennett* whatsoever at this stage.

For the foregoing reasons, the Court is unable to assess whether preliminary class settlement approval is appropriate at this time. Accordingly, within **thirty (30) days** from the date of this Order, Plaintiffs shall file a renewed motion that addresses all issues identified in this Order as well as all other issues relevant to the resolution of a motion for preliminary approval of a class action settlement in this case. The renewed motion must be a stand-alone document, must attach all evidence, notices, and other documentation that Plaintiffs wish the Court to consider, and may not incorporate by reference all or part of any prior motion. *See* Local Rule 3.01(f). The motion shall not exceed **thirty-five (35) pages.**

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties