# Exhibit 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS, <br><br> Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

## AMENDED STIPULATION OF SETTLEMENT

This Amended Stipulation of Settlement (the "Stipulation"), dated July 21, 2025, is entered into by and among Plaintiffs Michael J. Dennehy, Ralph Estep, and Michael Edge (on behalf of themselves and each of the Settlement Class Members) ("Plaintiffs"), and Defendants Miguel Fernandez ("Fernandez") and Cassandra Harris ("Harris" and, with Fernandez, the "Settling Defendants"), through their respective counsel of record relating to the above-captioned litigation. This Stipulation is intended to fully, finally, and forever resolve, discharge and settle all claims asserted in this Action against Settling Defendants subject to the approval of the United States District Court for the Middle District of Florida (the "Court").

## I.    THE LITIGATION

### 1. Procedural History of the Litigation

Tupperware Brands Corporation ("Tupperware" or "the Company') is a manufacturer and seller of kitchenware for consumers, including reusable storage containers that are primarily produced from plastic resins.

This securities class action lawsuit was brought on behalf of purchasers of Tupperware Securities under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. In their Second Amended Class Action Complaint ("SAC"), Lead Plaintiffs and plaintiff Michael Edge (collectively, "Plaintiffs") allege they were damaged by allegedly false and misleading statements made by Tupperware and Settling Defendants (collectively, "Defendants") between May 5, 2021, and May 4, 2022 (the "Settlement Class Period"). Specifically, Plaintiffs allege that Defendants made misleading statements concerning Tupperware's ability to maintain gross margins through price increases in the face of increasing costs. According to Plaintiffs, the truth was partially revealed to them on November 3, 2021, when Tupperware announced Q3 2021 gross profits of only $247.9 million, or 65.5% of net sales, indicating that the Company had failed to increase prices to offset inflationary pressures. On this news, Tupperware's common stock price declined $4.54 or 19.35% from a close of $23.46 on November 2, 2021 to a close of $18.92 on November 3, 2021. The stock price declined an additional 3.9% the following trading day to close at $18.19 for a total two-day decline of 22.5%. Plaintiffs further allege that the truth was revealed on May 4, 2022, when the Company announced its Q1 2022 results showing

"eroded gross and operating margins" and Tupperware admitted that (i) "[p]rofitability was significantly impacted by persisting inflationary pressures and the latency between rising input costs and our decision to increase prices" and (ii) that the majority of the Company's price increases would not become effective until the second quarter and it "is the first time we've taken pricing actions in quite some time [in North America]." On this news, Tupperware stock plummeted 32.16%.

On June 14, 2022, Michael Edge filed a complaint against Defendants alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act for alleged misstatements between November 3, 2021 and May 4, 20222. On September 16, 2022, the Court appointed Michael J. Dennehy and Ralph Estep as Lead Plaintiffs, and approved Pomerantz LLP and Levi & Korsinsky, LLP as Lead Counsel. Lead Plaintiffs filed their First Amended Class Action Complaint ("FAC") on November 30, 2022, which expanded the class period to May 5, 2021 to May 4, 2022.

On January 17, 2023, Defendants filed their motion to dismiss the SAC. Lead Plaintiffs filed their opposition on February 28, 2023, and Defendants filed their reply on April 3, 2023. On September 28, 2023, the Court denied Defendants' motion to dismiss in its entirety and the Action immediately proceeded to fact discovery.

During discovery, Plaintiffs served forty-three requests for production and three interrogatories on Defendants and thirty-five subpoenas *duces tecum* on third parties. As a result, Plaintiffs have received and reviewed more than 502,160 pages of documents from Tupperware, and over 35,620 pages of documents from third parties.

Further, Defendants served forty-five requests for production and fourteen interrogatories on Plaintiffs, which Plaintiffs responded to.

On February 13, 2024, Plaintiffs filed the SAC, which added Michael Edge as an additional Plaintiff. Also on February 13, 2024, Plaintiffs filed their motion for class certification, which was fully briefed as of June 12, 2024.

On September 20, 2024, the Court granted Plaintiffs' motion for class certification, appointing Michael Edge as a class representative and requesting additional briefing on the adequacy and typicality of Plaintiffs Ralph Estep and Michael Dennehy. Also on September 20, 2024, Tupperware filed a notice of suggestion of bankruptcy. In light of the automatic stay triggered by Tupperware's notice of bankruptcy, on September 23, 2024, the Court stayed this action as to Tupperware and vacated its order on class certification. As a result of subsequent filings by the Settling Parties, the Court stayed this Action as to the Settling Parties pending the Settling Parties' mediation.

On February 5, 2025, the Settling Parties participated in a full-day in-person mediation session with David M. Murphy of Phillips ADR Enterprises (the "Mediator"). In advance of that session, the Settling Parties submitted lengthy opening and responsive mediation statements that were accompanied by appendices of exhibits. The session ended without any agreement being reached. The Settling Parties continued discussions with the Mediator over the following weeks. On February 27, 2025, the Mediator issued a double-blinded proposal to settle the Action and set a deadline for the Settling Parties to provide the Mediator with their respective

4

responses. On March 3, 2025, the Settling Parties agreed to the Mediator's proposal, which was memorialized in a term sheet executed and finalized on March 7, 2025 (the "Term Sheet"), subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.

On March 18, 2025, the Settling Defendants filed a Motion for Entry of an Order Modifying the Automatic Stay and Authorizing Payment of Settlement of Insureds Pursuant to Securities Liability Insurance Policies, seeking an order from the Bankruptcy Court to authorize the payment of defense costs and settlement amounts in accordance with certain insurance policies. The bankruptcy court granted that motion on April 7, 2025.

**2. Plaintiffs' Assessment of the Claims and Benefits of Settlement**

Plaintiffs believe that the claims asserted in the Action, as reflected in evidence developed to date, have merit and support their claims. Additionally, Lead Counsel have researched the applicable law and believes that any defenses the Settling Defendants raise can be refuted.

Nonetheless, Plaintiffs and Lead Counsel recognize the expense, length, and inherent potential risk of continued prosecution of the Action against the Settling Defendants through completion of discovery, trial, and any subsequent appeals.

Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class, is fair, reasonable, adequate, and in the best interests of the Settlement Class.

### 3. Settling Defendants' Denials of Wrongdoing

Each of Settling Defendants have denied and continue to deny, *inter alia,* that Settling Defendants have engaged in any wrongdoing, any liability, or any alleged violations asserted in the Action, including, without limitation, that any of their public statements were false or misleading; that they acted in any deceitful manner; that they engaged in any scheme to defraud; and that any investment losses sustained by Plaintiffs and the Settlement Class were caused by Settling Defendants' alleged misconduct.

Nonetheless, the Settling Defendants are entering into this Stipulation and the Settlement solely to eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, the Settlement Class, and each of them, and Settling Defendants, and each of them, by and through their respective undersigned counsel or attorneys of record that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Plaintiffs' Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation.

### 1. Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0.    "Action" means *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP, pending in the United States District Court for the Middle District of Florida before the Honorable Roy B. Dalton, Jr.

1.1.    "Authorized Claimant" means any member of the Settlement Class who is a Claimant (as defined in ¶ 1.3) and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2.    "Bar Date" means the date of the Final Approval Hearing.

1.3.    "Claimant" means any Settlement Class Member (as defined in ¶ 1.33) who files a valid Proof of Claim with the Claims Administrator in such form and manner, and within such time, as the Court shall prescribe.

1.4.    "Claims Administrator" means Epiq Class Action and Claims Solutions, Inc., which shall administer the Settlement.

1.5.    "Court" means the United States District Court for the Middle District of Florida, Orlando Division.

1.6.    "Defendants" means collectively Tupperware Brands Corporation, Miguel Fernandez, and Sandra Harris.

1.7.    "*Ouranitsas* Action" means *Ouranitsas v. Tupperware Brands Corporation et al.*, 6:23-cv-00511-PGB-EJK, pending in the United States District Court for the Middle District of Florida before the honorable Paul G. Byron.

7

1.8. "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of this Stipulation have been met and have occurred.

1.9. "Escrow Account" means the segregated, interest-bearing escrow account established and maintained by the Escrow Agent, controlled by Lead Counsel, wherein the Settlement Amount shall be deposited and held for the benefit of the Settlement Class and subject to the authority of the Court.

1.10. "Escrow Agent" means Huntington National Bank.

1.11. "Exchange Act" means the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78a et seq..

1.12. "Final" means (1) the Court has entered a Judgment approving the Settlement in all material respects, including but not limited to, *inter alia,* (a) certifying a Settlement Class for settlement purposes only, (b) approving the scope of the Releases, and (c) ordering the Clerk of the Court to enter final judgment in the form set forth in Exhibit F pursuant to Federal Rule 54(b), finding that there is no just reason for delay of enforcement or appeal of the order, and (2) the Judgment has been affirmed in all respects on any appeal or review and is no longer subject to further appeal or review.  Provided, however, and notwithstanding any provision to the contrary in this Settlement, "Final" shall not include (and the Settlement is expressly not conditioned upon) the Court's approval of attorneys' fees and the reimbursement of expenses sought by Lead Counsel, or the approval of payment of a Compensatory Award for the time and expenses expended by Plaintiffs, or any appeals solely related thereto; nor resolution of the claims asserted in the *Ouranitsas* Action.

8

1.13.  "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit F or in such other form as may be approved in writing by all of the Settling Parties acting by and through their respective counsel of record in the Action.

1.14.  "Lead Counsel" means Pomerantz LLP and Levi & Korsinsky, LLP.

1.15.  "Lead Plaintiffs" means Michael J. Dennehy and Ralph Estep.

1.16.  "Notice" means, collectively, the Notice Of Pendency and Proposed Settlement Of Class Action, Motion For Attorneys' Fees And Expenses, And Final Approval Hearing ("Long Notice"), the Publication Notice, and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the form attached hereto as Exhibits B, C, D.

1.17.  "Notice and Administration Expenses" means the costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by email where practicable, mail, publication, and other means to Settlement Class Members; (ii) locating Settlement Class Members; (iii) communicating with Persons regarding the proposed Settlement and claims administration process and assisting with the submission of Claims; (iv) receiving, reviewing and processing Proof of Claim forms and applying the Plan of Allocation thereto; (v) paying any escrow fees related to the Escrow Account and investment of the Settlement Fund, or Taxes and Tax Expenses; and (vi) distributing the proceeds of the Settlement or otherwise administering the Settlement.

1.18.  "Person(s)" means an individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability company, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.19.  "Plaintiffs" means Lead Plaintiffs and Michael Edge.

1.20.  "Plaintiffs' Counsel" means Lead Counsel as well as Cullin O'Brien Law, P.A., Bronstein, Gewirtz & Grossman, LLC, and the Portnoy Law Firm.

1.21.  "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants which, subject to the approval of the Court, shall be substantially in the form described in the Notice.  Any Plan of Allocation is not part of this Stipulation and Settling Defendants shall have no responsibility or liability with respect thereto.

1.22.  "Postcard Notice" means the postcard notice which, subject to Court approval, shall be sent to Settlement Class Members substantially in the form attached hereto as Exhibit D and which shall contain information relating to, among other things, how to access the Long Notice and the Stipulation, and how to file a Proof of Claim.

1.23.  "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of

Notice, and Setting Date for Hearing on Final Approval of Settlement which, subject to Court approval, shall be substantially in the form set forth in Exhibit A hereto.

1.24. "Proof of Claim" or "Claim Form" means the Proof of Claim and Release Form which, subject to Court approval, is to be submitted by Claimants, substantially in the form attached as Exhibit E.

1.25. "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Final Approval Hearing thereon to be published on a national business internet newswire, substantially in the form attached as Exhibit C.

1.26. "Released Parties" means Settling Defendants and Settling Defendants' Released Parties, and Plaintiffs and Plaintiffs' Released Parties.

(i) "Settling Defendants' Released Parties" shall mean (1) each Settling Defendant; (2) the family members, heirs, successors, or assigns of the Settling Defendants; (3) Tupperware and any direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of Tupperware; (4) any trust of which any Settling Defendant is the settlor or which is for the benefit of any Settling Defendant and/or his or her family members; (5) for Tupperware and any of the persons or entities listed in parts (1) through (4), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors,

11

assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (6) any entity in which a Settling Defendant has a controlling interest; all in their capacities as such.

(ii)    "Plaintiffs' Released Parties" means (i) Plaintiffs, all Settlement Class members, any other plaintiffs in the Action and their counsel, Plaintiffs' Counsel, and (ii) each of their respective immediate family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, investigators, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such.

1.27. "Released Plaintiffs' Claims" means all claims (including "Unknown Claims" as defined in ¶ 1.41), actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, accrued or unaccrued, contingent or non-contingent, asserted or unasserted, liquidated or unliquidated, secured or unsecured, matured or unmatured, suspected or unsuspected, disputed or undisputed, direct or indirect, assertable directly or derivatively, choate or inchoate, fixed, contingent, pending or threatened, reduced to judgment or otherwise, whether arising under federal, state, common or foreign law, that Plaintiffs, any other

12

member of the Settlement Class, or any other Releasing Plaintiffs' Party: (i) asserted in the any complaint filed in the Action, or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition or sale of Tupperware securities by any members of the Settlement Class during the Settlement Class Period. Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the Stipulation; (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (iii) all claims asserted in the Amended Class Action Complaint dated January 12, 2024, in the *Ouranitsas* Action.

1.28. "Released Settling Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Settling Defendants, provided however, that Settling Defendants and Settling Defendants' Released Parties shall retain the right to enforce in the Court the terms of the Stipulation.

1.29. "Settled Claims" means all of the Released Plaintiffs' Claims, and/or Released Settling Defendants' Claims.

1.30. "Settlement" means the settlement and resolution of the Action contemplated by this Stipulation.

1.31. "Settlement Amount" means Twenty-One Million, Seven Hundred and Fifty Thousand U.S. dollars ($21,750,000.00) in cash.

1.32. "Settlement Class" means all Persons and entities who purchased or otherwise acquired Tupperware Securities between May 5, 2021 and May 4, 2022 inclusive. Excluded from the Settlement Class are: (a) the Settling Defendants; (b) members of the immediate families of the Settling Defendants; (c) the subsidiaries and affiliates of the Settling Defendants; (d) any person who is an officer, director or controlling person of Tupperware; (e) any entity in which any Settling Defendant has a controlling interest; (f) the Settling Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class will be any person or entity who or which timely and validly seeks exclusion from the Settlement Class.

1.33. "Settlement Class Member" means any person or entity that falls within the definition of the Settlement Class as set forth in ¶ 1.32.

1.34. "Settlement Class Period" means the period from May 5, 2021, and May 4, 2022, both dates inclusive.

1.35. "Settlement Fund" means an interest bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

1.36. "Settling Defendants' Counsel" means the law firm Sidley Austin LLP.

14

1.37. "Settling Parties" means Plaintiffs and Settling Defendants.

1.38. "Tupperware" or "the Company" means Tupperware Brands Corporation.

1.39. "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.40. "Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file), the returns described in ¶ 2.8(b), and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns).

1.41. "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Plaintiffs' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the

15

Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Plaintiffs shall expressly, fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs

16

acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## 2. The Settlement

### a.    The Settlement Consideration

2.0.    In full settlement of the claims asserted or which could have been asserted in the Action against the Settling Defendants and in consideration of the releases specified in ¶¶ 5.1–5.2, *infra*, all of which the Settling Parties agree are good and valuable consideration, the Settling Defendants shall pay, and/or cause to be paid by their insurers, the Settlement Amount into the Escrow Account within fourteen (14) calendar days after the later of: (1) the Court's entry of an order preliminarily approving the Settlement; and (2) Lead Counsel's providing to the Settling Defendants' counsel a Form W-9, wire transfer or electronic payment (ACH) instructions and/or any requisite electronic payment authorization forms, and the name and telephone number of an individual who can verbally confirm wire instructions.

### b.    The Escrow Agent

2.1.    The Settlement Amount shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith

and credit of the United States Government. Lead Counsel shall cause the Escrow Agent to reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Settling Defendants shall not bear any responsibility for, or liability related to, the investment of the Settlement Amount by the Escrow Agent.

### c.    Return of Funds in Certain Circumstances

2.2.    Prior to the Effective Date, without further approval from Settling Defendants or further order of the Court, Lead Counsel may cause up to $200,000 in Notice and Administration Expenses invoiced by the Claims Administrator to be paid from the Settlement Fund. Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Settling Parties or order of the Court. Taxes, Tax Expenses and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of the Settling Defendants or further order of the Court. After the Effective Date, without approval of the Settling Defendants or further order of the Court, Notice and Administration Expenses may be paid from the Settlement Fund. Plaintiffs agree that, prior to the Effective Date, the Settlement Fund shall be used solely to fund reasonable out-of-pocket costs and expenses relating to the printing, mailing and publication of notices to Settlement Class Members as described in ¶ 6.2(ii), below. In the event that this Settlement Agreement is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund the remaining balance of the Settlement Fund, plus

accrued interest to the Settling Defendants. The Settlement is not a claims made settlement; there will be no reversion.

2.3. Payment of all Notice and Administrative Expenses shall be paid out of the Settlement Fund. In no event shall Plaintiffs, Plaintiffs' Counsel, or the Settlement Class be liable to Settling Defendants for any Notice and Administrative Expenses.

### d. Handling and Disbursement of Funds by the Escrow Agent

2.4. No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a) As provided in ¶ 2.8, as regards Taxes, and ¶ 7.1, as regards attorneys' fees and expenses; and

(b) To pay Taxes and Tax Expenses on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund, shall be considered Notice and Administrative Expenses, and shall be timely paid by the Escrow Agent without prior order of the Court.

2.5. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Settling Defendants' Counsel and Lead Counsel.

2.6. Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation.

19

2.7.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order(s) of the Court.

### e.    Taxes

2.8.    With respect to the Settlement Fund, Tax and Tax Expenses shall be treated as follows:

(a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1.   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent

20

with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)    All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, and all Tax Expenses, shall be paid out of the Settlement Fund.

2.9.    Settling Defendants, Settling Defendants' Counsel, Plaintiffs, and Plaintiffs' Counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be a cost of administration of, the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.

2.10.    The Escrow Agent shall indemnify and hold each of the Settling Defendants, Settling Defendants' Counsel, Plaintiffs and Plaintiffs' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

2.11.    The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).  Neither Settling Defendants,

Settling Defendants' Counsel, Plaintiffs, nor Plaintiffs' Counsel are responsible therefor, nor shall they have any liability with respect thereto.

2.12.   The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶ 2.8. Settling Defendants' Counsel agree to promptly provide the Escrow Agent with the statement described in Treasury Regulation §1.468B-3(e).

### f.   Termination of Settlement

2.13.   The Settling Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to all other Settling Parties within five (5) calendar days of: (a) the Court's denial of Lead Plaintiffs' motion for preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter an Order and Final Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Fee and Expense Application, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.  In the event that this Stipulation is terminated, the Settlement Amount including any interest accrued

thereon, less any Notice and Administration Expenses actually incurred or due and owing, shall be refunded by check or wire transfer in accordance with the instructions to be provided by counsel for the Settling Defendants.

2.14. Plaintiffs, acting collectively, shall have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to all other Settling Parties within five (5) calendar days of: (a) the Court's denial of Plaintiffs' motion for preliminary approval of the Settlement in any material respect as to the Settling Defendants without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter an Order and Final Judgment in any material respect as to the Settling Defendants without leave to amend and resubmit; (d) the Settling Defendants' failure to timely make full payment of the Settlement Amount into the Escrow Account; or (e) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  Any decision with respect to any Fee and Expense Application, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.

2.15. If, prior to the Final Approval Hearing, any persons who otherwise would be members of the Settlement Class have timely and validly filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto (*see* ¶ 4.9, *infra*), have not

23

revoked their request(s) for exclusion prior to the Final Approval Hearing, and such persons in the aggregate purchased a number of shares of Tupperware Common Stock during the Settlement Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" between the Settling Parties, Settling Defendants, in their sole discretion, shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until a dispute among the Settling Parties concerning its interpretation or application arises. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, Plaintiffs and the Settling Defendants will undertake to have the Supplemental Agreement submitted to the Court *in camera.* Copies of all requests for exclusion received and copies of all written revocations of requests for exclusion received shall be sent to counsel for the Settling Parties within a reasonable time of receipt by the Claims Administrator, and in any event not less than seven (7) days prior to the Final Approval Hearing.

2.16. If (i) the Settling Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation; (iii) the Court disapproves the

24

Settlement as to the Settling Defendants; or (iv) the Effective Date as to the Settlement otherwise fails to occur with respect to the Settling Defendants, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice with respect to the Settling Parties to whom the termination of the Settlement applies and only those parties, and this Stipulation shall be null and void and shall have no further force or effect with respect to these parties and only those parties;

(b)    The parties to whom the termination of Settlement applies and only those parties shall revert to their respective positions in the Action on March 7, 2025.

### 3.  Class Certification

3.0.    The Settling Parties hereby stipulate to certification of the Settlement Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Settlement.  The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

### 4.  Preliminary Approval Order

4.0.    Within fifteen (15) calendar days of the date of this Stipulation, Plaintiffs will endeavor in good faith to submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, *inter alia,* grant preliminary approval to the Settlement; certify the Settlement Class for settlement purposes only; and authorize notification of the Settlement Class substantially in the form of Exhibits B, C, and D attached hereto,

along with provision of a Proof of Claim form substantially in the form of Exhibit E attached hereto.

The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for awards of Attorney Fees and Expenses and Plaintiff Compensatory Awards (consistent with ¶¶ 7.0 and 7.5); the date of the Final Approval Hearing; Settlement Class Members' rights to opt out, object or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund.

No later than fourteen (14) calendar days after the entry of the Preliminary Approval Order, Settling Defendants shall use good faith efforts to provide at their expense lists of Tupperware shareholders of record during the Settlement Class Period, in electronic format, such as Excel, to the extent such lists are reasonably available from Tupperware's transfer agent.

The Stipulation of Settlement, Notice, Proof of Claim form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

### The Final Hearing/Objections

4.1.    Following provision of Notice to the Settlement Class Members, the Court shall hold a hearing (the "Final Approval Hearing") to consider whether to approve the Settlement; approve the Plan of Allocation; and to award attorneys' fees and expenses and Plaintiff Compensatory Awards.

4.2.   Plaintiffs' Counsel and Settling Defendants shall submit papers in support of the foregoing matters no later than thirty-five (35) calendar days prior to the Final Approval Hearing.

4.3.   Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the matters set forth in ¶¶ 2.0–7.5 must both effect service on Lead Counsel and Settling Defendants' Counsel and file with the Court no later than twenty-one (21) calendar days before the Final Hearing its objection in the manner set forth in ¶ 4.4, *infra*; *provided however,* that a Settlement Class Member who submits a Request for Exclusion, as defined below, shall not be able to submit an objection.

4.4.   The statement of objection of the Settlement Class Member shall state (i) whether the Settlement Class Member is a Settlement Class Member, (ii) which part of this Stipulation the Settlement Class Member objects to and (iii) the specific reason(s), if any, for each such objection made by the Settlement Class Member, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection.   Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded Tupperware Securities purchased and sold during the Settlement Class Period, and the prices and dates of each transaction.   Failure to provide such information and documentation shall be grounds to void the objection.

27

4.5.    Any Settlement Class Member who fails to comply with any of the provisions of the Proof of Claim (subject to Court approval, substantially in the form attached hereto as Exhibit E) shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Final Approval Hearing and/or to object to this Stipulation, and shall be bound by all the terms of this Stipulation, and by all proceedings, orders and judgments in the Action.

4.6.    Any objector shall be subject to the jurisdiction of the Court and may be deposed by any Party.

4.7.    All papers in opposition to any objections, and in further support of the foregoing matters shall be filed by the Settling Parties no later than seven (7) calendar days before the Final Approval Hearing.

4.8.    At the Final Approval Hearing, the Settling Parties shall request that the Court enter a Judgment substantially in the form attached to this Agreement as Exhibit F.

**Requests for Exclusion**

4.9.    Any Person falling within the definition of the Settlement Class may be excluded from the Settlement Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, and is postmarked no later than twenty-one (21) calendar days before the Final.  All Persons who submit valid and timely Requests for Exclusion shall have

28

no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until two (2) days prior to the date of the Final Approval Hearing and receive payments pursuant to this Stipulation and Settlement provided the Settlement Class Member also submits a valid Proof of Claim, as set forth in ¶ 6.3(i), below, prior to the Bar Date.

## 5. Releases

5.0.    The obligations incurred pursuant to this Stipulation shall be a full and final disposition of the Action, any and all Released Plaintiffs' Claims, and any and all Released Settling Defendants' Claims, as against all Released Parties.

5.1.    Upon the Effective Date, Plaintiffs, on behalf of themselves and Plaintiffs' Released Parties, shall be deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Settling Defendants, and each of them, and any and all of Settling Defendants' Released Parties, whether or not any individual Settlement Class Member executes and delivers the Proof of Claim.

5.2.    Upon the Effective Date, Settling Defendants, and each of them, on behalf of themselves and their family members, heirs, successors, or assigns shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

29

forever released, relinquished and discharged all Released Settling Defendants' Claims against Plaintiffs and any and all of Plaintiffs' Released Parties.

**Proof of Claims**

5.3.    Only those Settlement Class Members filing valid and timely Proof of Claim forms shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund.  The Proof of Claim to be executed by Settlement Class Members shall release all Released Plaintiffs' Claims against the Released Persons, and, subject to Court approval, shall be substantially in the form contained in Exhibit E attached hereto.

All Settlement Class Members not submitting valid and timely requests for exclusion shall be bound by the Releases, whether or not they submit a valid and timely Proof of Claim.

**6.** **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.0.    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined *infra*) to Authorized Claimants. The distribution checks will be drawn upon the Settlement Fund.

6.1.    Settling Defendants shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the

30

allocation of any awards of Plaintiffs' attorneys' fees, costs and expenses. Any such awards shall be paid solely by the Settlement Fund.

6.2.    The Settlement Fund shall be applied as follows:

(i)    To pay the Taxes and Tax Expenses;

(ii)    To pay all Notice and Administration Expenses;

(iii)    To pay Plaintiffs' Counsel's attorneys' fees, and expenses with interest thereon, as provided in ¶ 7.1 (the "Fee and Expense Award"), to the extent allowed by the Court;

(iv)    To pay Compensatory Awards to Plaintiffs as provided in ¶ 7.5, to the extent allowed by the Court; and

(v)    Upon Court approval, to distribute the balance of the Settlement Fund, that is, the total Settlement Fund less the items set forth in ¶¶ 6.2(i)–6.2(iv) (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, and the Court.

6.3.    Upon the entry of the Judgment and thereafter, subject to ¶ 2.4 and in accordance with the terms of the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

31

(i)    Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit E hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such other documents or proof, as are reasonably available to the Authorized Claimant, as Lead Counsel, in their discretion, may deem acceptable, no later than ninety (90) days from mailing of the Notice;

(ii)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or otherwise allowed, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Settled Claims.

6.4.    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Settling Defendants, Settling Defendants' Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

32

6.5.   The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.

6.6.   This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Settling Defendants or their insurance carriers.

6.7.   Settling Defendants and their corresponding Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.8.   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth

in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

## 7. Attorneys' Fees and Expenses

7.0.   Lead Counsel may submit an application or applications (the "Fee and Expense Application") for payments to Plaintiffs' Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts or consultants, incurred in connection with prosecuting the Action plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.   Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1.   The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be payable to Lead Counsel from the Settlement Fund, as ordered, immediately following the entry of the Court's order awarding such fees and expenses notwithstanding any objections to the Settlement or award of such Fees and Expenses. However, Lead Counsel may refund to the Settlement Fund under certain circumstances:

(a)   Lead Counsel agrees to refund to the Settlement Fund any award of attorney's fees and expenses by the Court paid to Plaintiffs' Counsel in the event the

34

Court's award of attorney's fees and expenses is reduced or reversed on appeal (the "Fee Award"). Payment of some or all of the Fee Award shall be made by Lead Counsel into the Settlement Fund within thirty (30) calendar days of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, and shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

(b)    Lead Counsel further agrees to refund to the Settlement Fund any award of attorney's fees and expenses by the Court paid to Plaintiffs' Counsel in the event that this Settlement does not become Final; in such situation, payment of all of the Fee Award shall be made by Lead Counsel into the Settlement Fund within thirty (30) calendar days thereof, and shall thereafter be distributed by the Escrow Agent pursuant to the terms of ¶ 8.4.

7.2.    The procedure for and allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this

Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

7.3.    Settling Defendants and Settling Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel or any other Plaintiffs' Counsel and/or any other Person who receives payment from the Settlement Fund.

7.4.    Settling Defendants and Settling Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**Plaintiffs' Compensatory Award**

7.5.    Lead Counsel may submit an application to the Court to authorize the payment of an award ("Compensatory Award") from the Settlement Fund for the time and expenses expended by Plaintiffs in assisting Lead Counsel in the litigation of this Action, including their depositions. Subject to the payment terms in ¶ 6.2(iv), payment for any Compensatory Award payable in cash shall be payable to Plaintiffs immediately upon the Effective Date.

8.  **Effect of Disapproval, Cancellation, or Termination**

8.0.    The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

36

(a)    entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)    the approval of the United States Bankruptcy Court for the District of Delaware in the matter captioned *In re: Tupperware Brands Corporation, et al.*, No. 24-12156 with respect to the use of insurance proceeds to fund the Settlement Amount;

(c)    Settling Defendants have caused the contributions to be made to the Escrow Accounts, as required by ¶ 2.0 above;

(d)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit F attached hereto; and

(e)    the Judgment has become Final, as defined in ¶ 1.12 hereof.

Any appeal or delay in (a) the approval of the Plan of Allocation, (b) the determination of any award of attorneys' fees and expenses, or (c) the granting of a Compensatory Award to Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1.    Upon the occurrence of the Effective Date, any and all interest or right of Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.2 hereof.

8.2.    Within five (5) calendar days after the Effective Date, Plaintiffs will voluntarily dismiss the claims against Tupperware with prejudice.

8.3.    In the event that this Stipulation is not approved by the Court, or the Effective Date does not occur, then this Stipulation shall be canceled and terminated subject to this paragraph unless Lead Counsel and Settling Defendants' Counsel mutually agree in writing to proceed with this Stipulation. None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein. Without limitation of any Settling Party's other rights or remedies at law or in equity to enforce its rights against any other Settling Party that breaches its obligations under this Stipulation, no breach by any Settling Party of its obligations under this Stipulation shall permit any other Settling Party to terminate this Stipulation or, after the Effective Date, affect or impair the disposition of the Action or release of claims contemplated by ¶¶ 5.1–5.2.

8.4.    Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or shall not become effective for any reason, within thirty (30) calendar days after written notification of such event is sent by Settling Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶ 2.13–2.14 hereof, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶ 2.4 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 6.2(ii) hereof, shall be refunded by the Escrow Agent to the Persons or entities that made payment into the Escrow Accounts, plus accrued interest pursuant to written instructions from Settling Defendants. At the

38

request of Settling Defendants the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to the Persons or entities that made payment into the Escrow Accounts.

8.5.    In the event the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action immediately prior to the execution of this Stipulation.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.0–1.41 and ¶¶ 8.3–8.6 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc.*  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.6.    If the Effective Date does not occur, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any Notice and Administration Expenses actually and properly disbursed from the Settlement Fund.  In addition, any Notice and Administration Expenses already incurred and properly chargeable to the Settlement pursuant to this Stipulation at the time of such termination or cancellation,

39

but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded.

## 9. Miscellaneous Provisions

9.0.    This Stipulation, and all related documents, shall not be construed as or deemed to be evidence of (i) any presumption, an admission or concession on the part of any Defendant, or any of Settling Defendants' Released Parties (as defined in ¶ 1.26(i)), with respect to any claim of any fact alleged by Plaintiffs or any member of the Settlement Class, the validity of any claim that was or could have been asserted by Plaintiffs or any member of the Settlement Class, or any deficiency or any defense that has been or could have been asserted by the Settling Defendants in this Action or in any other litigation, or (ii) any liability, negligence, fault, wrongdoing, or damage whatsoever and of any kind of any of the Settling Defendants' Released Parties or in any way referred to for any other reason as against any of the Settling Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceeding.  The Settling Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure.  Further, the Settling Parties, and each of them, will not deny in any statement made to any media representative that the Action is being settled voluntarily after consultation with competent counsel.  The Settling Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining.

40

9.1.    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing teens and conditions of this Stipulation.  Lead Counsel and Settling Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2.    The Settling Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action as well as any disputes which could have been raised in the Action by Plaintiffs, the Settlement Class, and Plaintiffs' Released Parties, and each or any of them, against Settling Defendants and Settling Defendants' Released Parties, Settling Defendants' Counsel, and each or any of them, on the one hand, and by Settling Defendants and the family members, heirs, successors, or assigns of each of the Settling Defendants, and each or any of them, against Plaintiffs the Settlement Class, Plaintiffs' Released Parties, Plaintiffs' Counsel, and each or any of them, on the other hand.  Accordingly, the Settling Parties agree not to assert in any forum or, in any statement made to any media representative (whether or not for attribution) that the Action was brought by Plaintiffs or defended by any the Settling Defendants, or each or any of them, in bad faith or without a

41

reasonable basis. The Judgment will contain a statement that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Settling Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3.    Except as otherwise provided herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.4.    The Settlement contemplated herein is not subject to or contingent upon confirmatory discovery or other discovery.

9.5.    Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:

(i)    may be deemed, or shall be used, offered or received against Settling Defendants or Settling Defendants' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Plaintiffs' Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing,

42

liability, negligence, or fault of the Settling Defendants and Settling Defendants' Released Parties, or any of them;

(ii) may be deemed, or shall be used, offered or received against Plaintiffs, the Settlement Class, Plaintiffs' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Settling Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Settling Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action

If this Stipulation is approved by the Court, any party or any of the Released Parties may file this Stipulation and/or Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

9.6.    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.7.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.8.    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

43

9.9.    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10.    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

9.11.    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation all exchange original signed counterparts.

9.13.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto and the Released Parties.

9.14.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.15.   This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Florida and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to that State's choice of law principles.

9.16.   This Stipulation is deemed to have been prepared by counsel for all Settling Parties, as a result of arm's length negotiations among the Settling Parties. Whereas all Settling Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.17.   Whenever this Stipulation requires or contemplates that a Settling Party shall or may give notice to the other, notice shall be provided by electronic mail, or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery to the address set forth below:

If to Plaintiffs, then to:

Jeremy Lieberman
Michael J. Wernke
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
mjwernke@pomlaw.com

*and*

Shannon L. Hopkins
Gregory M. Potrepka
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
shopkins@zlk.com
gpotrepka@zlk.com

If to Settling Defendants, then to:

James W. Ducayet
Jennifer M. Wheeler
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
jducayet@sidley.com
jwheeler@sidley.com

Ian M. Ross
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Tel: (305) 391-5100
iross@sidley.com

9.18. All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

46

9.19.   The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 21, 2025.

| | |
|---|---|
| **POMERANTZ LLP** | **SIDLEY AUSTIN LLP** |
| | |
| _Jeremy A. Lieberman_ | _James W. Ducayet_ |
| Jeremy A. Lieberman | James W. Ducayet |
| Michael J. Wernke | Jennifer M. Wheeler |
| 600 Third Avenue, 20th Floor | Abigail Bachrach |
| New York, NY 10016 | One South Dearborn Street |
| Tel: (212) 661-1100 | Chicago, IL 60603 |
| jalieberman@pomlaw.com | Tel: (312) 853-7000 |
| mjwernke@pomlaw.com | jducayet@sidley.com |
| | jwheeler@sidley.com |
| **LEVI & KORSINSKY, LLP** | abachrach@sidley.com |
| | |
| _Shannon L. Hopkins_ | **SIDLEY AUSTIN LLP** |
| Shannon L. Hopkins* | Ian M. Ross |
| Gregory M. Potrepka* | 1001 Brickell Bay Drive, Suite 900 |
| Morgan M. Embleton* | Miami, FL 33131 |
| P. Cole von Richthofen* | Tel: (305) 391-5100 |
| 1111 Summer Street, Suite 403 | iross@sidley.com |
| Stamford, CT 06905 | |
| Tel: (212) 992-4523 | _Attorneys for Settling Defendants Miguel_ |
| shopkins@zlk.com | _Fernandez and Cassandra Harris_ |
| gpotrepka@zlk.com | |
| membleton@zlk.com | |
| cvrichthofen@zlk.com | |

_Lead Counsel for Plaintiffs and the Class_

*_pro hac vice_ forthcoming or submitted

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS, <br><br> Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE**

1

WHEREAS, Plaintiffs Michael J. Dennehy, Ralph Estep, and Michael Edge (on behalf of themselves and each of the Settlement Class Members) ("Plaintiffs"), and Defendants Miguel Fernandez ("Fernandez") and Cassandra Harris ("Harris" and, with Fernandez, the "Settling Defendants"), have entered into the Amended Stipulation of Settlement, dated July 21, 2025 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Florida) (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2025, that:

1. Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2. The Court has reviewed the Settlement Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), taking into account that: (1) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (2) the Settlement

Stipulation resulted from good faith, arm's length negotiations; (3) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Final Approval Hearing, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other, subject to further consideration at the Final Approval Hearing described below.

3.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons and entities who purchased or otherwise acquired Tupperware Securities between May 5, 2021 and May 4, 2022 inclusive and were injured thereby. Excluded from the Settlement Class are: (a) the Settling Defendants; (b) members of the immediate families of the Settling Defendants; (c) the subsidiaries and affiliates of the Settling Defendants; (d) any person who is an officer, director or controlling person of Tupperware; (e) any entity in which any Settling Defendant has a controlling interest; (f) the Settling Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class will be any person or entity who or which timely and validly seeks exclusion from the Settlement Class.

4.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Lead Counsel, previously selected by Lead Plaintiffs and appointed by the Court, are hereby appointed as Lead Counsel for the Settlement Class.

6.      A hearing (the "Final Approval Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court, either in person, telephonically, or via videoconference at the Court's discretion, on _____ 2025 at __:___ _.m. for the following purposes:

(a)      to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)   to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)   to determine finally whether the Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Settled Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Settled Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d)   to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)   to consider the application of Lead Counsel for an award of attorneys' fees and expenses and a Compensatory Award to Plaintiffs;

(f)   to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Final Approval Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Final Approval Hearing; and

(g)   to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to adjourn the Final Approval Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court approves the form, substance and requirements of (a) the Postcard Notice, (b) Long Notice, (c) the Proof of Claim, and (d) the Publication Notice, all of which are exhibits to the Settlement Stipulation.

9.     Lead Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.    For settlement purposes only, Epiq Class Action and Claims Solutions, Inc. is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11.    Lead Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the form annexed to the Settlement Stipulation, to be mailed, by first class mail, postage prepaid, within twenty one (21) calendar days of

entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Lead Counsel, through the Claims Administrator.

12.    Within fourteen (14) calendar days after (i) entry of this Order and (ii) transmission to Settling Defendants' Counsel of payment instructions for check or wire into the Escrow Account (including the name, tax identification number, and Form W-9, wire transfer or electronic payment (ACH) instructions and/or any requisite electronic payment authorization forms, and the name and telephone number of an individual who can verbally confirm wire instructions), Settling Defendants shall pay or cause to be paid to the Escrow Agent $21,750,000 (Twenty-One Million Five Hundred Fifty Thousand Dollars) to be deposited by the Escrow Agent into the Escrow Account.

13.    No later than fourteen (14) calendar days after the entry of this Order, Settling Defendants shall use their best efforts to provide at their expense lists of Tupperware shareholders of record during the Settlement Class Period, in electronic format, such as Excel, to the extent such lists are reasonably available from Tupperware's transfer agent.

14.    Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Tupperware common stock during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the letter, either (i) request additional copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and

within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) or within ten (10) calendar days of receipt of the letter, request from the Claims Administrator the link to the location hosting the electronic Long Notice and Proof of Claim and, within ten (10) calendar days of receipt, email the link to beneficial owners for whom valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. Where the Claims Administrator receives a valid email address, they shall email the link to the location of the electronic Long Notice and Proof of Claim to beneficial owners. Nominees or custodians who elect to send the Postcard Notice or email the link to the electronic Long Notice and Proof of Claim to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing and/or emailing has been made as directed. Additional copies of the Long Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, in an amount not to exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per link to the electronic Long Notice and Proof of Claim emailed; or $0.03 per name, address, and email address (to the extent available) provided to the Claims Administrator,

which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

15.    Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon counsel for the Settling Defendants and file with the Court proof, by affidavit or declaration, of the mailing of the Postcard Notice and emailing of links to the electronic Long Notice and Proof of Claim as required by this Order.

16.    Lead Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Long Notice and Proof of Claim to be posted on the Claims Administrator's website (www.TupperwareSecuritiesSettlement.com) within twenty-one (21) calendar days after entry of this Order.

17.    Lead Counsel, through the Claims Administrator, shall cause the Publication Notice to be published electronically once over a national newswire service within twenty-eight (28) calendar days of entry of this Order. Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon counsel for the Settling Defendants and file with the Court proof of publication of the Publication Notice.

18.    The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the

Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Long Notice, postmarked no later than _____, 2025 (twenty-one (21) calendar days prior to the Final Approval Hearing), or submitted electronically via the Settlement website at www.TupperwareSecuritiesSettlement.com no later than 11:59 p.m. EST on _____, 2025. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted, when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Long Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim form, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency, if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar

days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim forms, nor shall any discovery from or of Settling Defendants be allowed on any topic.

20.    All Settlement Class Members who do not submit valid and timely Proof of Claim forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Judgment, if entered.

21.    Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing (the "Exclusion Deadline"), at the addresses listed

in the Long Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Florida)"; and (B) state (i) the date, number and dollar amount of Tupperware common stock shares purchased or acquired during the Settlement Class Period, and any sale transactions, and (ii) the number of shares of Tupperware common stock held by the Person as of May 4, 2022.  In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale or disposition transaction of Tupperware common stock during the Settlement Class Period and (ii) demonstrating the Person's status as a beneficial owner of the Tupperware common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22.    The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the

Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

23.    Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) calendar days before the Final Approval Hearing, in which event that Person will be included in the Settlement Class.

24.    All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

25.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Final Approval Hearing Date:

LEAD COUNSEL:

Jeremy A. Lieberman
Michael J. Wernke
**POMERANTZ LLP**
600 Third Avenue, Floor 20
New York, New York 10016
jalieberman@pomlaw.com
mjwernke@pomlaw.com

*and*

Shannon L. Hopkins
Gregory M. Potrepka
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
shopkins@zlk.com
gpotrepka@zlk.com

COUNSEL FOR THE SETTLING DEFENDANTS:

**SIDLEY AUSTIN LLP**
James W. Ducayet
Jennifer M. Wheeler
Abigail Bachrach
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
jducayet@sidley.com
jwheeler@sidley.com
abachrach@sidley.com

Ian M. Ross
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Tel: (305) 391-5100
iross@sidley.com

and that Person has (at least twenty-one (21) calendar days prior to the Final Approval

Hearing date) filed said objections, papers and briefs, showing due proof of service

upon counsel identified above, with the Clerk of the Court, U.S. District Court, Middle

District of Florida, 401 West Central Boulevard, Orlando, Florida 32801. To be valid,

any such objection must contain the Settlement Class Member's (1) name, address,

and telephone number; (2) a list of all purchases and sales of Tupperware common

stock during the Settlement Class Period in order to show membership in the

Settlement Class; (3) all grounds for the objection, including any legal support known

to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Final Approval Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

26.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless

otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

27.    The Court reserves the right to adjourn the Final Approval Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

28.    All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Final Approval Hearing.

29.    Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

30.    Settling Defendants, their counsel, their insurers and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to Plaintiffs submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31.    Pending final determination of whether the Settlement should be approved, all Released Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Settled Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and

terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

32.    All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

33.    Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendants, their counsel, their insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

34.    In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the

Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to of the date of the Settlement Stipulation.

35.    The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Settling Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

Dated: _____, 2025

_____
HON. LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

EXHIBIT B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS, <br><br> Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING

If you purchased or otherwise acquired public shares in Tupperware Brands Corporation ("Tupperware" or "the Company") between May 5, 2021 through May 4, 2022, both dates inclusive (the "Settlement Class Period"), you could get a payment from a proposed class action settlement (the "Settlement").

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Final Approval Hearing on _____  ___, 2025 at _____ to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $21,750,000 (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, and administrative expenses, net of any taxes on interest, to pay claims of investors who purchased Tupperware common stock.

- The Settlement represents an average recovery of $1.42 per share of Tupperware common stock for the approximately 15.3 million estimated shares of common stock that Plaintiffs allege were damaged and declined in value as a result of Tupperware, Miguel Fernandez, and Cassandra Harris's ("Defendants") alleged misconduct during the Settlement Class Period. A share may have been traded more than once during the Settlement Class Period. This estimate solely reflects the average recovery per outstanding share of Tupperware common stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Tupperware common stock, and the total number of claims filed. See the Plan of Allocation on page 12 below for more details.

EXHIBIT B

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release Form ("Proof of Claim") by _____, 2025.

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount ($7,264,500) plus interest and reimbursement of up to $700,000 in litigation expenses. Since the Action's inception, Lead Counsel have expended considerable time and effort in this litigation on a contingent-fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel also intends to ask the Court to grant a Compensatory Award to Plaintiffs collectively not to exceed $50,000. Collectively, the requested attorneys' fees and litigation expenses and Award to Plaintiffs are estimated to average $0.52 per allegedly damaged share of Tupperware common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The average recovery, after the deductions set forth in the preceding paragraph, is $0.90 per allegedly damaged share of Tupperware common stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Tupperware common stock, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning Plaintiffs' allegations that Miguel Fernandez and Cassandra Harris (collectively "Settling Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public, including Tupperware's ability to maintain gross margins through price increases in the face of increasing costs. Settling Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Plaintiffs. Settling Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Settling Defendants continue to believe the claims asserted against them in the Action are without merit.

- The Settling Parties disagree on how much money could have been won if the investors won at trial.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim forms must be postmarked or submitted online by ____, 2025 |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Settling Defendants or any other Released Parties about the legal claims in this case. Requests for Exclusion must be received by ____, 2025 |

2

EXHIBIT B

| | |
|---|---|
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by counsel by _____, 2025 |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by counsel by _____, 2025 |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| | or | |
|---|---|---|
| Tupperware Brands Corporation Securities Litigation<br>c/o Epiq Systems Class Action & Claims Solutions<br>P.O. Box 2960<br>Portland, OR 97208-2960<br>Telephone: (888) 835-6412<br>Email: info@TupperwareSecuritiesSettlement.com | | Jeremy Lieberman<br>Michael J. Wernke<br>**POMERANTZ LLP**<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>jalieberman@pomlaw.com<br>mjwernke@pomlaw.com<br><br>*and*<br><br>Shannon L. Hopkins<br>Gregory M. Potrepka<br>**LEVI & KORSINSKY, LLP**<br>1111 Summer Street, Suite 403<br>Stamford, CT 06905<br>Telephone: (212) 992-4523<br>shopkins@zlk.com<br>gpotrepka@zlk.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Amended Stipulation of Settlement, dated July 21, 2025 (the "Settlement Stipulation").

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| 1. | **Why did I get this notice package?** |
|---|---|

3

EXHIBIT B

You or someone in your family may have purchased or otherwise acquired Tupperware common stock between May 5, 2021 and May 4, 2022, both dates inclusive (the "Settlement Class Period").

| 2. | **What is this lawsuit about?** |
|---|---|

This case is known as *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.) (the "Action"). The Court in charge of the case is the United States District Court for the Middle District of Florida. The Action involves allegations that Defendants violated certain federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public regarding Tupperware's ability to maintain gross margins through price increases in the face of increasing costs. The Second Amended Class Action Complaint (the "SAC") alleges that the misstatements or omissions artificially inflated the price of Tupperware common stock, and that the prices dropped in response to certain subsequent disclosures. Settling Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Settling Defendants or any of the Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |
|---|---|

Plaintiffs and Settling Defendants do not agree regarding the merits of Plaintiffs' allegations and Settling Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Settling Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Settling Defendants acted with scienter; (3) whether the alleged disclosures were corrective disclosures; (4) whether the proposed class meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure; (5) the causes of the loss in the value of the securities; and (6) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Settling Defendants. Instead, Plaintiffs and Settling Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any judgment on appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation

4

of this type is usually expensive, it appears that, even if Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Settlement Class includes all persons or entities, except those who are excluded as described below, who purchased or otherwise acquired Tupperware common stock between May 5, 2021 and May 4, 2022, both dates inclusive (the "Settlement Class Period").

If one of your mutual funds owns Tupperware common stock, that alone does not make you a Settlement Class Member. Also, if you sold Tupperware common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired Tupperware common stock. Contact your broker to see if you have made any of these transactions.

| 6. | Are there exceptions to being included? |
|---|---|

Yes. Excluded from the Settlement Class are (i) Settling Defendants; (ii) members of the immediate families of the Settling Defendants; (iii) the subsidiaries and affiliates of Settling Defendants; (iv) any person who is an officer, director or controlling person of Tupperware; (v) any entity in which any Settling Defendant has a controlling interest; (vi) Settling Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class will be any Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth below.

| 7. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 888-835-6412 or at info@TupperwareSecuritiesSettlement.com or by visiting the website at www.TupperwareSecuritiesSettlement.com, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

The proposed Settlement provides that the Settling Defendants will cause $21,750,000 to be paid into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Plaintiffs' Counsel, and Compensatory Awards to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement

5

EXHIBIT B

Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

| 9. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including: (i) how many shares of Tupperware common stock you purchased or sold during the Settlement Class Period, and the dates and prices of those purchases and sales; (ii) the number of timely and valid claims submitted by other Settlement Class Members, and the purchases and sales of Tupperware common stock represented by those claims; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and the amount awarded to Lead Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's "Recognized Loss." The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims ("Authorized Claimants"). The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. You can calculate your Recognized Loss by following the instructions in the Plan of Allocation at page 12 of this Notice.

It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a valid Proof of Claim form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim form is enclosed with this Notice and may also be downloaded at www.TupperwareSecuritiesSettlement.com. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or received no later than _____, 2025 (11:59 p.m. EST if submitted online). The claim form may be submitted online at www.TupperwareSecuritiesSettlement.com or mailed to:

Tupperware Brands Corporation Securities Litigation
c/o Epiq Systems Class Action & Claims Solutions
P.O. Box 2960
Portland, OR 97208-2960
Telephone: (888) 835-6412
Email: info@TupperwareSecuritiesSettlement.com

6



EXHIBIT B

| 11. | **When would I get my payment?** |
|-----|-----------------------------------|

The Court will hold a Final Approval Hearing on _____, 2025 at _____ to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Thus, it is unclear when any payment may be made. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|-----|------------------------------------------------------------------------------|

Unless you exclude yourself from the Settlement Class by the _____, 2025 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Settling Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective present, former and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives, and agents, and any person or entity which is or was related to or affiliated with any Releasing Party or in which any Releasing Party has a controlling interest, and each of their immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Settling Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Tupperware common stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of Tupperware common stock during the Settlement Class Period. The specific terms of the release are included in the Settlement Stipulation.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue the Settling Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself, or "opting out," from the Settlement.

| 13. | **How do I exclude myself or opt out of the proposed Settlement?** |
|-----|---------------------------------------------------------------------|

To exclude yourself from the Settlement, you must mail a letter stating that [Your Name] "requests to be excluded from the Settlement Class in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.)." To be valid, the letter must state (A) your name, address, telephone number, and e-mail address (if any); (B) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Tupperware common stock during the Settlement Class Period; and (C) the number of shares of Tupperware common stock held by you as of May 4, 2022. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale or disposition transaction of Tupperware common stock during the Settlement Class Period and (ii) demonstrating the Person's status as a beneficial owner of the Tupperware common stock. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty

7

of perjury. You must submit your exclusion request so that it is **received no later than _____, 2025 at**:

Tupperware Brands Corporation Securities Litigation
c/o Epiq Class Action and Claims Solutions, Inc.
P.O. Box 2960
Portland, OR 97208-2960

You cannot exclude yourself by telephone or by e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

| 14. | **If I do not exclude myself, can I sue Settling Defendants or the other Released Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue Settling Defendants or the other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Parties or related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2025.**

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

However, you may revoke your exclusion by submitting a written revocation of your request for exclusion up until _____, 2025 (two (2) days before the Final Approval Hearing) and receive payments pursuant to the Settlement provided that you also submit a valid, timely Proof of Claim, as set forth in question 10, above.

## THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Pomerantz LLP and Levi & Korsinsky, LLP as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP and Levi & Korsinsky, LLP is provided above. *See* Inquiries at page 3.

| 17. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion at the Final Approval Hearing asking the Court for an award of attorneys' fees in an amount not greater than one-third of the Settlement Fund, equaling $7,264,500 plus interest. Lead Counsel has agreed to share the awarded attorneys' fees with other Plaintiffs' Counsel. Lead

8

Counsel will also seek reimbursement of litigation expenses of no more than $700,000 and a Compensatory Award to Plaintiffs collectively not to exceed $50,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.) (M.D. Fl.). Be sure to include: (1) your name, address, telephone number, and your signature; (2) the date(s), price(s), and amount(s) of all Tupperware common stock that you purchased, otherwise acquired, sold, or otherwise disposed of during the Settlement Class Period, and documentation sufficient to establish the foregoing, in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Final Approval Hearing is not necessary. Objectors wishing to be heard orally at the Final Approval Hearing must indicate in their written objection that they that you "intend to appear in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.)" and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing.

9

Be sure to mail or deliver copies of any objections, papers and briefs to **each** of the addresses listed below such that they are **received no later than _____, 2025 (twenty-one (21) days prior to the Final Approval hearing):**

| Clerk of the Court | Lead Counsel | Counsel For the Settling Defendants |
|---|---|---|
| United States District Court Middle District of Florida 401 West Central Boulevard Courtroom 4A Orlando, FL 32801 | Jeremy Lieberman Michael J. Wernke POMERANTZ LLP 600 Third Avenue, 20th Floor New York, NY 10016<br><br>and<br><br>Shannon L. Hopkins Gregory M. Potrepka LEVI & KORSINSKY, LLP 1111 Summer Street, Suite 403 Stamford, CT 06905 | James W. Ducayet Jennifer M. Wheeler Abigail Bachrach **SIDLEY AUSTIN LLP** One South Dearborn Street Chicago, IL 60603 Tel: (312) 853-7000 jducayet@sidley.com jwheeler@sidley.com abachrach@sidley.com<br><br>Ian M. Ross 1001 Brickell Bay Drive, Suite 900 Miami, FL 33131 Tel: (305) 391-5100 iross@sidley.com |

| 19. | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a Final Approval Hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

| 20. | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Final Approval Hearing on _____, 2025 at _____ at the United States District Court, 401 West Central Boulevard, Courtroom 5D, Orlando, Florida 32801.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether a Final Judgment as provided in the Settlement Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded

10

to Lead Counsel for attorneys' fees and expenses and a Compensatory Award to Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Final Approval Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Settling Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

## GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Settlement Stipulation dated July 21, 2025. The Settlement Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Settlement Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting www.TupperwareSecuritiesSettlement.com or by contacting the Claims Administrator toll-free at 888-835-6412.

| 25. | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Action, see the Settlement Stipulation, the pleadings in the Action, the papers filed in support of the Settlement,

11

and the orders entered by the Court, which will be posted on the settlement website www.TupperwareSecuritiesSettlement.com. For a fee, all papers filed in this Action are also available at www.pacer.gov.

## PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG SETTLEMENT CLASS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below.

A Recognized Loss will be calculated for each share of Tupperware common stock purchased or otherwise acquired during the Settlement Class Period.[1] The calculation of Recognized Loss will depend upon several factors, including when shares of Tupperware common stock were purchased or otherwise acquired during the Settlement Class Period, and for what price, and whether those shares were sold, and if sold, when they were sold. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Tupperware common stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Tupperware common stock is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Tupperware common stock is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Tupperware common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which allegedly corrected an alleged misleading statement or omission. Plaintiffs and Lead Counsel have determined that such price declines occurred on the following dates: November 3, 2021; November 4, 2021; and May 4, 2022 (the "Corrective Disclosure Dates"). Accordingly, if a share of Tupperware common stock was sold before November 3, 2021 (the earliest Corrective Disclosure Date) the Recognized Loss for that share is zero ($0.00), and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Tupperware common stock was both

---

[1] During the Settlement Class Period, Tupperware common stock was listed on the New York Stock Exchange ("NYSE") under the ticker symbol "TUP."

12

purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is zero ($0.00).

| Table 1 Artificial Inflation in Tupperware Common Stock[2] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| May 5, 2021 | November 2, 2021 | $12.46 |
| November 3, 2021 | November 3, 2021 | $6.89 |
| November 4, 2021 | May 3, 2022 | $6.13 |
| May 4, 2022 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Tupperware common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Tupperware common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Tupperware common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Tupperware common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Per Share of Tupperware Common Stock

For each share of Tupperware common stock purchased or otherwise acquired during the Settlement Class Period (i.e., May 5, 2021 through May 4, 2022, inclusive), the Recognized Loss per share shall be calculated as follows:

i.     **For each share of Tupperware common stock sold prior to November 3, 2021, the Recognized Loss is zero ($0.00).**

ii.    **For each share of Tupperware common stock purchased during the period May 5, 2021 through May 3, 2022, inclusive, that was subsequently sold during the period November 3, 2021 through May 3, 2022, inclusive, the Recognized Loss is the amount of price inflation on the date of purchase as appears in Table 1 above *minus* the amount of price inflation on the date of sale as appears in Table 1.**

---

[2] The latest alleged corrective disclosures occurred prior to market open on May 4, 2022. Thus, under the Plan of Allocation, there is no alleged artificial inflation in the price of Tupperware common stock on or after May 4, 2022, and there is no recovery for purchases of Tupperware common stock on or after May 4, 2022.

13

iii. **For each share of Tupperware common stock purchased during the period May 5, 2021 through May 3, 2022, inclusive, that was subsequently sold during the period May 4, 2022 through August 1, 2022, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:**

    a. **the amount of price inflation on the date of purchase as appears in Table 1 above; or**

    b. **the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.**

iv. **For each share of Tupperware common stock purchased during the period May 5, 2021 through May 3, 2022, inclusive, and still held as of the close of trading on August 1, 2022, the Recognized Loss is *the lesser of*:**

    a. **the amount of price inflation on the date of purchase as appears in Table 1 above; or**

    b. **the purchase price *minus* the average closing price for Tupperware common stock during the 90-Day Lookback Period, which is $6.94.**

v. **For each share of Tupperware common stock purchased on or after May 4, 2022, the Recognized Loss per share is zero ($0.00).**

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 5/4/2022 | $12.15 | 6/3/2022 | $7.26 | 7/6/2022 | $6.94 |
| 5/5/2022 | $11.38 | 6/6/2022 | $7.22 | 7/7/2022 | $6.95 |
| 5/6/2022 | $10.89 | 6/7/2022 | $7.19 | 7/8/2022 | $6.96 |
| 5/9/2022 | $10.29 | 6/8/2022 | $7.14 | 7/11/2022 | $6.94 |
| 5/10/2022 | $9.75 | 6/9/2022 | $7.10 | 7/12/2022 | $6.94 |
| 5/11/2022 | $9.31 | 6/10/2022 | $7.07 | 7/13/2022 | $6.93 |
| 5/12/2022 | $8.95 | 6/13/2022 | $7.02 | 7/14/2022 | $6.92 |
| 5/13/2022 | $8.74 | 6/14/2022 | $6.97 | 7/15/2022 | $6.91 |
| 5/16/2022 | $8.53 | 6/15/2022 | $6.96 | 7/18/2022 | $6.91 |
| 5/17/2022 | $8.39 | 6/16/2022 | $6.95 | 7/19/2022 | $6.91 |
| 5/18/2022 | $8.20 | 6/17/2022 | $6.94 | 7/20/2022 | $6.92 |
| 5/19/2022 | $8.03 | 6/21/2022 | $6.94 | 7/21/2022 | $6.92 |
| 5/20/2022 | $7.88 | 6/22/2022 | $6.94 | 7/22/2022 | $6.93 |
| 5/23/2022 | $7.74 | 6/23/2022 | $6.95 | 7/25/2022 | $6.93 |
| 5/24/2022 | $7.60 | 6/24/2022 | $6.95 | 7/26/2022 | $6.92 |
| 5/25/2022 | $7.51 | 6/27/2022 | $6.96 | 7/27/2022 | $6.92 |
| 5/26/2022 | $7.47 | 6/28/2022 | $6.95 | 7/28/2022 | $6.93 |
| 5/27/2022 | $7.44 | 6/29/2022 | $6.94 | 7/29/2022 | $6.93 |
| 5/31/2022 | $7.40 | 6/30/2022 | $6.92 | 8/1/2022 | $6.94 |
| 6/1/2022 | $7.35 | 7/1/2022 | $6.92 | N/A | N/A |

14

| 6/2/2022 | $7.31 | 7/5/2022 | $6.94 | N/A | N/A |
|----------|-------|----------|-------|-----|-----|

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, which is determined based on the number of Proof of Claim and Release forms submitted and accepted as valid, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Tupperware common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees and commissions.

If a Settlement Class Member acquired Tupperware common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Tupperware shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for such shares shall be deemed to be zero ($0.00).

Notwithstanding any of the above, shares of Tupperware common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities are not eligible to participate in the Settlement. Also, receipt of Tupperware common stock during the Settlement Class Period in exchange for securities of any corporation or entity other than Tupperware shall not be deemed a purchase or sale of Tupperware common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Tupperware common stock held as of the close of trading on May 4, 2021 (the day before the Settlement Class Period begins) and then against the purchase of Tupperware common stock during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in Tupperware common stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

With respect to Tupperware common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of Tupperware common stock acquired during the Settlement Class Period through the exercise of a publicly traded option on Tupperware common stock[3] shall be computed as provided for other purchases of Tupperware common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Settlement Class Members. A Recognized Loss will be calculated as defined herein and cannot be less than

---

[3] The "exercise of a publicly traded option" as used in this sentence includes: (1) purchases of Tupperware common stock as the result of the exercise of a publicly traded call option, and (2) purchases of Tupperware common stock by the seller of a publicly traded put option as a result of the buyer of such put option exercising that put option.

15

EXHIBIT B

zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

Settling Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs, Lead Counsel, and the Claims Administrator likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead  Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible.

DATED: _____        _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA

16

EXHIBIT C

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS, <br><br> Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

## SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING

**To:** **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TUPPERWARE COMMON STOCK BETWEEN MAY 5, 2021 AND MAY 4, 2022, BOTH DATES INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Middle District of Florida, that a hearing will be held on _____, 2025, at __:__ _.m. Eastern before the Honorable Leslie Hoffman Price, United States Magistrate Judge of the Middle District of Florida, 401 West Central Boulevard, Courtroom 5D, Orlando, Florida 32801, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $21,750,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds ("Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to one-third of the Settlement Amount ($7,264,500)

EXHIBIT C

plus interest, reimbursement of expenses of not more than $700,000, and a Compensatory Award to Plaintiffs of no more than $50,000 collectively should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated April 10, 2025 (the "Settlement Stipulation").[1]

If you purchased or otherwise acquired Tupperware common stock between May 5, 2021 and May 4, 2022, both dates inclusive (the "Settlement Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Tupperware common stock. If you have not received a detailed Notice of Proposed Settlement of Class Action, Motion For Attorneys' Fees And Expenses, And Final Approval Hearing ("Long Notice") and a copy of the Proof of Claim form, you may obtain copies by visiting www.TupperwareSecuritiesSettlement.com or by contacting the Claims Administrator toll-free at 888-835-6412 or at info@TupperwareSecuritiesSettlement.com. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim postmarked or submitted online no later than _____, 2025, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than _____, 2025, in the manner and form explained in the Long Notice. All members of the Settlement Class who have

---

[1] Miguel Fernandez and Cassandra Harris ("Settling Defendants") deny any and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Plaintiffs, including but not limited to, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Settling Defendants continue to believe the claims asserted against them in the Action are without merit.

2

EXHIBIT C

not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than _____, 2025, to each of the following:

| Clerk of the Court | Lead Counsel | Counsel For the Settling Defendants |
|---|---|---|
| United States District Court Middle District of Florida 401 West Central Boulevard Rm. 4A Orlando, Florida 32801 | Jeremy Lieberman Michael J. Wernke POMERANTZ LLP 600 Third Avenue 20th Floor New York, NY 10016jalieberman@pomlaw.com mjwernke@pomlaw.com  and  Shannon L. Hopkins Gregory M. Potrepka LEVI & KORSINSKY, LLP 1111 Summer Street Suite 403 Stamford, CT 06905 shopkins@zlk.com Email: gpotrepka@zlk.com | James W. Ducayet Jennifer M. Wheeler Abigail Bachrach SIDLEY AUSTIN LLP One South Dearborn Street Chicago, IL 60603 Tel: (312) 853-7000 jducayet@sidley.com jwheeler@sidley.com abachrach@sidley.com  Ian M. Ross 1001 Brickell Bay Drive, Suite 900 Miami, FL 33131 Tel: (305) 391-5100 iross@sidley.com |

If you have any questions about the Settlement, you may visit www.TupperwareSecuritiesSettlement.com or write to Lead Counsel at the above address. **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _____, 2025

_____
BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

3

*Tupperware Brands Corporation Securities Litigation*
c/o Epiq Systems Class Action & Claims Solutions
P.O. Box 2960
Portland, OR 97208-2960
Telephone: (888) 835-6412
Email: info@TupperwareSecuritiesSettlement.com

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*You may be entitled to a payment. This notice may affect your legal rights.*

*Please read it carefully.*

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.TUPPERWARESECURITIESSETTLEMENT.COM OR CALL 1- 888-835-6412 FOR MORE INFORMATION.*

The United States District Court for the Middle District of Florida (the "Court") has preliminarily approved a proposed Settlement of claims against defendants Miguel Fernandez and Cassandra Harris (collectively, "Settling Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that Settling Defendants violated federal securities laws, causing damage to Settlement Class Members. Settling Defendants deny any wrongdoing.

You received this notice because you may have purchased or otherwise acquired Tupperware common stock between May 5, 2021 and May 4, 2022, both dates inclusive. The Settlement dismisses and releases claims against Settling Defendants and creates a fund consisting of $21,750,000, less attorneys' fees and expenses, which will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proofs of Claim"). The average recovery per share could be $1.42 before deduction of any fees and expenses. The actual amount disbursed to Settlement Class Members who participate in the Settlement may be more or less than this figure. For a full description of the Settlement and your rights and to make a claim, please view the Settlement Stipulation and obtain a copy of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Long Notice") and the Proof of Claim by visiting the website: www.TupperwareSecuritiesSettlement.com. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: Tupperware Brands Corporation Securities Litigation, c/o Epiq Systems Class Action & Claims Solutions, P.O. Box 2960, Portland, OR 97208-2960; (2) toll-free phone: 888-835-6412; (3) or (4) email: info@TupperwareSecuritiesSettlement.com.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.TupperwareSecuritiesSettlement.com. PROOFS OF CLAIM ARE DUE BY _____, 2025 TO: TUPPERWARE BRANDS CORPORATION SECURITIES LITIGATION, C/O EPIQ SYSTEMS CLASS ACTION & CLAIMS SOLUTIONS, P.O. BOX 2960, PORTLAND, OR 97208-2960, or submitted electronically at www.TupperwareSecuritiesSettlement.com. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2025. If you exclude yourself, you cannot get money from this Settlement. If you choose to remain in the Settlement, you may object to it by _____, 2025. The Notice explains how to exclude yourself or to object.

The Court will hold a Final Approval Hearing in this case on _____, 2025 at _:__ _.m. at the Court, 401 West Central Boulevard, Courtroom 5D, Orlando, Florida 32801, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one third (⅓) of the Settlement Fund in attorneys' fees, plus up to $700,000 in expenses, and total award to Plaintiffs of no more than $50,000 for litigating the case and negotiating the Settlement, which amounts to approximately $0.52 per affected share. Lead Counsel are Michael J. Wernke of Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100 and Gregory M.

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.TUPPERWARESECURITIESSETTLEMENT.COM OR CALL 1- 888-835-6412 FOR MORE INFORMATION.*

Potrepka of Levi & Korsinsky, LLP, 1111 Summer Street, Suit 403, Stamford, CT 06905, (212) 992-4523 You may, but do not have to, attend the Final Approval Hearing and ask to be heard by the Court. The Court reserves the right to hold the Final Approval Hearing telephonically or by other virtual means.

EXHIBIT E

## PROOF OF CLAIM AND RELEASE FORM

Deadline for Submission: _____, 2025.

IF YOU PURCHASED OR OTHERWISE ACQUIRED TUPPERWARE BRANDS CORPORATION COMMON STOCK DURING THE PERIOD FROM MAY 5, 2021 THROUGH MAY 4, 2022, BOTH DATES INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. EXCLUDED FROM THE SETTLEMENT CLASS ARE: (I) SETTLING DEFENDANTS; (II) MEMBERS OF THE IMMEDIATE FAMILIES OF THE SETTLING DEFENDANTS; (III) THE SUBSIDIARIES AND AFFILIATES OF SETTLING DEFENDANTS; (IV) ANY PERSON WHO IS AN OFFICER, DIRECTOR OR CONTROLLING PERSON OF TUPPERWARE; (V) ANY ENTITY IN WHICH ANY SETTLING DEFENDANT HAS A CONTROLLING INTEREST; (VI) SETTLING DEFENDANTS' DIRECTORS' AND OFFICERS' LIABILITY INSURANCE CARRIERS, AND ANY AFFILIATES OR SUBSIDIARIES THEREOF; (VII) THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS OF ANY SUCH EXCLUDED PARTY; AND (VIII) OPT-OUTS.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM BY 11:59 P.M. EST ON _____, 2025 AT WWW.TUPPERWARESECURITIESSETTLEMENT.COM.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2025 TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Tupperware Brands Corporation Securities Litigation
c/o Epiq Systems Class Action & Claims Solutions
P.O. Box 2960
Portland, OR 97208-2960
Telephone: (888) 835-6412
Email: info@TupperwareSecuritiesSettlement.com

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2025 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE SETTLING PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

1

EXHIBIT E

## CLAIMANT'S STATEMENT

1. I (we) purchased Tupperware common stock during the Class Period. (Do not submit this Proof of Claim if you did not purchase or otherwise acquire Tupperware common stock).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the "Notice"), or am (are) acting for such person(s); that I am not a (we are not) not Defendant(s) in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or other acquisition of Tupperware common stock during the Class Period, and each sale, if any, of such Tupperware common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Tupperware common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Settlement Stipulation.

EXHIBIT E

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  "Released Parties" has the meaning laid out in the Settlement Stipulation.

10. "Released Claims" has the meaning laid out in the Settlement Stipulation.

11. "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

12. I (we) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Settlement website.)  All such Representative Filers MUST also submit a manually signed Proof of Claim. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number.   If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at 888-835-6412, email at info@TupperwareSecuritiesSettlement.com, or visit their website at www.TupperwareSecuritiesSettlement.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.TupperwareSecuritiesSettlement.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at 888-835-6412 or info@TupperwareSecuritiesSettlement.com.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

EXHIBIT E

## I. CLAIMANT INFORMATION

| Name: |
|---|
| |
| Address: |
| |

| City | State | ZIP |
|---|---|---|
| | | |

| Foreign Province | Foreign Country |
|---|---|
| | |

| Day Phone | Evening Phone |
|---|---|
| | |

| Email |
|---|
| |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|
| | | |

## II. SCHEDULE OF TRANSACTIONS IN TUPPERWARE COMMON STOCK

### Beginning Holdings:
A. State the total number of shares of Tupperware common stock held at the opening of trading on May 5, 2021 (*must be documented*). If none, write "zero" or "0."

### Purchases/Acquisitions:
B. Separately list each and every purchase or acquisition of Tupperware common stock between May 5, 2021 and August 1, 2022 both dates inclusive, and provide the following information (*must be documented):* [1]

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|

---

[1] Please note: Only Tupperware common stock acquired during the Settlement Class Period (*i.e.*, from May 5, 2021 through May 4, 2022, inclusive) are eligible under the Settlement. However, because the PSLRA provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of Tupperware common stock through August 1, 2022 in order for the Claims Administrator to calculate your Recognized Loss under the Plan of Allocation and process your claim.

EXHIBIT E

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## Sales:

C.  Separately list each and every sale of Tupperware common stock between May 5, 2021 and August 1, 2022, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## Ending Holdings:

D.  State the total number of shares of Tupperware common stock held at the close of trading on August 1, 2022 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## IV. CERTIFICATION

I (We) submit this Proof of Claim under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Florida, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound

EXHIBIT E

by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales Tupperware common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.) Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

EXHIBIT E

THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE AT WWW.TUPPERWARESECURITIESSETTLEMENT.COM BY 11:59 P.M. EST ON _____, 2025, OR POSTMARKED NO LATER THAN _____, 2025, AND MUST BE MAILED TO:

Tupperware Brands Corporation Securities Litigation
c/o Epiq Systems Class Action & Claims Solutions
P.O. Box 2960
Portland, OR 97208-2960
Telephone: (888) 835-6412
Email: info@TupperwareSecuritiesSettlement.com

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2025 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Proof of Claim by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at **888-835-6412** or by email at info@TupperwareSecuritiesSettlement.com.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page 6. If this Proof of Claim is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS,<br><br>Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

## [PROPOSED] ORDER AND FINAL JUDGMENT

EXHIBIT F

On this _____ day of _____, 2025, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Amended Stipulation of Settlement dated July 21, 2025 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Settling Defendants (as defined in the Settlement Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel as fees and reimbursement of expenses; and (5) whether and in what amount to award a Compensatory Award to Plaintiffs;[1] and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Long Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated _____ __, 2025 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims

---

[1] Capitalized Terms not defined herein have the meaning defined in the Settlement Stipulation.

1

Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      This Order and Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Settling Defendants.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

  i.    the interests of the Settlement Class Members in individually controlling the prosecution of separate actions;

  ii.   the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

  iii.  the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

  iv.   the difficulties likely to be encountered in the management of the class action.

4.    The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons and entities who purchased or otherwise acquired Tupperware Brands Corporation ("Tupperware") Securities between May 5, 2021 and May 4, 2022, inclusive, and were injured thereby. Excluded from the Settlement Class are: (a) the Settling Defendants; (b) members of the immediate families of the Settling Defendants; (c) the subsidiaries and affiliates of the Settling Defendants; (d) any person

3

who is an officer, director or controlling person of Tupperware; (e) any entity in which any Settling Defendant has a controlling interest; (f) the Settling Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. [Also excluded from the Class are those persons or entities who or which have timely and validly sought exclusion from the Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.]

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court are hereby appointed as Lead Counsel for the Settlement Class.

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement

4

Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7.     The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Settlement Class Members and the Settling Defendants. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8.     The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against Settling Defendants and the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9.     Plaintiffs, on behalf of themselves and Plaintiffs' Released Parties, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Person ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any

disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Parties. Plaintiffs and Plaintiffs' Released Parties, shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Plaintiffs' Claims in any forum and in any capacity. Plaintiffs and Plaintiffs' Released Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar Plaintiffs and Plaintiffs' Released Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

10.    Settling Defendants, and each of them, on behalf of themselves and Settling Defendants' Released Parties, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Settling Defendants' Claims against Plaintiffs and any and all of Plaintiffs' Released Parties. Settling Defendants, and each of them, on behalf of themselves and Settling Defendants' Released Parties, shall be deemed to have, and by operation of this Order and Final Judgment shall have

6

covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity.

11.    To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Settling.

12.    Lead Counsel is awarded attorneys' fees in the amount of $ _____, and expenses in the amount of $_____, plus any applicable interest, such amounts to be payable out of the Settlement Fund immediately following entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Plaintiffs' Counsel in the manner in which Lead Counsel in good faith believe reflects the

7

contributions of such counsel to the initiation, prosecution, and resolution of the Action. In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel and all other Plaintiffs' Counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated or precludes the Effective Date from occurring, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel and, if applicable, distributed to other counsel.

13.    Plaintiffs are awarded in total $_____ or $_____ each, as a Compensatory Award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

14.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

15.    The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

16.    Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)    is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Settling Defendants, the Released Parties, or each or any of them;

(b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Settling Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)    is or may be deemed to be or shall be used, offered or received against the Settling Parties, Settling Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Settling Defendants, or the Released Parties, or each or any of them, that any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

17.    The Released Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

18.    Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

19.     Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

20.     Without further order of the Court, Settling Defendants and Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

21.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

22.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Counsels' application for an award of attorneys' fees and expenses or an award to Plaintiffs.

23.     In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against

11

the Settling Parties or the Released Parties, and each Settling Party shall be restored to

his, her or its respective litigation positions as they existed prior to March 7, 2025,

pursuant to the terms of the Settlement Stipulation.


Dated: _____, 2025          _____
                                   LESLIE HOFFMAN PRICE
                                   UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

## **EXHIBIT A**