**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL EDGE, MICHAEL J. DENNEHY and RALPH ESTEP,

    Plaintiffs,

v.  Case No:   6:22-cv-1518-RBD-LHP

TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ and CASSANDRA HARRIS,

    Defendants

## ORDER

This matter comes before the Court on Plaintiffs' Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement. Doc. No. 160. According to the motion, Plaintiffs Michael Edge, Michael J. Dennehy, and Ralph Estep, on behalf of themselves and all other settlement class members (collectively, "Plaintiffs") and Defendants Miguel Fernandez and Cassandra Harris (the "Settling Defendants")[1] have entered into an Amended Stipulation of Settlement (the

---

[1] Tupperware Brands Corporation ("Tupperware") is in Bankruptcy. Doc. No. 130. This action was therefore stayed as to Tupperware. Doc. No. 132. However, the Bankruptcy Court has authorized Defendants Miguel Fernandez and Cassandra Harris to

"Amended Settlement") dated July 21, 2025, (Doc. No. 160-2, at 1-48).[2]  The parties now seek the Court's certification of the proposed class for settlement purposes, as well as preliminary approval of the settlement, to include the requested Claims Administrator, the form and method of notice to the proposed class, and the parties' proposed settlement schedule.  Doc. No. 160, at 12.  Upon review of the motion and all attached exhibits, the Court finds the motion well-taken.[3]  *See, e.g., In re Health Ins. Innovations Sec. Litig.*, No. 8:17-cv-2186-T-60SPF, 2020 WL 10486665 (M.D. Fla. Oct. 21, 2020), *report and recommendation adopted*, No. 8:17-cv-2186-T-60SPF, 2020 WL 10486666 (M.D. Fla. Nov. 19, 2020); *Parker v. Universal Pictures*, No. 6:16-cv-1193-Orl-41DCI, 2019 WL 1521708 (M.D. Fla. Feb. 28, 2019), *report and recommendation adopted*, No. 6:16-cv-1193-ORL-41DCI, 2019 WL 1518958 (M.D. Fla. Apr. 8, 2019).

---

proceed with settlement. *See In re: TUPPERWARE BRANDS CORPORATION, et al.*, No. 24-12156-BLS (Bankr. D. Del. Apr. 7, 2024) (Doc. No. 617) (order modifying automatic stay and authorizing payment of settlement fees).

[2] All page references are to the CM/ECF pagination.

[3] The parties consented to the undersigned's disposition of Plaintiffs' first motion for preliminary class settlement approval (Doc. No. 153), as well as all "[f]orthcoming motions for final settlement approval and fees and expenses."  Doc. No. 155.  The Presiding District Judge thereafter referred this case to the undersigned "to conduct all proceedings and enter a final order on" those motions.  Doc. No. 156.  On July 9, 2025 the undersigned denied the first motion without prejudice and provided a time period to file a renewed motion, which the parties have now done.  Doc. Nos. 158-159.  The undersigned finds that the parties' consent to my jurisdiction – and the Presiding District Judge's referral – apply equally to the renewed motion and all further proceedings for final settlement approval.  No party has argued otherwise, and if any party believes that the undersigned is without authority to enter this Order, that party may file an appeal pursuant to 28 U.S.C. § 636(c).

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 160) is **GRANTED**.

2. The Court hereby **PRELIMINARILY APPROVES** the Amended Settlement (Doc. No. 160-2), and finds that it was negotiated at arm's length, and is approved on a preliminary basis as being fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing to be conducted as described below. *See* Fed. R. Civ. P. 23(e).

3. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court **CERTIFIES**, solely for purposes of effectuating the Amended Settlement, the following class:

> all Persons and entities who purchased or otherwise acquired Tupperware Securities between May 5, 2021 and May 4, 2022 (the "Class Period") inclusive and were injured thereby. Excluded from the Settlement Class are: (a) the Settling Defendants; (b) members of the immediate families of the Settling Defendants; (c) the subsidiaries and affiliates of the Settling Defendants; (d) any person who is an officer, director or controlling person of Tupperware; (e) any entity in which any Settling Defendant has a controlling interest; (f) the Settling Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class will be any person or entity who or which timely and validly seeks exclusion from the Settlement Class.

(hereinafter, "the Settlement Class").

4.      Specifically, and for purposes of this Amended Settlement only, the Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that the class is clearly ascertainable and (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.      The Court hereby finds and concludes, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Amended Settlement only, that Plaintiffs Michael J. Dennehy, Ralph Estep, and Michael Edge, are adequate class representatives and are therefore **APPOINTED** as the class representatives on behalf of the Settlement Class.  The Court further **APPOINTS** Lead Counsel, Levi & Korsinsky, LLP and Pomerantz LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.      The Court **APPROVES** the form, substance and requirements of (a) the Postcard Notice, (b) Long Notice, (c) the Proof of Claim, and (d) the Publication Notice, all of which are exhibits to the Amended Settlement.  (Doc. No. 160-2, at 68-96). Further, the Court finds that the forms and methods of notifying the Settlement Class Members of the Amended Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto.

7.      Lead Counsel is hereby **AUTHORIZED** to retain Epiq Class Action and Claims Solutions, Inc. ("Epiq") as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

8.      Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Tupperware common stock during the Class Period as record owners but not as beneficial owners.  Such nominees or custodians shall, within **ten (10) days** of receipt of notice, either (i) request additional copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within **ten (10) days** after receipt thereof send copies to such

beneficial owners; (ii) or within **ten (10) days** of receipt of the letter, request from the Claims Administrator the link to the location hosting the electronic Long Notice and Proof of Claim and, within **ten (10) days** of receipt, email the link to beneficial owners for whom valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. Where the Claims Administrator receives a valid email address, they shall email the link to the location of the electronic Long Notice and Proof of Claim to beneficial owners. Nominees or custodians who elect to send the Postcard Notice or email the link to the electronic Long Notice and Proof of Claim to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing and/or emailing has been made as directed. Additional copies of the Long Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund (*see* Doc. No. 160-2, at 15, ¶¶ 1.31 and 1.35) solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, in an amount not to exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each

Postcard Notice actually mailed; $0.03 per link to the electronic Long Notice and Proof of Claim emailed; or $0.03 per name, address, and email address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

9. Lead Counsel shall, at least **seven (7) days** before the Final Approval Hearing, serve upon counsel for the Settling Defendants and file with the Court proof, by affidavit or declaration, of the mailing of the Postcard Notice and emailing of links to the electronic Long Notice and Proof of Claim as required by this Order.

10. Lead Counsel, through the Claims Administrator, shall cause the Amended Settlement and its exhibits, this Order, and a copy of the Long Notice and Proof of Claim to be posted on the Claims Administrator's website (www.TupperwareSecuritiesSettlement.com) within **twenty-one (21) days** after entry of this Order.

11. Lead Counsel, through the Claims Administrator, shall cause the Publication Notice to be published electronically once over a national newswire service within **twenty-eight (28) days** of entry of this Order. Lead Counsel shall, at least **seven (7) days** before the Final Approval Hearing, serve upon counsel for the

Settling Defendants and file with the Court proof of publication of the Publication Notice.

12. In order to be entitled to participate in recovery from the Net Settlement Fund (*see* Doc. No. 160-2, at 32) after the Effective Date (*see* Doc. No. 160-2, at 9, ¶ 1.8), each Settlement Class Member shall take the following action and be subject to the following conditions:

a.) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Long Notice, postmarked no later than **twenty-one (21) days** before the Final Approval Hearing, or submitted electronically via the Settlement website at www.TupperwareSecuritiesSettlement.com no later than **11:59 p.m. EST twenty-one (21) days** before the Final Approval Hearing. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted, when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Long Notice.

b.) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.) Once the Claims Administrator has considered a timely submitted Proof of Claim form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or

otherwise rejected shall be afforded a reasonable time (at least **ten (10) days**) to cure such deficiency, if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within **ten (10) days** after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

      d.) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim forms, nor shall any discovery from or of Settling Defendants be allowed on any topic.

13. All Settlement Class Members who do not submit valid and timely Proof of Claim forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the

provisions of the Amended Settlement and the Judgment, if entered, with the exception of those requesting exclusion from the Settlement Class described below.

14. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than **twenty-one (21) days** before the Final Approval Hearing (the "Exclusion Deadline"), at the addresses listed in the Long Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Florida)"; and (B) state (i) the date, number and dollar amount of Tupperware common stock shares purchased or acquired during the Settlement Class Period, and any sale transactions, and (ii) the number of shares of Tupperware common stock held by the Person as of May 4, 2022. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale or disposition transaction of Tupperware common stock during the Settlement Class Period and (ii)

demonstrating the Person's status as a beneficial owner of the Tupperware common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

15. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Plaintiffs and Settlement Defendants (the "Settling Parties") as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

16. Any Settlement Class Member that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than **two (2) days** before the Final Approval Hearing, in which event that Person will be included in the Settlement Class.

17. All Settlement Class Members who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

18. The Court will consider comments and/or objections to the Amended Settlement, the Plan of Allocation (*see* Doc. No. 160-2, at 11, ¶ 1.21), or the Motion for Attorneys' Fees and Expenses, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least **twenty-one (21) days** before the Final Approval Hearing Date:

<u>LEAD COUNSEL:</u>

Jeremy A. Lieberman
Michael J. Wernke
**POMERANTZ LLP**
600 Third Avenue, Floor 20
New York, New York 10016
jalieberman@pomlaw.com
mjwernke@pomlaw.com

*And*

Shannon L. Hopkins
Gregory M. Potrepka
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
shopkins@zlk.com

gpotrepka@zlk.com

COUNSEL FOR THE SETTLING DEFENDANTS:

**SIDLEY AUSTIN LLP**
James W. Ducayet
Jennifer M. Wheeler
Abigail Bachrach
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
jducayet@sidley.com
jwheeler@sidley.com
abachrach@sidley.com

Ian M. Ross
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Tel: (305) 391-5100
iross@sidley.com

and that Person has (at least **twenty-one (21) days** before the Final Approval Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Middle District of Florida, 401 West Central Boulevard, Orlando, Florida 32801. To be valid, any such objection must contain the Settlement Class Member's (1) name, address, and telephone number; (2) a list of all purchases and sales of Tupperware common stock during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its

counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Final Approval Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Motion for Fees and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

19. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or

reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Motion for Fees and Expenses, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

20. All papers in support of the Settlement, the Plan of Allocation and/or the Motion for Fees and Expenses shall be filed and served no later than **thirty-five (35) days** before the Final Approval Hearing.

21. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Motion for Fees and Expenses shall be filed no later than **seven (7) days** before the Final Approval Hearing.

22. Settling Defendants, their counsel, their insurers and other Released Parties (*see* Doc. No. 160-2, at 12, ¶ 1.26) shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to Plaintiffs submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. Pending final determination of whether the Amended Settlement

should be approved, all Released Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Settled Claims (*see* Doc. No. 160-2, at 14, ¶ 1.29) against any Released Party in any court or tribunal or proceeding. Unless and until the Amended Settlement is cancelled and terminated pursuant to the Amended Settlement, all proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Amended Settlement, are hereby stayed and suspended until further order of the Court.

24. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Amended Settlement and Plan of Allocation and/or further order(s) of the Court.

25. This Order shall become null and void, and shall be without prejudice to the rights of the Plaintiffs, Settling Defendants, and/or Settlement Class Members, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Amended Settlement is not finally approved by the Court, or does not become Final pursuant to the terms of the Amended Settlement; or (ii) the Amended Settlement is terminated or does not become Final, as required by the terms of the Amended

Settlement, for any other reason. In such event, and except as provided therein, the proposed Amended Settlement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Amended Stipulation nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose. In the event the Amended Settlement is not consummated in accordance with the terms of the Amended Settlement, then the Amended Settlement and this Order (including any amendment(s) thereof, and except as expressly provided in the Amended Settlement or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed before of the date of the Amended Settlement.

26. This Order shall be of no force and effect if the Amended Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Settling Defendants of any fault,

wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

27. Final Approval Hearing. A hearing regarding final approval of the Amended Settlement ("Final Approval Hearing") will be held on **Thursday, December 18, 2025, at 10:00 a.m.** in Courtroom 5D at the United States District Court for the Middle District of Florida, Orlando Division, 401 West Central Boulevard, Orlando, Florida 32801. The Final Approval hearing will determine, among other things: (i) whether the Amended Settlement should be approved as fair, reasonable, and adequate; (ii) whether this case should be dismissed with prejudice pursuant to the terms of the Amended Settlement; (iii) whether the proposed Plan of Allocation for the proceeds of the Net Settlement Fund is fair and reasonable and should be approved; (iv) whether the application of Class Counsel for an award of attorneys' fees and litigation expenses, and for a compensatory award to Plaintiffs, pursuant to 15 U.S.C. § 78u–4(a)(4) directly relating to the representation of the Settlement Class should be approved; and (v) any other matters that may properly be brought before the Court in connection with the Amended Settlement. Such hearing may be reset to a later date or held by telephonic or video conference without further notice to the Settlement Class.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2025.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record