# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(Orlando Division)**

|  |  |
|---|---|
| MICHAEL EDGE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS,<br><br>Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

**DECLARATION OF JORDAN BROKER REGARDING**
**(I) NOTICE DISSEMINATION; (II) PUBLICATION OF PUBLICATION NOTICE; (III) CALL CENTER SERVICES AND THE SETTLEMENT WEBSITE; AND (IV) REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE**

I, Jordan Broker, declare and state as follows:

1.    I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Pursuant to the Court's Order Preliminarily Approving Settlement, Certifying Settlement Class, and Providing Notice for Settlement ("Order") dated September 5, 2025 (ECF No. 161), Epiq was authorized to act as the Claims Administrator for the Settlement in the above-captioned action (the "Action").[1]

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Amended Stipulation and Agreement of Settlement dated July 21, 2025 (the "Stipulation") . ECF No. 160-2.

2.      The following statements are based on my personal knowledge and information provided by Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

3.      I submit this Declaration in order to provide the Court and the Parties to the Settlement with information regarding: (I) the mailing of the Court-approved Notice of Proposed Settlement, Motion for an Award of Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release Form (the "Claim Form") (the Notice and Claim Form together, the "Notice Packet"), and the Postcard Notice, (II) publication and transmission of the Publication Notice, (III) establishment of the toll-free number and website dedicated to this Settlement, and (IV) the number of requests for exclusion from the Settlement Class or objections received by Epiq to date.

## I.      NOTICE DISSEMINATION

4.      Pursuant to the Order, Epiq was responsible for disseminating the Postcard Notice to potential Settlement Class Members at the mailing addresses set forth in the records provided by the Defendants. By definition, Settlement Class Members are all persons and entities who or which purchased or otherwise acquired Tupperware common stock between May 5, 2021, through May 4, 2022, inclusive (the "Class Period"), and were allegedly damaged thereby.

5.      On September 19, 2025, Epiq received from Lead Counsel a file containing the names and addresses of potential members of the Settlement Class (as required by Paragraph 4.0 of the Stipulation), identifying holders of Tupperware common stock during the Class Period. The data received resulted in 3,266 unique mailing records. On September 26, 2025 (the "Initial Mailing"), Epiq caused the Postcard Notice to be mailed to the 3,266 unique mailing records contained in the data provided by the Defendants.

2

6.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. Epiq maintains and updates a proprietary internal list of the largest and most common banks, brokers, and other nominees. At the time of the Initial Mailing, Epiq's internal broker list contained 893 mailing records. On September 26, 2025, Epiq caused the Notice Packet to be mailed to the 893 mailing records contained in its internal broker list.

7.      In total, Epiq mailed 3,266 copies of the Postcard Notice and 893 Notice Packets as part of the Initial Mailing. Copies of the Postcard Notice and Notice Packet are attached hereto as Exhibit A.

8.      The Notice directed those who purchased Tupperware common stock during the Class Period for the beneficial interest of a person or organization other than themselves to either (a) within seven (7) calendar days of receipt of the Notice, request from Epiq sufficient copies of the Postcard Notice to forward to all such beneficial owners, or (b) within seven (7) calendar days of receipt of the Notice, provide to Epiq the names and addresses of all such beneficial owners.

9.      From the Initial Mailing through November 12, 2025, Epiq received an additional 2,535 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. Epiq has also received 3 requests from institutions for 12,045 Postcard Notices to be sent them for forwarding directly to their clients. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

10.     As of November 12, 2025, a total of 17,846 Postcard Notices have been mailed or emailed to potential Settlement Class Members and nominees.

3

## II.    PUBLICATION OF THE PUBLICATION NOTICE

11.    The Order directed that the Publication Notice be transmitted over PR Newswire within 28 days of the entry of the Order. Accordingly, the Publication Notice was transmitted over PR Newswire on October 3, 2025. Proof of the dissemination of the Publication Notice is attached hereto as Exhibit B.

## III.    TELEPHONE HELPLINE AND WEBSITE

12.    Epiq reserved a toll-free phone number for the Settlement, (888) 835-6412, and published that toll-free number in the Notice Packet, in the Publication Notice, and on the Settlement Website.

13.    The toll-free number became operational on September 26, 2025. The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides potential Settlement Class Members and others who call the toll-free telephone number access to additional information that has been pre-recorded. The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week. Specifically, the pre-recorded message provides callers with a brief summary of the Settlement and the option to select one of several more detailed recorded messages addressing frequently asked questions. The IVR also allows callers to request that a copy of the Notice Packet be mailed to them, or the caller may opt to speak live with a trained operator. Callers can speak to a live operator regarding the status of the Settlement and/or obtain answers to questions they may have, Monday through Friday from 9:00 a.m. to 9:00 p.m. Eastern Time (excluding official holidays). During other hours, callers may leave a message for an agent to call them back. Epiq has promptly responded to each telephone inquiry and will continue to address potential Settlement Class Members' inquiries.

4

14.      Epiq established and is maintaining a website dedicated to the Settlement (www.TupperwareSecuritiesSettlement.com) to provide information to Settlement Class Members (including the exclusion, objection and claim filing deadlines, as well as the date of the Court's Settlement Hearing), and to answer frequently asked questions. Users of the website can download a copy of the Notice, Claim Form, Order, and other case-related documents. The web address is set forth in the Claim Package and the Publication Notice. Epiq will continue operating, maintaining and, as appropriate, updating the website with relevant case updates and court documents until the conclusion of the administration.

## IV.      REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE

15.      The Notice, Postcard Notice, Publication Notice, and Settlement Website inform Settlement Class Members that requests for exclusion from the Settlement Class must be received by November 28, 2025. The Notice directs Settlement Class Members who wish to request exclusion to mail their request to Tupperware Securities Litigation, EXCLUSIONS, P.O. Box 2960, Portland, OR 97208-2960. The Notice also sets forth the information that must be included in each request for exclusion. Epiq monitors all mail delivered to this P.O. Box.

16.      As of November 12, 2025, Epiq has not received any requests for exclusion. Epiq has monitored and will continue to monitor all mail delivered to this address. Epiq will submit a supplemental declaration after the November 28, 2025 deadline addressing any requests for exclusion received.

17.      The Notice, Postcard Notice, Publication Notice, and Settlement Website also inform Settlement Class Members that they may object to the proposed Settlement, the proposed Plan of Allocation or the request for attorneys' fees and Litigation Expenses; the objection must be in writing, and filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are received on or before November 28, 2025.

5

18.    Through November 12, 2025, Epiq has not received or been informed of any objections to the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and Litigation Expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on November 12, 2025.

_____

Jordan Broker

# EXHIBIT A

Tupperware Brands Corporation Securities Litigation
c/o Epiq Systems, Inc.
PO Box 2960
Portland, OR 97208-2960
Telephone: (888) 835-6412
Email: info@TupperwareSecuritiesSettlement.com

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*A federal court authorized this notice. This
is not a solicitation from a lawyer.*

*You may be entitled to a payment.
This notice may affect your legal rights.*

*Please read it carefully.*

*400843900000000010*

NAME1
NAME2
ADDRESS1
ADDRESS2
ADDRESS3
ADDRESS4
ADDRESS5
CITY ST ZIP
COUNTRY

The United States District Court for the Middle District of Florida (the "Court") has preliminarily approved a proposed Settlement of claims against defendants Miguel Fernandez and Cassandra Harris (collectively, "Settling Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that Settling Defendants violated federal securities laws, causing damage to Settlement Class Members. Settling Defendants deny any wrongdoing.

You received this notice because you may have purchased or otherwise acquired Tupperware common stock between May 5, 2021 and May 4, 2022, both dates inclusive. The Settlement dismisses and releases claims against Settling Defendants and creates a fund consisting of $21,750,000, less attorneys' fees and expenses, which will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proofs of Claim"). The average recovery per share could be $1.42 before deduction of any fees and expenses. The actual amount disbursed to Settlement Class Members who participate in the Settlement may be more or less than this figure. For a full description of the Settlement and your rights and to make a claim, please view the Settlement Stipulation and obtain a copy of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Long Notice") and the Proof of Claim by visiting the website: www.TupperwareSecuritiesSettlement.com. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: Tupperware Brands Corporation Securities Litigation, c/o Epiq Systems, Inc., P.O. Box 2960, Portland, OR 97208-2960; (2) toll-free phone: 888-835-6412; or (3) email: info@TupperwareSecuritiesSettlement.com.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.TupperwareSecuritiesSettlement.com. PROOFS OF CLAIM ARE DUE BY **November 28, 2025** TO: TUPPERWARE BRANDS CORPORATION SECURITIES LITIGATION, C/O EPIQ SYSTEMS, INC., P.O. BOX 2960, PORTLAND, OR 97208-2960, or submitted electronically at www.TupperwareSecuritiesSettlement.com. If you do not want to be legally bound by the Settlement, you must exclude yourself by **November 28, 2025**. If you exclude yourself, you cannot get money from this Settlement. If you choose to remain in the Settlement, you may object to it by **November 28, 2025**. The Notice explains how to exclude yourself or to object.

The Court will hold a Final Approval Hearing in this case on **December 18, 2025** at **10:00 am.** at the Court, 401 West Central Boulevard, Courtroom 5D, Orlando, Florida 32801, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one third (⅓) of the Settlement Fund in attorneys' fees, plus up to $700,000 in expenses, and total award to Plaintiffs of no more than $50,000 for litigating the case and negotiating the Settlement, which amounts to approximately $0.52 per affected share. Lead Counsel are Michael J. Wernke of Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100 and Gregory M. Potrepka of Levi & Korsinsky, LLP, 1111 Summer Street, Suite 403, Stamford, CT 06905, (212) 992-4523. You may, but do not have to, attend the Final Approval Hearing and ask to be heard by the Court. The Court reserves the right to hold the Final Approval Hearing telephonically or by other virtual means.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS,<br><br>Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING

If you purchased or otherwise acquired public shares in Tupperware Brands Corporation ("Tupperware" or "the Company") between May 5, 2021 through May 4, 2022, both dates inclusive (the "Settlement Class Period"), you could get a payment from a proposed class action settlement (the "Settlement").

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Final Approval Hearing on December 18, 2025, at 10:00 AM EST to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $21,750,000 (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, and administrative expenses, net of any taxes on interest, to pay claims of investors who purchased Tupperware common stock.

- The Settlement represents an average recovery of $1.42 per share of Tupperware common stock for the approximately 15.3 million estimated shares of common stock that Plaintiffs allege were damaged and declined in value as a result of Tupperware, Miguel Fernandez, and Cassandra Harris's ("Defendants") alleged misconduct during the Settlement Class Period. A share may have been traded more than once during the Settlement Class Period. This estimate solely reflects the average recovery per outstanding share of Tupperware common stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Tupperware common stock, and the total number of claims filed. See the Plan of Allocation on page 9 below for more details.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release Form ("Proof of Claim") by November 28, 2025.

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount ($7,264,500) plus interest and reimbursement of up to $700,000 in litigation expenses. Since the Action's inception, Lead Counsel have expended considerable time and effort in this litigation on a contingent-fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel also intends to ask the Court to grant a Compensatory Award to Plaintiffs collectively not to exceed $50,000. Collectively, the requested attorneys' fees and litigation expenses and Award to Plaintiffs are estimated to average $0.52 per allegedly damaged share of Tupperware common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The average recovery, after the deductions set forth in the preceding paragraph, is $0.90 per allegedly damaged share of Tupperware common stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Tupperware common stock, the purchase and sales prices, and the total number and amount of claims filed.

000 0000003 00000000 0003 0024 00002 INS:



- The Settlement resolves the Action concerning Plaintiffs' allegations that Miguel Fernandez and Cassandra Harris (collectively "Settling Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public, including Tupperware's ability to maintain gross margins through price increases in the face of increasing costs. Settling Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Plaintiffs. Settling Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Settling Defendants continue to believe the claims asserted against them in the Action are without merit.

- The Settling Parties disagree on how much money could have been won if the investors won at trial.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim forms must be postmarked or submitted online by November 28, 2025. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Settling Defendants or any other Released Parties about the legal claims in this case. Requests for Exclusion must be received by November 28, 2025. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by counsel by November 28, 2025. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by counsel by December 18, 2025, at 10:00 AM EST. |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| Tupperware Brands Corporation Securities Litigation<br>c/o Epiq Class Action & Claims Solutions, Inc.<br>P.O. Box 2960<br>Portland, OR 97208-2960<br>Telephone: (888) 835-6412<br>Email: info@TupperwareSecuritiesSettlement.com | or | Jeremy Lieberman<br>Michael J. Wernke<br>**POMERANTZ LLP**<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>jalieberman@pomlaw.com<br>mjwernke@pomlaw.com<br><br>*and*<br><br>Shannon L. Hopkins<br>Gregory M. Potrepka<br>**LEVI & KORSINSKY, LLP**<br>1111 Summer Street, Suite 403<br>Stamford, CT 06905<br>Telephone: (212) 992-4523<br>shopkins@zlk.com<br>gpotrepka@zlk.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Amended Stipulation of Settlement, dated July 21, 2025 (the "Settlement Stipulation").

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired Tupperware common stock between May 5, 2021 and May 4, 2022, both dates inclusive (the "Settlement Class Period").

| 2. | What is this lawsuit about? |
|---|---|

This case is known as *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.) (the "Action"). The Court in charge of the case is the United States District Court for the Middle District of Florida. The Action involves allegations that Defendants violated certain federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public regarding Tupperware's ability to maintain gross margins through price increases in the face of increasing costs. The Second Amended Class Action Complaint (the "SAC") alleges that the misstatements or omissions artificially inflated the price of Tupperware common stock, and that the prices dropped in response to certain subsequent disclosures. Settling Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Settling Defendants or any of the Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a settlement? |
|---|---|

Plaintiffs and Settling Defendants do not agree regarding the merits of Plaintiffs' allegations and Settling Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Settling Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Settling Defendants acted with scienter; (3) whether the alleged disclosures were corrective disclosures; (4) whether the proposed class meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure; (5) the causes of the loss in the value of the securities; and (6) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Settling Defendants. Instead, Plaintiffs and Settling Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any judgment on appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.



## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

### 5.    How do I know if I am part of the Settlement?

The Settlement Class includes all persons or entities, except those who are excluded as described below, who purchased or otherwise acquired Tupperware common stock between May 5, 2021 and May 4, 2022, both dates inclusive (the "Settlement Class Period").

If one of your mutual funds owns Tupperware common stock, that alone does not make you a Settlement Class Member. Also, if you sold Tupperware common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired Tupperware common stock. Contact your broker to see if you have made any of these transactions.

### 6.    Are there exceptions to being included?

Yes. Excluded from the Settlement Class are (i) Settling Defendants; (ii) members of the immediate families of the Settling Defendants; (iii) the subsidiaries and affiliates of Settling Defendants; (iv) any person who is an officer, director or controlling person of Tupperware; (v) any entity in which any Settling Defendant has a controlling interest; (vi) Settling Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (vii) the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class will be any Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth below.

### 7.    What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 888-835-6412 or at info@TupperwareSecuritiesSettlement.com or by visiting the website at www.TupperwareSecuritiesSettlement.com, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8.    What does the Settlement provide?

The proposed Settlement provides that the Settling Defendants will cause $21,750,000 to be paid into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Plaintiffs' Counsel, and Compensatory Awards to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

### 9.    How much will my payment be?

Your share of the Net Settlement Fund will depend on several factors, including: (i) how many shares of Tupperware common stock you purchased or sold during the Settlement Class Period, and the dates and prices of those purchases and sales; (ii) the number of timely and valid claims submitted by other Settlement Class Members, and the purchases and sales of Tupperware common stock represented by those claims; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and the amount awarded to Lead Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's "Recognized Loss." The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid

4

claims ("Authorized Claimants"). The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. You can calculate your Recognized Loss by following the instructions in the Plan of Allocation on page 9 of this Notice.

It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM**

### 10.    How can I get a payment?

To qualify for a payment, you must submit a valid Proof of Claim form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim form is enclosed with this Notice and may also be downloaded at www.TupperwareSecuritiesSettlement.com. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or received no later than November 28, 2025 (11:59 p.m. EST if submitted online). The claim form may be submitted online at www.TupperwareSecuritiesSettlement.com or mailed to:

Tupperware Brands Corporation Securities Litigation
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2960
Portland, OR 97208-2960
Telephone: (888) 835-6412
Email: info@TupperwareSecuritiesSettlement.com

### 11.    When will I get my payment?

The Court will hold a Final Approval Hearing on December 18, 2025, at 10:00 am EST to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Thus, it is unclear when any payment may be made. Please be patient.

### 12.    What am I giving up to get a payment or to stay in the Settlement Class?

Unless you exclude yourself from the Settlement Class by the November 28, 2025 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Settling Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective present, former and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives, and agents, and any person or entity which is or was related to or affiliated with any Releasing Party or in which any Releasing Party has a controlling interest, and each of their immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Settling Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Tupperware common stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of Tupperware common stock during the Settlement Class Period. The specific terms of the release are included in the Settlement Stipulation.



## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue the Settling Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself, or "opting out," from the Settlement.

| 13. | How do I exclude myself or opt out of the proposed Settlement? |

To exclude yourself from the Settlement, you must mail a letter stating that [Your Name] "requests to be excluded from the Settlement Class in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.)." To be valid, the letter must state (A) your name, address, telephone number, and email address (if any); (B) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Tupperware common stock during the Settlement Class Period; and (C) the number of shares of Tupperware common stock held by you as of May 4, 2022. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale or disposition transaction of Tupperware common stock during the Settlement Class Period and (ii) demonstrating the Person's status as a beneficial owner of the Tupperware common stock. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request so that it is **received no later than November 28, 2025 at**:

Tupperware Brands Corporation Securities Litigation
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2960
Portland, OR 97208-2960

You cannot exclude yourself by telephone or by email. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

| 14. | If I do not exclude myself, can I sue Settling Defendants or the other Released Parties for the same thing later? |

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue Settling Defendants or the other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Parties or related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **November 28, 2025.**

| 15. | If I exclude myself, can I get money from the proposed Settlement? |

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

However, you may revoke your exclusion by submitting a written revocation of your request for exclusion up until December 16, 2025, (two (2) days before the Final Approval Hearing) and receive payments pursuant to the Settlement provided that you also submit a valid, timely Proof of Claim, as set forth in question 10, above.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |

The Court has appointed Pomerantz LLP and Levi & Korsinsky, LLP as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP and Levi & Korsinsky, LLP is provided above. *See* Inquiries on page 2.

000 0000006 00000000 0006 0024 00002 INS:

### 17.    How will the lawyers be paid?

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion at the Final Approval Hearing asking the Court for an award of attorneys' fees in an amount not greater than one-third of the Settlement Fund, equaling $7,264,500 plus interest. Lead Counsel has agreed to share the awarded attorneys' fees with other Plaintiffs' Counsel. Lead Counsel will also seek reimbursement of litigation expenses of no more than $700,000 and a Compensatory Award to Plaintiffs collectively not to exceed $50,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 18.    How do I tell the Court that I object to the proposed Settlement?

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.) (M.D. Fl.). Be sure to include: (1) your name, address, telephone number, and your signature; (2) the date(s), price(s), and amount(s) of all Tupperware common stock that you purchased, otherwise acquired, sold, or otherwise disposed of during the Settlement Class Period, and documentation sufficient to establish the foregoing, in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Final Approval Hearing is not necessary. Objectors wishing to be heard orally at the Final Approval Hearing must indicate in their written objection that they "intend to appear in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.)" and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing.



Be sure to mail or deliver copies of any objections, papers and briefs to **each** of the addresses listed below such that they are **received no later than November 28, 2025 (twenty-one (21) days prior to the Final Approval hearing)**:

| **Clerk of the Court** | **Lead Counsel** | **Counsel For the Settling Defendants** |
|---|---|---|
| United States District Court | Jeremy Lieberman | James W. Ducayet |
| Middle District of Florida | Michael J. Wernke | Jennifer M. Wheeler |
| 401 West Central Boulevard | POMERANTZ LLP | Abigail Bachrach |
| Courtroom 4A | 600 Third Avenue, 20th Floor | **SIDLEY AUSTIN LLP** |
| Orlando, FL 32801 | New York, NY 10016 | One South Dearborn Street |
| | | Chicago, IL 60603 |
| | and | Tel: (312) 853-7000 |
| | | jducayet@sidley.com |
| | | jwheeler@sidley.com |
| | Shannon L. Hopkins | abachrach@sidley.com |
| | Gregory M. Potrepka | |
| | LEVI & KORSINSKY, LLP | |
| | 1111 Summer Street, Suite 403 | Ian M. Ross |
| | Stamford, CT 06905 | 1001 Brickell Bay Drive, Suite 900 |
| | | Miami, FL 33131 |
| | | Tel: (305) 391-5100 |
| | | iross@sidley.com |

### 19.   What is the difference between objecting and excluding myself?

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a Final Approval Hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

### 20.   When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Final Approval Hearing on December 18, 2025 at 10:00 AM EST at the United States District Court, 401 West Central Boulevard, Courtroom 5D, Orlando, Florida 32801.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether a Final Judgment as provided in the Settlement Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Lead Counsel for attorneys' fees and expenses and a Compensatory Award to Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Final Approval Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

### 21.   Do I have to come to the hearing?

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

## 22.    May I speak at the hearing?

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *Edge v. Tupperware Brands Corporation et al.*, No. 6:22-cv-1518-RBD-LHP (M.D. Fla.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Final Approval Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

## 23.    What happens if I do nothing at all?

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Settling Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

## GETTING MORE INFORMATION

## 24.    Are there more details about the proposed Settlement?

This Notice summarizes the proposed Settlement. More details are in the Settlement Stipulation dated July 21, 2025. The Settlement Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Settlement Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting www.TupperwareSecuritiesSettlement.com or by contacting the Claims Administrator toll-free at 888-835-6412.

## 25.    How do I get more information?

For even more detailed information concerning the matters involved in this Action, see the Settlement Stipulation, the pleadings in the Action, the papers filed in support of the Settlement, and the orders entered by the Court, which will be posted on the settlement website, www.TupperwareSecuritiesSettlement.com. For a fee, all papers filed in this Action are also available at www.pacer.gov.

### PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below.

A Recognized Loss will be calculated for each share of Tupperware common stock purchased or otherwise acquired during the Settlement Class Period[1]. The calculation of Recognized Loss will depend upon several factors, including when shares of Tupperware common stock were purchased or otherwise acquired during the Settlement Class Period, and for what price, and whether those shares were sold, and if sold, when they were sold. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Tupperware common stock was artificially inflated throughout the Settlement Class Period.

---

[1] During the Settlement Class Period, Tupperware common stock was listed on the New York Stock Exchange ("NYSE") under the ticker symbol "TUP."



The estimated alleged artificial inflation in the price of Tupperware common stock is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Tupperware common stock is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Tupperware common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which allegedly corrected an alleged misleading statement or omission. Plaintiffs and Lead Counsel have determined that such price declines occurred on the following dates: November 3, 2021; November 4, 2021; and May 4, 2022 (the "Corrective Disclosure Dates"). Accordingly, if a share of Tupperware common stock was sold before November 3, 2021 (the earliest Corrective Disclosure Date) the Recognized Loss for that share is zero ($0.00), and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Tupperware common stock was both purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is zero ($0.00).

| Table 1<br>Artificial Inflation in Tupperware Common Stock[2] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| May 5, 2021 | November 2, 2021 | $12.46 |
| November 3, 2021 | November 3, 2021 | $6.89 |
| November 4, 2021 | May 3, 2022 | $6.13 |
| May 4, 2022 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Tupperware common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Tupperware common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Tupperware common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Tupperware common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

<b>Calculation of Recognized Loss Per Share of Tupperware Common Stock</b>

For each share of Tupperware common stock purchased or otherwise acquired during the Settlement Class Period (i.e., May 5, 2021 through May 4, 2022, inclusive), the Recognized Loss per share shall be calculated as follows:

i.   **For each share of Tupperware common stock sold prior to November 3, 2021, the Recognized Loss is zero ($0.00).**

ii.  **For each share of Tupperware common stock purchased during the period May 5, 2021 through May 3, 2022, inclusive, that was subsequently sold during the period November 3, 2021 through May 3, 2022, inclusive, the Recognized Loss is the amount of price inflation on the date of purchase as appears in Table 1 above minus the amount of price inflation on the date of sale as appears in Table 1.**

---

[2] The latest alleged corrective disclosures occurred prior to market open on May 4, 2022. Thus, under the Plan of Allocation, there is no alleged artificial inflation in the price of Tupperware common stock on or after May 4, 2022, and there is no recovery for purchases of Tupperware common stock on or after May 4, 2022.

000 0000008 00000000 0008 0024 00002 INS:

iii.  For each share of Tupperware common stock purchased during the period May 5, 2021 through May 3, 2022, inclusive, that was subsequently sold during the period May 4, 2022 through August 1, 2022, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

   a.  the amount of price inflation on the date of purchase as appears in Table 1 above; or

   b.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv.  For each share of Tupperware common stock purchased during the period May 5, 2021 through May 3, 2022, inclusive, and still held as of the close of trading on August 1, 2022, the Recognized Loss is *the lesser of*:

   a.  the amount of price inflation on the date of purchase as appears in Table 1 above; or

   b.  the purchase price *minus* the average closing price for Tupperware common stock during the 90-Day Lookback Period, which is $6.94.

v.  For each share of Tupperware common stock purchased on or after May 4, 2022, the Recognized Loss per share is zero ($0.00).

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 5/4/2022 | $12.15 | 6/3/2022 | $7.26 | 7/6/2022 | $6.94 |
| 5/5/2022 | $11.38 | 6/6/2022 | $7.22 | 7/7/2022 | $6.95 |
| 5/6/2022 | $10.89 | 6/7/2022 | $7.19 | 7/8/2022 | $6.96 |
| 5/9/2022 | $10.29 | 6/8/2022 | $7.14 | 7/11/2022 | $6.94 |
| 5/10/2022 | $9.75 | 6/9/2022 | $7.10 | 7/12/2022 | $6.94 |
| 5/11/2022 | $9.31 | 6/10/2022 | $7.07 | 7/13/2022 | $6.93 |
| 5/12/2022 | $8.95 | 6/13/2022 | $7.02 | 7/14/2022 | $6.92 |
| 5/13/2022 | $8.74 | 6/14/2022 | $6.97 | 7/15/2022 | $6.91 |
| 5/16/2022 | $8.53 | 6/15/2022 | $6.96 | 7/18/2022 | $6.91 |
| 5/17/2022 | $8.39 | 6/16/2022 | $6.95 | 7/19/2022 | $6.91 |
| 5/18/2022 | $8.20 | 6/17/2022 | $6.94 | 7/20/2022 | $6.92 |
| 5/19/2022 | $8.03 | 6/21/2022 | $6.94 | 7/21/2022 | $6.92 |
| 5/20/2022 | $7.88 | 6/22/2022 | $6.94 | 7/22/2022 | $6.93 |
| 5/23/2022 | $7.74 | 6/23/2022 | $6.95 | 7/25/2022 | $6.93 |
| 5/24/2022 | $7.60 | 6/24/2022 | $6.95 | 7/26/2022 | $6.92 |
| 5/25/2022 | $7.51 | 6/27/2022 | $6.96 | 7/27/2022 | $6.92 |
| 5/26/2022 | $7.47 | 6/28/2022 | $6.95 | 7/28/2022 | $6.93 |
| 5/27/2022 | $7.44 | 6/29/2022 | $6.94 | 7/29/2022 | $6.93 |
| 5/31/2022 | $7.40 | 6/30/2022 | $6.92 | 8/1/2022 | $6.94 |
| 6/1/2022 | $7.35 | 7/1/2022 | $6.92 | N/A | N/A |
| 6/2/2022 | $7.31 | 7/5/2022 | $6.94 | N/A | N/A |



## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, which is determined based on the number of Proof of Claim and Release forms submitted and accepted as valid, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Tupperware common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees and commissions.

If a Settlement Class Member acquired Tupperware common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Tupperware shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for such shares shall be deemed to be zero ($0.00).

Notwithstanding any of the above, shares of Tupperware common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities are not eligible to participate in the Settlement. Also, receipt of Tupperware common stock during the Settlement Class Period in exchange for securities of any corporation or entity other than Tupperware shall not be deemed a purchase or sale of Tupperware common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Tupperware common stock held as of the close of trading on May 4, 2021 (the day before the Settlement Class Period begins) and then against the purchase of Tupperware common stock during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in Tupperware common stock[3], the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

With respect to Tupperware common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price of the option. Any Recognized Loss arising from purchases of Tupperware common stock acquired during the Settlement Class Period through the exercise of a publicly traded option on Tupperware common stock shall be computed as provided for other purchases of Tupperware common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Settlement Class Members. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

Settling Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiffs, Lead Counsel, and the Claims Administrator likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

---

[3] The "exercise of a publicly traded option" as used in this sentence includes: (1) purchases of Tupperware common stock as the result of the exercise of a publicly traded call option, and (2) purchases of Tupperware common stock by the seller of a publicly traded put option as a result of the buyer of such put option exercising that put option.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible.

DATED: _____

_____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA



13

ALC7911 v.07

000 0000010 000000000 0010 0024 00002 INS:

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission: November 28, 2025.**

IF YOU PURCHASED OR OTHERWISE ACQUIRED TUPPERWARE BRANDS CORPORATION COMMON STOCK DURING THE PERIOD FROM MAY 5, 2021 THROUGH MAY 4, 2022, BOTH DATES INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. EXCLUDED FROM THE SETTLEMENT CLASS ARE: (I) SETTLING DEFENDANTS; (II) MEMBERS OF THE IMMEDIATE FAMILIES OF THE SETTLING DEFENDANTS; (III) THE SUBSIDIARIES AND AFFILIATES OF SETTLING DEFENDANTS; (IV) ANY PERSON WHO IS AN OFFICER, DIRECTOR OR CONTROLLING PERSON OF TUPPERWARE; (V) ANY ENTITY IN WHICH ANY SETTLING DEFENDANT HAS A CONTROLLING INTEREST; (VI) SETTLING DEFENDANTS' DIRECTORS' AND OFFICERS' LIABILITY INSURANCE CARRIERS, AND ANY AFFILIATES OR SUBSIDIARIES THEREOF; (VII) THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS OF ANY SUCH EXCLUDED PARTY; AND (VIII) OPT-OUTS.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM BY 11:59 P.M. EST ON NOVEMBER 28, 2025 AT WWW.TUPPERWARESECURITIESSETTLEMENT.COM.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST-CLASS MAIL, POSTMARKED NO LATER THAN NOVEMBER 28, 2025 TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Tupperware Brands Corporation Securities Litigation
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2960
Portland, OR 97208-2960
Telephone: (888) 835-6412
Email: info@TupperwareSecuritiesSettlement.com

YOUR FAILURE TO SUBMIT YOUR CLAIM BY NOVEMBER 28, 2025 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE SETTLING PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ENSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

### CLAIMANT'S STATEMENT

1.  I (we) purchased Tupperware common stock during the Class Period. (Do not submit this Proof of Claim if you did not purchase or otherwise acquire Tupperware common stock).

2.  By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the "Notice"), or am (are) acting for such person(s); that I am not a (we are not) not Defendant(s) in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)



3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase or other acquisition of Tupperware common stock during the Class Period, and each sale, if any, of such Tupperware common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Tupperware common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Settlement Stipulation.

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  "Released Parties" has the meaning laid out in the Settlement Stipulation.

10. "Released Claims" has the meaning laid out in the Settlement Stipulation.

11. "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

12. I (we) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Representative Filers MUST also submit a manually signed Proof of Claim. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at 888-835-6412, email at info@TupperwareSecuritiesSettlement.com, or visit their website at www.TupperwareSecuritiesSettlement.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

XLS9313 v.07

000 0000011 00000000 0011 0024 00002 INS:

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.TupperwareSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at 888-835-6412 or info@TupperwareSecuritiesSettlement.com. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

## I.   CLAIMANT INFORMATION

Beneficial Owner's First Name          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI          Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                               State     ZIP Code

Country

Social Security Number or Taxpayer Identification Number

Telephone Number (Day)                             Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

☐ Individual          ☐ IRA/401K          ☐ Estate

☐ Joint               ☐ Pension Plan      ☐ Trust

☐ Corporation         ☐ Other _____ (please specify)



**II. SCHEDULE OF TRANSACTIONS IN TUPPERWARE COMMON STOCK**

**1. BEGINNING HOLDINGS** - State the total number of shares of Tupperware common stock held at the opening of trading on May 5, 2021 (*must be documented*). If none, write "zero" or "0."

**2. PURCHASES** – Separately list each and every purchase or acquisition of Tupperware common stock between May 5, 2021 and August 1, 2022 both dates inclusive, and provide the following information (*must be documented*):[1]

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price Per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. SALES** – Separately list each and every sale of Tupperware common stock between May 5, 2021 and August 1, 2022, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price Per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**4. ENDING HOLDINGS** – State the total number of shares of Tupperware common stock held at the close of trading on August 1, 2022 (*must be documented*).

**IF ADDITIONAL SPACE IS NEEDED, ATTACH SEPARATE, NUMBERED SHEETS, GIVING ALL REQUIRED INFORMATION, SUBSTANTIALLY IN THE SAME FORMAT, AND PRINT YOUR NAME AND SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH SHEET.**

---

[1] Please note: Only Tupperware common stock acquired during the Settlement Class Period (i.e., from May 5, 2021 through May 4, 2022, inclusive) are eligible under the Settlement. However, because the PSLRA provides for a "90 Day Lookback Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of Tupperware common stock through August 1, 2022 in order for the Claims Administrator to calculate your Recognized Loss under the Plan of Allocation and process your claim.

04-CA40084390

TU-4915 v.07

000 0000012 00000000 0012 0024 00002 INS:

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

Social Security Number (for individuals)

☐☐☐ – ☐☐ – ☐☐☐☐     OR

Taxpayer Identification Number (for estates, trusts, corporations, etc.)

☐☐ – ☐☐☐☐☐☐☐

## IV. CERTIFICATION

I (We) submit this Proof of Claim under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Florida, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales Tupperware common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

(Signature)

(Signature)

(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
Check here if proof of authority to file is enclosed. ☐
(See Item 2 under Claimant's Statement)

Date: ☐☐ – ☐☐ – ☐☐☐☐
      MM      DD      YYYY



**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE AT WWW.TUPPERWARESECURITIESSETTLEMENT.COM BY 11:59 P.M. EST ON NOVEMBER 28, 2025, OR POSTMARKED NO LATER THAN NOVEMBER 28, 2025, AND MUST BE MAILED TO:**

Tupperware Brands Corporation Securities Litigation
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2960
Portland, OR 97208-2960
Telephone: (888) 835-6412
Email: info@TupperwareSecuritiesSettlement.com

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by November 28, 2025 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Proof of Claim by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at **888-835-6412** or by email at info@TupperwareSecuritiesSettlement.com.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

• Please be sure to sign this Proof of Claim on page 5. If this Proof of Claim is submitted on behalf of joint claimants, then each claimant must sign.

• Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

• Do NOT use highlighter on the Proof of Claim or any supporting documents.

• If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

# EXHIBIT B

# CONFIRMATION OF RELEASE

**IN THE MATTER OF:** *Tupperware Brands Corporation Securities Litigation*

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

(b) The Notice of which the annexed is a copy was released via the following on the noted date:

*10.3.2025 – PR Newswire*

**X** *Kathleen Komraus*
               **(Signature)**

Media & Design Manager
               **(Title)**

# Pomerantz LLP and Levi & Korsinsky, LLP Announce Proposed Settlement Involving Purchasers of Tupperware Common Stock

---

NEWS PROVIDED BY
**Pomerantz LLP and Levi & Korsinsky, LLP →**
Oct 03, 2025, 08:00 ET

---

ORLANDO, Fla., Oct. 3, 2025 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

| | |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS,<br><br>Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING**

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TUPPERWARE COMMON STOCK BETWEEN MAY 5, 2021 AND MAY 4, 2022, BOTH DATES INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Middle District of Florida, that a hearing will be held on December 18, 2025, at 10:00 a.m. Eastern before the Honorable Leslie Hoffman Price, United States Magistrate Judge of the Middle District of Florida, 401 West Central Boulevard, Courtroom 5D, Orlando, Florida 32801, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $21,750,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds ("Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to one-third of the Settlement Amount ($7,264,500) plus interest, reimbursement of expenses of not more than $700,000, and a Compensatory Award to Plaintiffs of no more than $50,000 collectively should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated April 10, 2025 (the "Settlement Stipulation").[1]

If you purchased or otherwise acquired Tupperware common stock between May 5, 2021 and May 4, 2022, both dates inclusive (the "Settlement Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Tupperware common stock. If you have not received a detailed Notice of Proposed

Settlement of Class Action, Motion For Attorneys' Fees And Expenses, And Final Approval Hearing ("Long Notice") and a copy of the Proof of Claim form, you may obtain copies by visiting **www.TupperwareSecuritiesSettlement.com** or by contacting the Claims Administrator toll-free at 888-835-6412 or at **info@TupperwareSecuritiesSettlement.com**. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim postmarked or submitted online no later than **November 28, 2025**, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than **November 28, 2025**, in the manner and form explained in the Long Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than **November 28, 2025**, to each of the following:

**Clerk of the Court**

United States District Court

Middle District of Florida

401 West Central Boulevard

Rm. 4A

Orlando, Florida 32801

**Lead Counsel**

Jeremy Lieberman

Michael J. Wernke

POMERANTZ LLP

600 Third Avenue

20th Floor

New York, NY 10016

**jalieberman@pomlaw.com**

**mjwernke@pomlaw.com**

and

Shannon L. Hopkins

Gregory M. Potrepka

LEVI & KORSINSKY, LLP

1111 Summer Street

Suite 403

Stamford, CT 06905

**shopkins@zlk.com**

**gpotrepka@zlk.com**

**Counsel For the Settling Defendants**

James W. Ducayet

Jennifer M. Wheeler

Abigail Bachrach

SIDLEY AUSTIN LLP

One South Dearborn Street

Chicago, IL 60603

Tel: (312) 853-7000

**jducayet@sidley.com**

**jwheeler@sidley.com**

**abachrach@sidley.com**

Ian M. Ross

1001 Brickell Bay Drive

Suite 900

Miami, FL 33131

Tel: (305) 391-5100

**iross@sidley.com**

If you have any questions about the Settlement, you may visit **www.TupperwareSecuritiesSettlement.com** or write to Lead Counsel at the above address.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: September 5, 2025

BY ORDER OF THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

---

[1] Miguel Fernandez and Cassandra Harris ("Settling Defendants") deny any and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Plaintiffs, including but not limited to, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Settling Defendants continue to believe the claims asserted against them in the Action are without merit.

URL: **www.TupperwareSecuritiesSettlement.com**

SOURCE Pomerantz LLP and Levi & Korsinsky, LLP