# EXHIBIT 6

Docusign Envelope ID: 0187A466-A156-45E5-A201-5C4B839CECEC

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated, | Case No. 6:22-cv-1518-RBD-LHP |
| Plaintiff, |  |
| v. |  |
| TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS, |  |
| Defendants. |  |

**DECLARATION OF MICHAEL J. DENNEHY IN SUPPORT OF (I) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, EXPENSE REIMBURSEMENT, AND COMPENSATORY AWARDS TO PLAINTIFFS**

MICHAEL J. DENNEHY, declares as follows:

1.    I, Michael J. Dennehy, am a Court-appointed Co-Lead Plaintiff in the above-captioned action (the "Action").[1] ECF No. 29. I respectfully submit this declaration in support of: (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (ii) Lead Counsel's Motion for Attorneys' Fees, Expense Reimbursement, and Compensatory Awards to Plaintiffs, including my request of a reimbursement award in the amount of $15,000 for my representation of the Settlement Class in this Action.

2.    I am aware of and understand the responsibilities and requirements of a representative plaintiff in a securities class action, including those defined in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. I have personal knowledge of the facts set forth herein, and I have been directly involved in overseeing the prosecution of this Action and the negotiations leading to the Settlement. If called upon as witnesses, I could and would testify competently to these matters.

## I.    CO-LEAD PLAINTIFFS' OVERSIGHT OF THE LITIGATION

3.    By Order dated September 16, 2022, the Court: (i) appointed Ralph Estep and I Co-Lead Plaintiffs; and (ii) approved my selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Co-Lead Counsel with Pomerantz LLP

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Amended Stipulation and Agreement of Settlement dated July 21, 2025 (the "Stipulation"). ECF No. 160-2.

("Pomerantz" and with Levi & Korsinsky, "Lead Counsel"). ECF No. 29.

4.      In fulfillment of my responsibilities as Co-Lead Plaintiff, I worked closely with Levi & Korsinsky throughout the litigation and resolution of this case.

5.      Throughout the litigation, I received status updates from Levi & Korsinsky on case proceedings and regularly communicated with my attorneys, Gregory M. Potrepka, Morgan M. Embleton, and P. Cole von Richthofen regarding the prosecution of the Action, the pleadings, discovery, the strengths of the claims and risks of continued litigation, and settlement negotiations.

6.      In carrying out my duties as Co-Lead Plaintiff, I spent approximately 75 hours performing work for the direct benefit of the Settlement Class. The various tasks I performed include, but are not limited to:

   a. producing my trading records and other documents to Levi & Korsinsky;

   b. moving to be appointed Lead Plaintiff in this Action;

   c. reviewing the original complaint, first amended complaint, and second amended complaint filed in this Action and the factual bases of the allegations set forth therein;

   d. reviewing significant pleadings, motion papers, and orders filed in this Action;

   e. participating in discussions with Levi & Korsinsky regarding potential sources of discovery in preparation for responding to Defendants'

Docusign Envelope ID: 0187A466-A156-45E5-A201-5C4B839CECEC

requests for the production of documents and gathering documents to fulfill my discovery obligations;

f. engaging in multiple thorough searches for potentially responsive documents in response to Defendants' 45 separate requests for the production of documents, culminating in the collection and production of over 90 pages of documents;

g. providing written responses and objections to Defendants' requests for the production of documents;

h. providing answers to Defendants' 14 separate interrogatories, and multiple reviews of drafts of my written answers and objections to same, including, ultimately, verifying the final answers;

i. preparing for and sitting for a deposition;

j. communicating with my co-Plaintiffs and Lead Counsel in advance of our joint motion for class certification;

k. preparing a declaration in support of class certification;

l. reviewing the motion for class certification, and papers in support thereof, filed in this Action;

m. communicating regularly with Levi & Korsinsky and each other concerning the progress of this Action and monitoring the news of the case and of the Company;

n. consulting with Levi & Korsinsky and each other regarding settlement

3

negotiations and providing authorization to settle the Action through mediation; and

    o.   evaluating and approving the proposed Settlement.

7.    In short, I have done my best to strongly promote the interests of the Settlement Class and to obtain the largest possible recovery for the Settlement Class under the circumstances.

## II.   APPROVAL OF THE SETTLEMENT

8.    As detailed in the above paragraphs, through my active participation in this Action, I was well-informed of the status and progress of the litigation, as well as the status and progress of the settlement negotiations.

9.    Based on my involvement in the prosecution and resolution of the claims asserted in this Action, I believe that the proposed Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, expressly in light of the risks of continued litigation, and I fully endorse approval of the Settlement by the Court.

## III.   LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

### A.   Attorneys' Fees and Expenses

10.    While I understand that the ultimate determination of Lead Counsel's request for an award of attorneys' fees, expenses and for a Lead Plaintiff award rests with the Court, I believe Lead Counsel's request for an award of attorneys' fees in the amount of 33⅓% plus interest of the Settlement Fund is fair and reasonable in light

of the work Plaintiffs' Lead Counsel performed on behalf of the Settlement Class.

11.     I evaluated Lead Counsel's fee request by taking into consideration the quality and quantity of the work performed, the recovery obtained for the Settlement Class, and the risks borne by Lead Counsel in prosecuting this Action on my behalf, my co-Plaintiffs, and the Settlement Class on a fully contingent basis, including the fronting of all expenses. I have authorized this fee request for the Court's ultimate determination.

12.     I further maintain that the litigation expenses for which Lead Counsel has requested reimbursement are reasonable and represent expenses necessary for the prosecution and resolution of the claims asserted in this Action. Based upon the foregoing, and consistent with my obligation to the Settlement Class to obtain the most favorable result at the most efficient cost, I support Lead Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses in full.

**B.     Request for Plaintiff Award**

13.     It is my understanding that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, concurrently with Lead Counsel's request for reimbursement of expenses, I respectfully request a Plaintiff award directly relating to my representation of the Settlement Class in this Action.

14.     I respectfully request reimbursement in the amount of $15,000 for the time that I devoted to participating in this Action. I make this request based on the

conservative estimate that I dedicated approximately 75 hours to the litigation-related actions described in ¶6, *supra*.

15.     I am a Cloud Security Architect Consultant possessing a Doctor of Information Technology focused on Information Assurance and Cybersecurity, and the time I dedicated toward representing the Settlement Class in this Action was time that I otherwise would have spent carrying out my responsibilities in that position or on other activities, and thus, represented a cost to me.  It is my belief that the above request for reimbursement is fair and reasonable and that the time and effort I devoted to this Action was imperative to help achieve an excellent result for the Settlement Class under the circumstances.

## IV.   CONCLUSION

16.     In conclusion, I strongly endorse the Settlement as fair, reasonable, and adequate. I appreciate the Court's attention to the facts presented in this declaration and respectfully request that the Court approve: (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, (ii) Lead Counsel's Motion for Attorneys' Fees, Expense Reimbursement, and Compensatory Awards to Plaintiffs; and (iii) my request for a Plaintiff award for my time and effort prosecuting this Action on behalf of the Settlement Class.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  11/10/2025

Michael J. Dennehy

6