# EXHIBIT 7

Docusign Envelope ID: 94E8D9E0-34A4-4C2D-A0F4-3543B3034A4C

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS, <br><br> Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

**DECLARATION OF MICHAEL EDGE IN SUPPORT OF (I) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSE REIMBURSEMENT, AND COMPENSATORY AWARD TO PLAINTIFFS**

MICHAEL EDGE, declares as follows:

1.    I, Michael Edge, am a Plaintiff and class representative on behalf of the Settlement Class Members in the above-captioned action (the "Action").[1] I respectfully submit this declaration in support of: (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (ii) Lead Counsel's Motion for Award of Attorneys' Fees, Expense Reimbursement, and Compensatory Award to Plaintiffs, including my request of a reimbursement award in the amount of $15,000 for my representation of the Settlement Class in this Action.

2.    I am aware of and understand the responsibilities and requirements of a representative plaintiff in a securities class action, including those defined in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. I have personal knowledge of the facts set forth herein, and I have been directly involved in overseeing the prosecution of this Action and the negotiations leading to the Settlement. If called upon as witnesses, I could and would testify competently to these matters.

## I.    PLAINTIFFS' OVERSIGHT OF THE LITIGATION

3.    I retained Pomerantz LLP ("Pomerantz") and on June 22, 2022, I filed the original complaint in this Action. ECF No. 1.

4.    By Order dated September 16, 2022, the Court: (i) appointed Ralph Estep

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Amended Stipulation and Agreement of Settlement dated July 21, 2025 (the "Stipulation"). ECF No. 160-2.

and Michael J. Dennehy Co-Lead Plaintiffs; and (ii) approved their selection of Pomerantz and Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Lead Counsel. ECF No. 29.

5.     On February 13, 2024, I and Lead Plaintiffs filed the SAC, adding original me as a named Plaintiff. ECF 105.

6.     On September 20, 2024, the Court granted Plaintiffs' motion for class certification, appointing me as a class representative. ECF 131. Also on September 20, 2024, Tupperware filed a suggestion of bankruptcy (ECF 130), triggering an automatic stay. Later on September 20, 2024, the Court vacated its order granting class certification in light of Tupperware's bankruptcy. ECF 131-132.

7.     In fulfillment of my responsibilities, I worked closely with Pomerantz throughout the litigation and resolution of this case.

8.     Throughout the litigation, I received status updates from Pomerantz on case proceedings and regularly communicated with my attorney Michael J. Wernke regarding the prosecution of the Action, the pleadings, discovery, the strengths of the claims and risks of continued litigation, and settlement negotiations.

9.     In carrying out my duties, I spent approximately 75 hours performing work for the direct benefit of the Settlement Class. The various tasks I performed include, but are not limited to:

    a.  producing my trading records and other documents to Pomerantz;

    b.  reviewing the original complaint, first amended complaint, and

2

second amended complaint filed in this Action and the factual bases of the allegations set forth therein;

c.  reviewing significant pleadings, motion papers, and orders filed in this Action;

d.  participating in discussions with Pomerantz regarding potential sources of discovery in preparation for responding to Defendants' requests for the production of documents and gathering documents to fulfill my discovery obligations;

e.  engaging in multiple thorough searches for potentially responsive documents in response to Defendants' 45 separate requests for the production of documents;

f.  providing written responses and objections to Defendants' requests for the production of documents;

g.  providing answers to Defendants' 14 separate interrogatories, and multiple reviews of drafts of my written answers and objections to same, including, ultimately, verifying the final answers;

h.  communicating with my co-Plaintiffs and Lead Counsel in advance of our joint motion for class certification;

i.  preparing a declaration in support of class certification;

j.  reviewing the motion for class certification, and papers in support thereof, filed in this Action;

k. preparing and sitting for my deposition;

l. communicating regularly with Pomerantz and each other concerning the progress of this Action and monitoring the news of the case and of the Company;

m. consulting with Pomerantz and each other regarding settlement negotiations and providing authorization to settle the Action through mediation; and

n. evaluating and approving the proposed Settlement.

10. In short, I have done my best to strongly promote the interests of the Settlement Class and to obtain the largest possible recovery for the Settlement Class under the circumstances.

## II. APPROVAL OF THE SETTLEMENT

11. As detailed in the above paragraphs, through my active participation in this Action, I was well-informed of the status and progress of the litigation, as well as the status and progress of the settlement negotiations.

12. Based on my involvement in the prosecution and resolution of the claims asserted in this Action, I believe that the proposed Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, expressly in light of the risks of continued litigation, and I fully endorse approval of the Settlement by the Court.

## III. LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSE REIMBURSEMENT

4

## A.    Attorneys' Fees and Expenses

13.    While I understand that the ultimate determination of Lead Counsel's request for an award of attorneys' fees, expenses and for a Plaintiff award rests with the Court, I believe Lead Counsel's request for an award of attorneys' fees in the amount of 33⅓% plus interest of the Settlement Fund is fair and reasonable in light of the work Plaintiffs' Lead Counsel performed on behalf of the Settlement Class.

14.    I evaluated Lead Counsel's fee request by taking into consideration the quality and quantity of the work performed, the recovery obtained for the Settlement Class, and the risks borne by Lead Counsel in prosecuting this Action on my behalf, my co-Plaintiffs, and the Settlement Class on a fully contingent basis, including the fronting of all expenses. I have authorized this fee request for the Court's ultimate determination.

15.    I further maintain that the litigation expenses for which Lead Counsel has requested reimbursement are reasonable and represent expenses necessary for the prosecution and resolution of the claims asserted in this Action. Based upon the foregoing, and consistent with my obligation to the Settlement Class to obtain the most favorable result at the most efficient cost, I support Lead Counsel's Motion for Attorneys' Fees and Expense Reimbursement in full.

## B.    Request for Plaintiff Award

16.    It is my understanding that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, concurrently with Lead Counsel's request for reimbursement

5

of expenses, I respectfully request a Plaintiff award directly relating to my representation of the Settlement Class in this Action.

17. I respectfully request reimbursement in the amount of $15,000 for the time that I devoted to participating in this Action. I make this request based on the conservative estimate that I dedicated approximately 75 hours to the litigation-related actions described in ¶9, *supra*.

18. The time I dedicated toward representing the Settlement Class in this Action was time that I otherwise would have spent carrying out other responsibilities or on other activities, and thus, represented a cost to me. It is my belief that the above request for reimbursement is fair and reasonable and that the time and effort I devoted to this Action was imperative to help achieve an excellent result for the Settlement Class under the circumstances.

## IV. CONCLUSION

19. In conclusion, I strongly endorse the Settlement as fair, reasonable, and adequate. I appreciate the Court's attention to the facts presented in this declaration and respectfully request that the Court approve: (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; (ii) Lead Counsel's Motion for Attorneys' Fees and Expense Reimbursement; and (iii) my request for a Plaintiff award for my time and effort prosecuting this Action on behalf of the Settlement Class.

I declare, under penalty of perjury, that the foregoing is true and correct.

6

Dated: _____11/11/2025_____

DocuSigned by:

_Michael Edge_

A0CE0A6680DE4F0...

Michael Edge