# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| MICHAEL EDGE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, and CASSANDRA HARRIS,<br><br>Defendants. | Case No. 6:22-cv-1518-RBD-LHP |

**REPLY MEMORANDUM OF LAW IN FURTHER IN SUPPORT OF (1) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSE REIMBURSEMENT, AND COMPENSATORY AWARDS TO PLAINTIFFS**

1

Court-appointed Lead Plaintiffs Michael J. Dennehy and Ralph Estep ("Lead Plaintiffs") and Plaintiff Michael Edge (with Lead Plaintiffs, "Plaintiffs"), individually and on behalf of all Settlement Class Members,[1] and Court-appointed Lead Counsel, Pomerantz LLP and Levi & Korsinsky, LLP, respectfully submit this memorandum in further support of (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (the "Final Approval Motion"); and (ii) Lead Counsel's Motion for Attorneys' Fees, Expense Reimbursement, and Compensatory Awards to Plaintiffs (the "Fee Motion"). *See* ECF Nos. 162, 162-1. This Reply is supported by the Supplemental Declaration of Jordan Broker Regarding: Notice Dissemination and Requests for Exclusion and Objections Received to Date. ("Supp. Epiq Decl."), attached as **Exhibit 1** to the Supplemental Joint Michael J. Wernke and Gregory M. Potrepka (the "Supplemental Joint Declaration" or "Supp. Joint Decl."), filed herewith.

The deadline for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, the proposed attorneys' fees and expenses, and the proposed PSLRA awards to Plaintiffs was November 28, 2025; the deadline to request exclusion from the Settlement Class was also November 28, 2025. In response to the dissemination of 17,899 Postcard

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings set forth in the Amended Stipulation of Settlement, dated July 21, 2025 ("Settlement Stipulation" or "Stip."). All emphasis is added and internal citations and quotations omitted unless otherwise noted. All references herein to "¶__" are to paragraphs of the Supplemental Joint Declaration, filed herewith, unless otherwise noted.

Notices to potential Settlement Class Members or their nominees, there have been zero requests for exclusion from the Settlement Class, and zero objections from Settlement Class Members to any aspect of the Settlement or proposed awards. Supp. Epiq Decl. ¶¶6, 8-9.

Accordingly, the reaction of Settlement Class Members to the proposed Settlement, Plan of Allocation, attorneys' fees and expenses, and awards to Plaintiffs strongly supports entering the proposed Order and Final Judgment, filed herewith, Supp. Joint Decl., **Exhibit 2**, approving the Plan of Allocation, and granting Lead Counsel's Fee Motion.

## I.    INTRODUCTION

Final approval is warranted because the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  The proposed Settlement resolves this Action in exchange for a cash payment of $21,750,000. As detailed in Plaintiffs' opening papers, the proposed Settlement is the product of lengthy arm's-length negotiations between experienced counsel, including a full day mediation with an experienced mediator and negotiations thereafter.

Plaintiffs and Lead Counsel believe that the Settlement is a favorable result for the Settlement Class in light of the significant risks posed by ongoing litigation (set forth in greater detail in the Final Approval Motion and Fee Motion), including risks related to proving the falsity of Settling Defendants' statements, scienter, loss causation, and damages at summary judgment and trial, the costs and delays of

continued litigation, and collectability of any judgment given Tupperware Brands Corporation's ("Tupperware") bankruptcy and wasting insurance policy.

The Settlement will be distributed fairly to Settlement Class Members under the proposed Plan of Allocation. Finally, the request for attorneys' fees of one third of the Settlement Fund is fair and reasonable in light of the recovery Lead Counsel obtained for the Settlement Class, the time and resources that Lead Counsel devoted to the litigation on a contingent basis with no guarantee of recovery, the substantial risks that Lead Counsel faced, and fees awarded in comparable cases.

Pursuant to the Court's Preliminary Approval Order (ECF No. 161), the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including disseminating notice of the Settlement to 17,899 potential Settlement Class Members and nominees. In response to this notice program, no Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees, expenses, and compensatory awards to Plaintiffs. In addition, no Settlement Class Member has requested exclusion. The overwhelmingly positive reaction of the Settlement Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees, expenses, and compensatory awards to Plaintiffs are fair and reasonable.

## II.   ARGUMENT

Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate that approval of the motions is warranted. The reaction of the Settlement Class, including the lack of any objections by Settlement Class Members, provides additional support for approval of the motions.

### A) The Robust Notice Program

Plaintiffs have satisfied all the elements of the notice program this Court authorized in the Preliminary Approval Order. Specifically, pursuant to the Preliminary Approval Order, the Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq") conducted an extensive notice program under Lead Counsel's supervision, designed to reach as many absent Settlement Class Members as practicable. This included disseminating the Long Notice and Proof of Claim (together, the "Notice Packet") and Postcard Notice, publishing the Publication Notice over a national newswire on October 3, 2025, establishing a settlement website www.tupperwaresecuritiessettlement.com, which provides copies of the Long Notice, Claim Form, and other information and documents, and establishing a toll free hotline to answer potential claimants' questions. *See* Declaration of Jordan Broker Regarding (I) Notice Dissemination; (II) Publication of Publication Notice; (III) Call Center Services and the Settlement Website; (IV) Requests for Exclusion and Objections Received to Date ("Epiq Decl."). ECF No. 162-3.

To date, Epiq has mailed or emailed 17,899 Postcard Notices to potential Settlement Class Members. *See* Supp. Epiq Decl., at ¶6. The Long Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed one third of the Settlement Fund, for litigation expenses not to exceed $700,000, and for compensatory awards not to exceed $50,000 in total to Plaintiffs. *See* Epiq Decl., Ex. A, at 1, 7. The Long Notice also advised Settlement Class Members of their right to object to the proposed Settlement, to the Plan of Allocation, and/or to the request for attorneys' fees, expenses, and compensatory awards to Plaintiffs, and to request exclusion from the Settlement Class. *See id*. at 5-7.

Following this notice program, not a single Settlement Class Member has requested exclusion. *See* Supp. Epiq Decl., ¶8. Similarly, not a single Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for fees, expenses, and compensatory awards to Plaintiffs. Lead Counsel did receive an email from one individual who asserted, without documentation, to have purchased Tupperware stock in 2016, approximately five years before the Settlement Class Period. Supp. Joint Decl., **Exhibit 3**. This individual (the "Objector") stated that he objected to the Settlement because he believed the process for submitting claims was not "easily understood or easily relatable" to the "common man." *Id*. The Objector did not object to the Settlement Amount, Lead Counsel's request for fees and expenses, or Plaintiffs' request for compensatory awards. *Id*.

5

Lead Counsel sent an email in reply explaining that the Objector did not appear to be Settlement Class Member and offered to discuss the matter further. *Id.* To date, the Objector has never replied to Lead Counsel. Supp. Joint Decl., ¶6. Further, upon receipt of the Objector's email from Lead Counsel, the Claims Administrator also reached out to the Objector but similarly has not received any response. Supp. Epiq Decl., ¶9.

This purported objection should be stricken/rejected for several reasons.

*First*, by the Objector's own assertion, he purchased Tupperware shares *prior* to the Settlement Class Period, therefore, he is not a Settlement Class Member and does not have standing to object. *See Association For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 473-74 (S.D. Fla. 2002) ("non-class members have no standing to object…to a proposed class settlement"). That the Objector lacks standing is consistent with Plaintiffs' alleged theory of damages: *i.e.*, that Settlement Class Members purchased Tupperware securities at a price which was inflated by Defendants' alleged misstatements. Since the Objector purchased before every alleged misstatement, he could not have purchased at an artificially inflated price. *See City of Bristol Pension Fund v. Vertex Pharms., Inc.*, 12 F.Supp.3d 225, 235 (D. Mass. 2014) ("a plaintiff who purchased stock prior to the alleged class period lacks standing") (citing *Gross v. Summa Four, Inc.*, 93 F.3d 987, 993 (1st Cir. 1996)).

*Second*, even if the Objector had asserted to have purchased shares during the Settlement Class Period, he has failed to provide the additional information as

6

required by the Preliminary Approval Order and as explained in the Long Notice. *See Collins v. Quincy Bioscience, LLC*, 2020 WL 7135528, at *4 (S.D. Fla. Nov. 16, 2020) (objector lacked standing where he failed to provide supporting documentation required by the preliminary approval order to establish he was a class member).

*Third*, his email to Lead Counsel was not the proper process for objecting as required by the Preliminary Approval Order and explained in the Long Notice, which required any objection to be filed with the Court and served on Defendants' Counsel and Lead Counsel. *See Ferron v. Kraft Heinz Foods Company*, 2021 WL 2940240, at *14 (S.D. Fla. July 13, 2021) (striking objection because the objector failed to comply with the procedural requirements set forth in the court's preliminary approval order); *Collins*, 2020 WL 7135528, at *4 (same); *Champs Sports Bar & Grill Co. v. Mercury Payment Systems, LLC*, 275 F.Supp.3d 1350, 1358 (N.D. Ga. 2017) (objection mailed to the settlement administrator instead of filed with the court and served on counsel as required by the preliminary approval order was not "properly before the court" and thus stricken, waived and forfeited).

*Fourth*, his objection that the claims process is difficult does not challenge the fairness or adequacy of the Settlement. *County of Monmouth, New Jersey v. Florida Cancer Specialists, P.L.*, 2020 WL 11272690, at *9 (M.D. Fla. Feb. 21, 2020) (overruling objection on the merits because the objector challenged only the court-approved administration process, not the fairness or adequacy of the settlement).

*Finally*, the Objector's email is factually incorrect and lacks merit. For example, although the Objector claims that the Proof of Claim was not "a fillable form" and needed to be printed and "fill[ed] in with pen and ink[,]" that is not accurate. Since its creation on September 26, 2025, the Settlement website has operated 24 hours per day and has permitted potential class members to submit Proofs of Claim electronically, should they choose to do so. Supp. Epiq Decl., ¶4. Notably, no other person or entity has objected to the claims process. Moreover, the Objector has not acted reasonably or diligently. Indeed, both Lead Counsel and the Claims Administrator attempted to contact the individual to discuss his objection and assist with any difficulties he was having, however, the individual never responded. Supp. Joint Decl., ¶6; Supp. Epiq Decl., ¶9. Accordingly, for all of the foregoing reasons, the Objector's facially invalid objection should be stricken or overruled.

**B) The Reaction of the Settlement Class Overwhelmingly Supports Final Approval of the Settlement and Plan of Allocation and the Motion for Attorneys' Fees, Litigation Expenses, and Compensatory Awards**

The reaction of class members to a proposed settlement, including the number of objections, is a significant factor in judging fairness and adequacy. The absence of any objections and or requests for exclusions strongly support a finding that the Settlement is fair, reasonable, and adequate. *See, e.g., Jairam v. Colourpop Cosmetics, LLC*, 2020 WL 5848620, at *7 (S.D. Fla. Oct. 1, 2020) ("Here, there were no objections filed to the Settlement. This lack of opposition weighs strongly in favor of the Court's approval . . ."); *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 10518902, at

*4 (S.D. Fla. Oct. 17, 2016) ("The overwhelmingly positive reaction of class members to a proposed settlement is a significant factor, and the absence of objections 'is excellent evidence of the settlement's fairness and adequacy.'"); *Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*, 2011 WL 13173025, at *11 (S.D. Fla. July 12, 2011) ("A lack of objections 'militates strongly in favor of the Court finding that the proposed settlement should be approved.'"); *Access Now, Inc. v. Claire Stores, Inc.*, 2002 WL 1162422, at *7 (S.D. Fla. May 7, 2002) ("The fact that no objections have been filed strongly favors approval of the settlement."); *Ressler v. Jacobson*, 822 F. Supp. 1551, 1556 (M.D. Fla. 1992).

It is particularly significant that no institutional investors—which held a substantial portion of Tupperware's publicly traded common stock during the Settlement Class Period—have objected to the Settlement. The absence of objections from these institutional investors, which have ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g., In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of

9

approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See, e.g., In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement").

Finally, the positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for attorneys' fees, litigation expenses, and PSLRA compensatory awards to Plaintiffs. The Eleventh Circuit has held that "whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel" is a factor that should be considered in determining the award of attorneys' fees. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991). The lack of any objections is evidence that the requested fee award, expense reimbursements, and PSLRA awards are fair and reasonable. *See In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, 2019 WL 2720818, at *1 (N.D. Ga. June 6, 2019) ("The lack of objection is a strong indicator that both the settlement agreement and Application [for attorneys' fees and expenses] are

10

reasonable and fair"); *In re Food Serv. Equip. Hardware Antitrust Litig.*, 2011 WL 13175440, at *4 (N.D. Ga. Dec. 28, 2011) ("The lack of objections to the attorneys' fee and expense award is evidence that the requested fee is fair"); *Pinto v. Princess Cruises Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("That this sizeable class did not give rise to a single objection on the fees request further justifies the full award"); *Strube v. Am. Equity Inv. Life Ins. Co.*, 2006 WL 1232816, at *4 (M.D. Fla. May 5, 2006) ("The lack of objections to a proposed fee award is itself important evidence that the fee arrangement is reasonable").

The lack of objections by institutional investors also particularly supports approval of the fee, expense, and compensatory award requests. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## III.    CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court enter the proposed Order and Final Judgment filed herewith approving the Settlement, and enter an order approving the Plan of Allocation and the Fee Motion.

Dated: December 11, 2025                    Respectfully submitted,

By:    */s/ Cullin Avram O'Brien*
       Cullin Avram O'Brien
       **CULLIN O'BRIEN LAW, P.A.**
       6541 NE 21st Way
       Ft. Lauderdale, FL 33308
       Tel: (561) 676-6370
       Email: cullin@cullinobrienlaw.com

       *Liaison Counsel for Plaintiffs and the Class*

       Shannon L. Hopkins*
       Gregory M. Potrepka*
       Morgan M. Embleton*
       P. Cole von Richthofen*
       **LEVI & KORSINSKY, LLP**
       1111 Summer Street, Suite 403
       Stamford, CT 06905
       Tel: (212) 992-4523
       Fax: (212) 363-7171
       Email: shopkins@zlk.com
       Email: gpotrepka@zlk.com
       Email: membleton@zlk.com
       Email: cvrichthofen@zlk.com

       Jeremy A. Lieberman*
       Michael Wernke*
       **POMERANTZ LLP**
       600 Third Avenue, 20th Floor

12

New York, NY 10016
Tel.: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: mjwernke@pomlaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel.: (212) 667-6484
Fax: (212) 667-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiff Ralph Estep*

**THE PORTNOY LAW FIRM**
Lesley F. Portnoy
1800 Century Park East Suite 600
Los Angeles, CA 90067
Tel.: (310) 6928883
Email: lesley@portnoylaw.com

*Additional Counsel for Michael Edge*

*\*pro hac vice* forthcoming or submitted

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2025, I electronically filed the foregoing document with the Clerk of Court CM/ECF, which will send notice of this filing to counsel of record.

*/s/ Cullin Avram O'Brien*
Cullin Avram O'Brien

14