**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL EDGE, MICHAEL J.
DENNEHY and RALPH ESTEP,

        Plaintiffs,

v.                                                                    Case No:   6:22-cv-1518-LHP

TUPPERWARE BRANDS
CORPORATION, MIGUEL
FERNANDEZ and CASSANDRA
HARRIS,

        Defendants

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

On June 14, 2022, Plaintiff Michael Edge instituted this action in the United States District Court for the Southern District of New York on behalf of himself and all others similarly situated, alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act"), against Tupperware Brands Corporation ("Tupperware") and executive officers Miguel Fernandez and Cassandra Harris. Doc. No. 1.[1]   The case was transferred to this Court on August 25, 2022.   Doc. Nos.

---

[1] As used herein, "Defendants" means Tupperware, Miguel Fernandez, and Cassandra Harris.  "Individual Defendants" means Miguel Fernandez and Cassandra

22-23.   Subsequent to that transfer, Plaintiffs Michael J. Dennehy and Ralph Estep were appointed joint co-lead plaintiffs, and the second amended complaint, filed on February 13, 2024, is now the operative pleading.   *See* Doc. Nos. 29, 105.   The second amended complaint alleges violations of Sections 10(b) (Count I) and 20(a) (Count II) of the Exchange Act for alleged material misrepresentations and omissions made by Defendants between May 5, 2021 and May 4, 2022.   Doc. No. 105, at 75-78.[2]

On September 20, 2024, Tupperware filed a suggestion of bankruptcy, and then-Presiding District Judge Roy B. Dalton, Jr., stayed the case as to Tupperware pursuant to the automatic stay provision of 11 U.S.C. § 362, and issued a discretionary stay as to the Individual Defendants.   Doc. Nos. 130, 132.   The Bankruptcy Court subsequently authorized the Individual Defendants to proceed with this case, and specifically to negotiate and effectuate a settlement.   *See In re Tupperware Brands Corp.*, No. 24-12156-BLS (Bankr. D. Del. Apr. 7, 2025) (Doc. No. 617) (order modifying automatic stay and authorizing payment of settlement fees).

Plaintiffs and the Individual Defendants engaged in mediation and ultimately negotiated a settlement.   On June 24, 2025, the parties consented to the undersigned's disposition of Plaintiffs' motion for preliminary class approval and

Harris.

[2] Page citations to the parties' filings refer to CM/ECF pagination.

all "[f]orthcoming motions for final settlement approval and fees and expenses." Doc. No. 155.   Judge Dalton thereafter referred this case to the undersigned "to conduct all proceedings and enter a final order" on those motions.   Doc. No. 156. On September 5, 2025, the undersigned preliminarily approved a class action settlement and certified a proposed class for settlement purposes.   Doc. No. 161; *see also* Doc. Nos. 153-154, 158, 160.

On November 13, 2025, Plaintiffs filed an Unopposed Motion for Final Approval of Class Action Settlement and Plan Allocation (Doc. No. 162), which was referred to the undersigned.   The undersigned held a Final Approval Hearing via the Zoom online platform on December 18, 2025, at which counsel for Plaintiffs and the Individual Defendants appeared.   Doc. Nos. 161, 165, 166.   During that hearing the undersigned noted that the parties were requesting the entry of a final judgement, for which the undersigned did not have jurisdiction, based on the limited consent previously entered.   *See* Doc. Nos. 155-156, 166.   The undersigned thereafter directed the parties to submit additional information regarding targeted issues, and to either file a fully executed Consent to United States Magistrate Judge Authority, or a notice of non-consent.   Doc. No. 169.

The parties submitted the requested information, and also filed a proposed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge.   Doc. Nos. 168, 172.   And on December 23, 2025, Judge Dalton approved the consent and the

- 3 -

case in its entirety was transferred to the undersigned.   Doc. No. 170.   As the undersigned was reviewing the parties' motion for final settlement approval and additional information, the undersigned realized that Tupperware remains in bankruptcy proceedings, that the case remains stayed as to Tupperware, which did not consent to the undersigned's jurisdiction, and therefore the undersigned became concerned as to whether the parties' consent was effective.    The undersigned requested supplemental briefing from Plaintiffs and the Individual Defendants on the issue.   Doc. Nos. 174-175.

In their joint supplemental briefing, Plaintiffs and the Individual Defendants explained that Tupperware filed a Chapter 11 Plan, which the Bankruptcy Court approved and became effective on June 10, 2025.   *See* Doc. No. 175, at 2; *In re Tupperware Brands Corp.*, No. 24-12156-BLS (Bankr. D. Del. May 9, 2025) (Doc. No. 701-1); *In re Tupperware Brands Corp.*, No. 24-12156-BLS (Bankr. D. Del. June 10, 2025) (Doc. No. 741).   The parties further explained that because the approved Chapter 11 Plan includes a provision stating that "Holders of Allowed Section 510(b) Claims shall not receive any distribution on account of such Claims, which will be cancelled, released, and extinguished as of the Effective Date, and will be of no further force or effect," Plaintiffs' claims against Tupperware in this case were now extinguished.[3]   Doc. No. 175, at 2-3; *In re Tupperware Brands Corp.*, No. 24-12156-

---

[3] The parties further agree that the claims in this case constitute Section 510(b)

BLS (Bankr. D. Del. May 9, 2025) (Doc. Nos. 701-1, at 29).   Accordingly, the parties submitted that no further action by this Court with respect to the claims against Tupperware was necessary.   Doc. No. 175, at 2-3.

Upon review of the supplemental briefing, the relevant orders from the Bankruptcy Court, and applicable precedent, the undersigned agrees with the parties that the claims against Tupperware in this case are now extinguished.   *See In re Tupperware Brands Corporation*, No. 24-12156-BLS (Bankr. D. Del. May 9, 2025) (Doc. No. 701-1, at 29).   *Cf. In re Winn-Dixie Stores, Inc.*, 639 F.3d 1053, 1056 (11th Cir. 2011) (holding that a confirmed reorganization plan should be accorded *res judicata* effect on any subsequent attempts to amend, and agreeing that "confirmation of a reorganization plan is equivalent to a final judgment in an ordinary civil action, which extinguishes the claim and substitutes for it a judgment, which defines the new obligations of the parties."); *First Nat'l Bank of Oneida, N.A. v. Brandt*, 887 F.3d 1255, 1260 (11th Cir. 2018) ("[A]s a result of confirmation and discharge, '[t]he initial claim filed by the creditor during the pendency of the case is dead, replaced by the new contractual obligation created by the creditor's treatment under the confirmed plan.' " (citation omitted)).

---

claims.   *See* 11 U.S.C. § 510(b).

In finding the claims against Tupperware extinguished, the undersigned turned to the question of the appropriate proceedings to bring this case to a final conclusion, and in recognition of the fact that Tupperware, at least at present, remains a party to this case and as such, the limits of the undersigned's authority. The undersigned therefore held another status conference on January 30, 2026. Doc. Nos. 176-177.   Based on the undersigned's discussion with counsel at the status conference, the undersigned directed the parties to either file a joint stipulation of dismissal of Tupperware pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that was signed by all parties, including Tupperware, or a motion to dismiss Tupperware pursuant to Federal Rule of Civil Procedure 41(a)(2).   Doc. No. 179.   The undersigned also directed the parties to file contemporaneously with any such filing a renewed consent to my jurisdiction.   *Id.*

On February 6, 2026, the parties filed a Stipulation of Dismissal of Tupperware Brands Corporation executed by all parties who have appeared in this case, including Tupperware, seeking Tupperware's dismissal with prejudice.   *See* Doc. No. 180; *see also* Fed. R. Civ. P. 41(a)(1)(A)(ii).   Later that day, Plaintiffs and the Individual Defendants filed a proposed consent.   Doc. No. 181.   The undersigned has reviewed both documents and finds that they were executed in compliance with all applicable Federal Rules of Civil Procedure and 28 U.S.C. § 636. And while a dismissal under Rule 41(a)(1)(A)(ii) is self-executing, given that the

undersigned does not, at present, have the authority to enter a final judgment in this case or take dispositive action as to Tupperware, the undersigned will instead respectfully recommend that the Court vacate the prior consent to my jurisdiction, lift the automatic stay as it pertains to Tupperware and dismiss Tupperware from this case, and thereafter approve the remaining parties' renewed consent so that the undersigned may complete all steps necessary for final approval of the parties' class action settlement.  *Cf. Burton v. Schamp,* 25 F.4th 198, 205-206, 209 (3d Cir. 2022) (holding that a magistrate judge can only acquire jurisdiction over a case by the consent of all parties who may be directly affected by an order or a judgment issued by the magistrate judge, and that this jurisdictional requirement cannot be waived by the parties).

The undersigned decided on this course of action because a § 362(a)(1) stay "does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding."  *See Freedom Med., Inc. v. Sewpersaud,* No. 6:20-cv-771-Orl-37GJK, 2020 WL 6701316, at *1 (M.D. Fla. Nov. 6, 2020) (citations and internal quotation marks omitted).  Rather, district courts "retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay."  *See Souza v. Reliable Pers. Servs., Inc.,* No. 6:07-cv-1908-Orl-19KRS, 2009 WL 5067665, at *2 (M.D. Fla. Dec. 15, 2009) (quoting *Picco v. Glob. Marine Drilling Co.,* 900 F.2d 846, 850 (5th

- 7 -

Cir. 1990) (citing *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986))). And "courts have found that the unilateral dismissal of a claim against a bankrupt [debtor] is not inconsistent with the terms of the stay because it assists rather than interferes with the goals of bankruptcy proceedings." *Souza*, 2009 WL 5067665, at *2 (collecting cases)). *See also Picco*, 900 F.3d at 850, n. 6 ("[w]e note that there is ample authority supporting the proposition that an order dismissing a creditor's action against the debtor is completely consistent with the provision of the automatic stay." (citation omitted)).

The undersigned finds that the dismissal of this action as to Tupperware is not inconsistent with the terms of the stay because dismissal would relieve Tupperware of claims that were extinguished in the Bankruptcy Court and will not create any additional costs or risks for Tupperware's creditors. *See Souza*, 2009 WL 5067665, at *2 (M.D. Fla. Dec. 15, 2009) (dismissing case with prejudice against debtor was not inconsistent with the purposes of the bankruptcy code and did not violate the automatic stay because the dismissal would not incur any additional cost or risk to the debtor or his creditors, and would instead improve the position of the debtor by removing a significant financial liability); *Cigna Healthcare of Georgia, Inc. v. Dl Inv. Holdings, LLC*, No. 23-62393-CIV, 2024 WL 6963260, at * 5 (S.D. Fla. June 11, 2024) ("Because dismissal of Count II would relieve [the debtor] from the expense of this litigation and preserve any assets that would be subject to a potential

recovery in proceedings supplementary for all creditors, . . . the Court finds dismissal of Count II is not inconsistent with the purpose of the automatic stay."). *See also PNC Bank, N.A. v. Sheive*, No. 6:13-cv-662-Orl-37KRS, 2014 WL 12628602, at *2 (M.D. Fla. Feb. 19, 2014), *report and recommendation adopted sub nom. PNC Bank, Nat'l Ass'n v. Sheive*, No. 6:13-cv-662-Orl-37KRS, 2014 WL 12631450 (M.D. Fla. Mar. 12, 2014) (noting that "courts have found that § 362 does not prevent them from dismissing cases against debtors pursuant to Federal Rule of Civil Procedure 41(a)." (collecting cases)).

Accordingly, it is **respectfully RECOMMENDED** that the Court:

1. **VACATE** its Order approving Plaintiffs and the Individual Defendants' prior consent (Doc. No. 170).

2. **LIFT** the automatic stay under 11 U.S.C. § 362, and **DISMISS** this action against Tupperware **with prejudice**, in light of the Stipulation of Dismissal of Defendant Tupperware Brands Corporation (Doc. No. 180).

3. **APPROVE** the Plaintiffs' and Individual Defendants' renewed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 181).

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives

- 9 -

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 25, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States District Judge Skip B. Dalton
Counsel of Record
Courtroom Deputy