**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL EDGE, MICHAEL J.
DENNEHY, RALPH ESTEP,

      Plaintiffs,

      v.                      Case No.:  6:22-cv-01518-LHP

MIGUEL FERNANDEZ,
CASSANDRA HARRIS,

      Defendants,

---

**ORDER AND FINAL JUDGMENT**
(And Direction to Clerk)

The procedural history of this Securities Exchange Act class action has been

set forth in detail in prior filings.  *See, e.g.,* Doc. Nos. 158, 160, 183.  As relevant here,

on July 31, 2025, Lead Plaintiffs Michael Edge, Michael J. Dennehy, and Ralph Estep

("Lead Plaintiffs"), on behalf of themselves and all other settlement class members

(collectively, "Plaintiffs"), and Defendants Miguel Fernandez and Cassandra Harris

entered into an Amended Stipulation of Settlement ("Amended Settlement").  Doc.

1

No. 160-2.[1]  On September 5, 2025, the Court preliminarily approved the Amended

Settlement, and certified a class for settlement purposes.  Doc. No. 161.[2]

On November 13, 2025, Lead Plaintiffs filed a Motion for Final Approval of

Class Action Settlement and Plan of Allocation, which is now before the Court.  Doc.

No. 162.  By the present motion, the parties now seek: (i) final approval of the

proposed Amended Settlement with payment of $21.75 million in cash for the

benefit of the Settlement Class in consideration for fully resolving all claims alleged

in this Action, (ii) final approval of the proposed Plan of Allocation, and (iii) final

certification of the Settlement Class.  *Id.* at 8.[3]  To the motion, Plaintiffs attach Lead

---

[1] This Order incorporates by reference the definitions set forth in the Amended Stipulation of Settlement.  *See* Doc. No. 160-2.

[2] Plaintiffs and Defendants Fernandez and Harris originally consented to the jurisdiction of a United States Magistrate Judge for all class settlement and class certification proceedings.  Doc. Nos. 153, 155-156.  During that time, Defendant Tupperware Brands Corporation ("Tupperware") was in Bankruptcy, and the case was stayed as to Tupperware.  Doc. Nos. 130, 132.  The Bankruptcy Court thereafter authorized Defendants Fernandez and Harris to proceed with settlement.  *See In re: TUPPERWARE BRANDS CORPORATION, et al.*, No. 24-12156-BLS (Bankr. D. Del. Apr. 7, 2024) (Doc. No. 617).  As such, settlement proceedings continued in this Court, and ultimately Tupperware was dismissed with prejudice from this case, upon confirmation of a Chapter 11 Plan as to Tupperware, which extinguished all claims against Tupperware.  *See* Doc. Nos. 175, 180, 183, 186; *see also In re Tupperware Brands Corp.*, No. 24-12156-BLS (Bankr. D. Del. May 9, 2025) (Doc. No. 701-1); *In re Tupperware Brands Corp.*, No. 24-12156-BLS (Bankr. D. Del. June 10, 2025) (Doc. No. 741).  Plaintiffs and Defendants Fernandez and Harris thereafter filed a renewed consent to the jurisdiction of a United States Magistrate Judge for all further proceedings, including the entry of judgment.  Doc. Nos. 181, 186-188, *see also* Doc. No. 183.  The undersigned now addresses final approval of the parties' settlement and entry of final judgment.

[3] All page references are to the CM/ECF pagination.

2

Counsel's Unopposed Motion for Attorneys' Fees, Expense Reimbursement, and Compensatory Awards to Plaintiffs, Doc. No. 162-1, which has now been filed as a separate motion and addressed in a contemporaneously-filed Order (Doc. Nos. 190-191), and other supporting documents.[4]  On December 13, 2025, Plaintiffs filed a Reply Memorandum of Law in further support of the final approval and attorneys' fees motions.  Doc. No. 163.[5]  In addition, on December 11, 2025, Defendants filed a Notice of Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), Compliance, Doc. No. 164, for which Defendants later provided supplemental briefing pursuant to the Court's request.  Doc. No. 172; *see also* Doc. No. 169, at 2.

On December 18, 2025, the Court held a Final Approval Hearing to determine: (1) whether the Amended Settlement should be approved as fair, reasonable, and adequate; (2) whether this case should be dismissed with prejudice

---

[4] The other attachments include: declarations by lead counsel in support of the final approval and attorneys' fees motions (Doc. No. 162-2); a claims administrator declaration, the postcard notice and notice packet, and proof of dissemination of public notice (Doc. No. 162-3); declarations in support of the attorneys' fees motions and chart summarizing the fee declaration information (Doc. No. 162-4); law firm resumes (Doc. Nos. 162-5, 162-6); declarations of the lead plaintiffs in support of the final approval motion and attorneys' fees motion (Doc. Nos. 162-7 to 162-9); and materials discussing trends in securities class action settlements in 2024 (Doc. No. 162-10, 162-11).

[5] To this reply, Plaintiffs attach a supplemental joint declaration by lead counsel in support of the final approval motion and motion for attorneys' fees (Doc. No. 163-1); a supplemental claims administrator declaration (Doc. No. 163-2); a proposed order (Doc. No. 163-3); and an email received from an objector (Doc. No. 163-4).  These attachments have all been refiled as attachments to the separate fees motion.  *See* Doc. No. 191.

pursuant to the terms of the Amended Settlement; (3) whether the proposed Plan of Allocation for the proceeds of the Net Settlement Fund is fair and reasonable and should be approved; (4) whether the application of Class Counsel for an award of attorneys' fees and litigation expenses, and for a compensatory award to Plaintiffs, pursuant to 15 U.S.C. § 78u–4(a)(4) directly relating to the representation of the Settlement Class should be approved; and (5) any other matters that may be properly brought before the Court in connection with the Amended Settlement. Doc. Nos. 165-166, 169; *see also* Doc. No. 161.  The Court discussed these issues with the parties at the hearing, and again noted the absence of any objections by any potential class member.  Doc. Nos. 165-166.  At the conclusion of the Final Approval Hearing, the Court directed additional briefing regarding a "Notice of Defendants' CAFA Compliance," as well as *in camera* review of a Confidential Supplemental Agreement, which the parties complied with, and the Court has now reviewed. Doc. Nos. 169, 172; *see also* Doc. Nos. 176-177.

The Court has now thoroughly reviewed the final approval motion (Doc. No. 162) and its attachments, the reply (Doc. No. 163) and its attachments, and considered all matters discussed and resolved in the Final Approval Hearing and subsequent proceedings.  And based on that review, the Court finds the motion (Doc. No. 162) well-taken.  *See In re Health Ins. Innovations Sec. Litig.*, No. 8:17-cv-2186-TPB-SPF, 2021 WL 1341881, at *3-10 (M.D. Fla. Mar. 23, 2021), *report and*

4

*recommendation adopted*, No. 8:17-cv-2186-TPB-SPF, 2021 WL 1186838 (M.D. Fla. Mar. 30, 2021); *Bellocco v. Curd*, No. 802-cv-1141T-27TBM, 2006 WL 4693490, at \*1-15 (M.D. Fla. Apr. 6, 2006);  *Spinelli v. Cap. One Bank*, No. 8:08–cv–132–T–33EAJ, 2010 WL 11475255, at \*2-5 (M.D. Fla. Nov. 23, 2010); *Blocher v. Landry's, Inc.*, No. 8:14-cv-3213-T-35JSS, 2019 WL 13591496, at \*1-2 (M.D. Fla. June 4, 2019); *Cothran v. Adams*, No. 8:23-cv-00518-CEH-CPT, 2024 WL 4416790, at \*1-3 (M.D. Fla. Oct. 4, 2024); *Davidco Invs., LLC v. Anchor Glass Container Corp.*, No. 8:04-cv-2561T24EAJ, 2007 WL 9624465, at \*1-2 (M.D. Fla. Mar. 16, 2007).[6]

Accordingly, it is **ORDERED** as follows:

1.	The Court finds that it has jurisdiction over the subject matter of this Action, Plaintiffs, all Settlement Class Members, and Defendants.

2.	Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Doc. No. 162) is **GRANTED.**

3.	The Court hereby affirms its determinations in the Preliminary Approval Order and finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are

---

[6] The parties have also requested an award of fees and expenses, as well as a compensatory award for Lead Plaintiffs.  Doc. No. 191.  The Court addresses that request in a contemporaneously filed separate order.

5

questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4.    The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons and entities who purchased or otherwise acquired Tupperware Brands Corporation ("Tupperware") Securities between May 5, 2021 and May 4, 2022, inclusive, and were injured thereby.  Excluded from the Settlement Class are: (a) the Settling Defendants; (b) members of the immediate families of the Settling Defendants; c) the subsidiaries and affiliates of the Settling

6

Defendants; (d) any person who is an officer, director or controlling person of Tupperware; (e) any entity in which any Settling Defendant has a controlling interest; (f) the Settling Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court are hereby appointed as Lead Counsel for the Settlement Class.

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice.  No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement

Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon, and no objections were filed.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

7.     The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class.  This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Settlement Class Members and the Settling Defendants.  The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8.     The Action and all claims contained therein, as well as all of the Released Claims, are **DISMISSED with prejudice** as against Settling Defendants and the Released Parties.  The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9.     Plaintiffs, on behalf of themselves and Plaintiffs' Released Parties, their

successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Person ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Parties.  Plaintiffs and Plaintiffs' Released Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Plaintiffs' Claims in any forum and in any capacity.  Plaintiffs and Plaintiffs' Released Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, in any capacity, against any of the Released Parties.  Nothing contained herein shall, however, bar Plaintiffs and Plaintiffs' Released Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

10.    Settling Defendants, and each of them, on behalf of themselves and Settling Defendants' Released Parties, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released,

9

relinquished, and discharged all Released Settling Defendants' Claims against Plaintiffs and any and all of Plaintiffs' Released Parties. Settling Defendants, and each of them, on behalf of themselves and Settling Defendants' Released Parties, shall be deemed to have, and by operation of this Order and Final Judgment shall have covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity.

11. To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Settling Defendants.

10

12.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

13.     The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

14.     Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them: (a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Settling Defendants, the Released Parties, or each or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Settling Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or

11

other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Settling Parties, Settling Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Settling Defendants, or the Released Parties, or each or any of them, that any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

15.    The Released Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation

12

and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

16. Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

17. Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18. Without further order of the Court, Settling Defendants and Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment. Accordingly, the Clerk of Court is **DIRECTED** to enter judgment

dismissing this case with prejudice pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

20.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Counsels' application for an award of attorneys' fees and expenses or an award to Plaintiffs.

21.     In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to March 7, 2025, pursuant to the terms of the Settlement Stipulation.

**DONE** and **ORDERED** in Orlando, Florida on April 7, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

14

Copies furnished to:

Counsel of Record