# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MICHAEL EDGE, MICHAEL J. DENNEHY, RALPH ESTEP,

Plaintiffs,

v. Case No.: 6:22-cv-01518-LHP

MIGUEL FERNANDEZ, CASSANDRA HARRIS,

Defendants.

## ORDER[1]

On September 5, 2025, the Court granted Plaintiffs' Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement. Doc. No. 161. *See also* Doc. Nos. 160, 160-2. And on April 7, 2026, the Court granted Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Doc. No. 162), finally certified a class for settlement purposes, and granted Lead Counsel's Unopposed Motion for Attorneys' Fees, Expense Reimbursement, and Compensatory Awards to Plaintiffs (Doc. No. 191). Doc. Nos. 192-193. Judgment was entered accordingly on April 9, 2026. Doc. No. 194.

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 181, 187.

Now before the Court, and as contemplated in the Court's prior order as well as Federal Rule of Civil Procedure 23(e), is Plaintiffs' Motion for Distribution of Class Action Settlement Funds, to which Plaintiffs attach various supporting materials. Doc. Nos., 196, 196-1. Defendants do not oppose. Doc. No. 196, at 10. Upon consideration of the motion and all supporting materials, the motion (Doc. No. 196) is **GRANTED.**

Accordingly, it is **ORDERED** that:

1. The administrative determinations of Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") are approved. *See* Doc. No. 196-1, at 1-19 (the "Declaration of Jordan Broker in Support of Lead Plaintiffs' Motion for Distribution of Class Action Settlement Funds" or "Broker Declaration"). Specifically, the Claims Administrator's determinations accepting claims for recovery that were timely and eligible (as set forth in Exhibit B-1 to the Broker Declaration) and late but otherwise eligible (as set forth in Exhibit B-2 to the Broker Declaration) are approved. *See* Doc. No. 196-1, at 23-80 (Exhibit B-1), 81-86 (Exhibit B-2). Likewise, the administrative determinations of the Claims Administrator rejecting those claims for recovery set forth in Exhibit B-3 to the Broker Declaration are approved. *See* Doc. No. 196-1, at 87-135.

2. Any person asserting claims filed after May 15, 2026 are finally and forever barred from asserting such claims.

3. The funds that are currently in the Net Settlement Fund (as defined at Doc. No. 160-2 ¶¶ 1.35, 6.2(v)) shall be distributed on a *pro rata* basis to the Authorized Claimants (as defined at Doc. No. 160-2 ¶ 1.1) as identified in Exhibits B-1 and B-2 to the Broker Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation set forth in the Notice,[2] as directed by the Court's Order and Final Judgment (Doc. No. 192).

4. The distribution plan for the Net Settlement Fund as set forth in the Broker Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF DISTRIBUTION." Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants in subsequent distributions, if such distributions are determined to be economically feasible.

---

[2] "Notice" means, collectively, the Notice of Pendency and Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Final Approval Hearing ("Long Notice") (Doc. No. 160-2, at 68-83); the Publication Notice (*id.* at 84-86); and the Postcard Notice (*id.* at 87-89), which were made available to Settlement Class Members. *See* Stipulation, Doc. No. 160-2 ¶ 1.16.

5. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to Claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis*.

6. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants (as

defined at Doc. No. 160-2 ¶ 1.3), whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Plaintiffs, Plaintiffs' Counsel (as defined at Doc. No. 160-2, ¶ 1.20), the Claims Administrator and its agents/employees, the Escrow Agent, (as defined at Doc. No. 160-2, ¶ 1.10), or any other agent retained by Plaintiffs or Plaintiffs' Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to them pursuant to the terms of this Order, provided that such released persons acted in accordance with the Stipulation, the Final Judgment, and this Order.

7. Payment to the Claims Administrator for the balance of its fees and expenses incurred in connection with work performed on behalf of the Settlement Class through the Initial Distribution is approved as set forth in the Broker Declaration and accompanying exhibits, in the total amount of $127,355.82. *See* Doc. No. 196-1, at 16, 136-58.

8. The Claims Administrator is authorized to destroy the paper copies of the Proofs of Claim (as defined at Doc. No. 160-2, ¶ 1.24), and all supporting documentation no less than one year after the distribution of the Net Settlement Fund. The Claims Administrator is also authorized to destroy the electronic copies

of the Proofs of Claim and all supporting documentation no less than one year after all funds have been distributed.

9. The Court continues to retain jurisdiction over this case in the manner set forth in the Court's April 7, 2026 Order. Doc. No. 192, at 13.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record